MONCURE, J.,
after stating the case, proceeded:
If the question were res integra, “Whether a deed of trust conveying all the property of a debtor for the benefit of such of his creditors as may within a specified time release him from all further claims; and providing that the surplus of the trust fund after satisfying the accepting creditors should be paid to the debtor, is valid against the creditors who do not accept?” I would be inclined to answer it in the negative. While the many cases on this subject are conflicting, I think the preponderance is against the validity of such a deed. The cases are collected in 1 American Leading Cases, p. 69-85. This Court however has decided in favour of the validity of such a deed; Skipwith’s ex’or v. Cunningham, 8 Leigh 271; and while I do not approve, I yet bow to the authority of that decision. That case expressly recognizes the distinction taken by Chancellor Kent in Seaving v Brinkerhoff, 5 John. Ch. R. 329, that to make such a deed valid it must convey all, and not a part only, of the debtor’s property. And as the deed in this case does not profess to convey, and did not in fact convey, all of the debtor’s property, it might be contended that the deed *was on that ground invalid. The property' however not included in the deed, was probably of small value, consisting, as appears from the schedule, of choses in action to the amount of 131 dollars 65 cents, an interest in lands lying in western Virginia, forfeited for nonpayment of taxes, three old stoves &c., and it would therefore perhaps be proper to say in this case, as was said in the case of Skipwith’s ex’or v. Cunningham, that “the deed essentially complies with the requirements of the law.”
But conceding that such a deed may be valid, it is certainly important to its validity that the creditors who claim the benefit of it should take no unfair advantage of the other creditors. The transaction in its very nature requires the utmost fairness in the dealings of the parties with each other. A debtor in' failing circumstances proposes to surrender all his property for the equal benefit of all his creditors who will release him from all further claims; and he executes and puts on record a deed for that purpose. His object is to obtain a release from all his creditors, and to .be disembarrassed in his future operations; and he offers, as the price of this relief, to make a full and fair surrender of all his property, and to place his creditors on the footing of equality, It is proper that his creditors should be notified of his offer a reasonable time before the expiration of the period limited for its acceptance, in order that they may obtain such information as will enable them to exercise their choice with' discretion. It is proper that the creditors should have an opportunity of acting in concert; and it is natural and reasonable that they should so act. In this case it was especially so; as, when the deed was executed, it was extremely doubtful whether it would be valid if accepted. The deed bears date the 12th of May 1837. The case of Skipwith v. Cunningham was decided at April term 1837. If decided at the date of the deed, the decision was not "then reported, and could only have been known to a very few. At that time many counsel would have advised that such a deed would be invalid; and all would have advised that its validity would at least be extremely doubtful. Whether such a deed would be invalid, or of doubtful validity, it would have been unwise in the creditors to accept it; for by accepting it they would have tied their own hands, and might have defeated the very object they had in view. In this case therefore there was a double motive for concert among the creditors; and accordingly the evidence shews that they did' act in concert; at least so far as to determine among themselves that they would not accept the deed. Durham proves that about ten days after the deed was executed, Mr. Crane a creditor, stated that he had examined the deed, was not satisfied with it, and did not consider it good for any thing; and proposed that another deed with different provisions should be executed. To this proposition Durham assented, and at Crane’s instance went to see the other creditors. The first he saw was Phippen, who approved the arrangement proposed by Mr. Crane, expressed his willingness to do whatever the other creditors thought most advisable, and declared that he would not sign the deed that had been admitted to record. After this express disclaimer of the deed by Phip-pen, it may be doubted whether he could retract his disclaimer and accept the deed. But certainly he could not do so without informing the other creditors in time to enable them to accept the deed within the 30 days.
Now if the claim of the schedule creditors stood alone upon the evidence of Durham, supported as it is by corroborating circumstances, I would regard it as not overthrown by the only countervailing evidence in the case, which is to be found in the answer of Phippen. It is contended that that answer is responsive to the bill and can only be overthrown by the evidence of *at least two witnesses, or one witness and corroborating circumstances. I do not consider that answer entitled to so much weight. It was not filed until about five years after the bill and the answer of Mieure, and four years after the depositions of Durham and Mieure were filed. In all of these documents it was ex *593 pressly charged or proved that Phippen, or Mallory & Phippen, had consented that the deed should be inoperative, and that they were guilty of a fraud in afterwards accepting the deed or attempting to set it up for their benefit against the other creditors. Such a charge if untrue should be promptly denied; and if the denial be long postponed, it must lose its weight in the same proportion. The answer too is brief and general, though the charge is full and specific. On the other hand the evidence of Durham is corroborated by the circumstance already stated, that what he proves might naturally and reasonably have been expected to occur; and by the further circumstance, that the conduct of the non-accepting creditors is almost inexplicable on any other hypothesis. They probably would not have remained quiet but for an agreement or understanding among all the creditors that the deed would not be accepted. But for such an agreement or understanding, it is hardly credible that (the debtor and creditors residing in Richmond where the deed was recorded), the debtor and non-accepting creditors, or some of them, would not have gone to the clerk’s office on the last of the 30 days to see if any of the creditors had signed the deed.
But the claim of the schedule creditors does not stand alone on the evidence of Durham, supported as it is by corroborating circumstances. Mieure proved that some days previous to the last day upon which, according to the terms of the deed, the creditors had a right to sign it, all the creditors therein named, as deponent believed, and certainly Mallory & Phip-pen, *determined not to accept the deed, but to suffer it to be inoperative by the expiration of the 30 days without signing the same. Deponent was confident that this was the understanding and agreement among all the said creditors.
Now here are two witnesses positively testifying to a fact which is decisive of this case, to wit, the fact that within the 30 days the creditors, and certainly Phip-pen, agreed not to accept the deed, and if the answer of Phippen had denied this fact in the most positive and explicit terms, and were entitled to all the weight to which an answer can be entitled, it would be insufficient to resist the force of the concurring testimony of these two witnesses.
But Mieure proved another fact which is decisive of this case, to wit, that he and Mallory signed the deed with the express understanding and agreement, that, if carried out by a sale of the property therein mentioned, it should enure to the benefit •of every creditor who should think proper to take under the same, in the same manner and to the same extent as though they had also on that day signed said deed. What evidence is there in the case to disprove this decisive fact thus proved by the evidence of Mieure? Not a particle, unless the deposition of Mallory, which will be presently noticed, be considered as evidence in the case. It is true that Phippen in his answer denies that Mallory accepted and signed the deed in the manner and upon the terms set forth in the bill. But that denial was not made on the personal knowledge of Phippen ; and if made on any information at all, such information must have been derived from Mallory. The denial therefore is not evidence; and certainly cannot weigh down the evidence of Mieure.
It will not do for Mallory to say that Phippen could not bind him by agreeing not to accept the deed. Nor for Phippen to say that Mallory had no right “to renounce *the said deed for the firm, and to surrender without consideration valuable in law, the rights of the firm under the deed.” If these parties were right in saying that one could not bind the other, yet certainly each could bind himself, and as each did bind himself by agreeing to that which is decisive against the claim of the firm, therefore the firm is as much bound as if they had both expressly agreed not to accept the deed, or to accept it for the benefit of all the creditors. But I apprehend they are not right in so saying ; and that the said several agreements of Mallory & Phippen for the firm, are binding on the firm and each member of it.
Durham and Mieure are both competent witnesses. Durham is disinterested; and the interest of Mieure is against his testimony.
But it is contended that the Court below erred in overruling the motion of Mallory & Phippen to continue the case, in order that they might have the benefit of the deposition of Mallory, which they were in daily expectation of receiving, and also in overruling their motion to set aside the decree after said deposition was returned.
The suits were instituted in 1837. The charges made in the bill of the schedule creditors were of such a nature as to render it proper that if they could be disproved by Mallory, his deposition should be taken and filed without any unnecessary delay. He was at that time in Richmond; for in November 1837, the subpoena was returned executed upon him. When he left Richmond or the state, does not appear; nor is there any trace in the record of any effort to take his deposition until March 1843; six years after the filing of the bill; when the suits were continued on the motion of Mallory & Phippen, and on the affidavit of Phippen that he had in the preceding December, sent the necessary papers to St. Douis, Missouri, for the purpose of taking ^Mallory’s deposition, but that they had miscarried, and therefore the deposition had not been taken. At the next term, to wit, on the 28th of June 1843, when the suits were again called for hearing, Mallory & Phippen moved for another continuance for the same cause, and the Court overruled the motion. It seems to me that without accounting for the great apparent default which had occurred in not taking the deposition before, Mallory & Phippen had no right to have the *594 trial of the suits longer delayed on that ground, and that the Court, in its discretion, might properly overrule the motion. ■ But let us consider the deposition as in the case; and enquire first whether it be competent evidence, and secondly what is its effect, if competent. First, is he a competent witness? He certainly is not, unless he be rendered so by a release or assignment of his interest, and there is no evidence in the record of any such release or assignment, or that his interest which certainly once existed,, has ever, in any manner, been extinguished. The only allusion to the subject of his interest is contained in the affidavit of Phippen before referred to, in which he saj^s, “that the said Mallory has now no interest in them (the suits) whatever, his whole interest having been long since transferred to this affiant” &c. But this is certainly not sufficient to disprove his interest. Secondly, suppose that he is a competent witness, what is the effect of his evidence? It might be supposed to be .unnecessary to answer this question; supposing the witness to be incompetent, as he undoubted^' is, on the record as it now stands. But it is to be remembered that the deposition of Mallory was not filed, and the exception to the competency of the witness taken, until after the dismission of the bill of Mallory & Phippen. Mallory may in fact have no interest in the controversy, as is stated in the affidavit of Phippen before mentioned; and the fact that he has none, may have been, or may yet be, proved in the suit of the ^schedule creditors, which is still pending in. the Court below. In this view of the case it becomes important to answer the question as to the effect of Mallory’s evidence, supposing him to be competent; and I will therefore now proceed to do so. He testifies under very unfavorable circumstances. In 1837 when the deed was executed and the transactions connected with it were all fresh, a full and specific detail of them was made in the bill of the' schedule creditors, and' the answer of Mieure to the bill of Mallory & Phippen, and the conduct of Mallory was thereby deeply implicated. He never answered the charges made against him; and never gave his deposition in the suits until June 1843, six years after the suits were instituted; when his deposition was taken in Missouri. The deposition is equivocal and unsatisfactory; and under the circumstances can have little weight against the testimony of a witness testifying against his interest and at a time when the transactions to which the testimony relates were all fresh in the memory of the witness. But ■ admit the statement of Mallory to be strictly and literally true; and what does it show? ‘ ‘I recollect” says the witness, “that in the month of June 18371 went in company with Thomas Mieure from the Bank of Virginia to the Hustings court office, and then and there each of us in each other’s presence, signed the deed made bjr Durham, as I before referred to; and the said Mieure remarked at the same time that he should not avail himself of its benefits to the exclusion of other creditors, but merely signed it so as to make the same binding on the said Durham. I did not give my assent to that or any other remark which went to show that I signed it for the same purpose.” But did he express his dissent to that remark of Mieure? He does not say that he did, as he certainly would have said, had the fact been so. Then when the remark was made by Mieure, Mallory according to his own admission was silent: And his silence was *either designed to give consent, or to induce Mieure to believe that he consented, and prevent him from informing the other creditors. For Mallory must have known that if he had given the slightest intimation of dissent Mieure would have at once informed the other creditors, so that they might by signing the deed in time, defeat the object of Mallory and accomplish that of Mieure. If the silence of Mallory was designed to give consent, then Mallory & Phippen are bound by such consent. If it was designed to deceive Mieure, it was a fraud which can give Mallory & Phippen no advantage over the other creditors.
If therefore the case stood alone upon the statement of Mallory, .that statement would be fatal to the pretensions of Mallory & Phippen to the whole of the trust-fund in exclusion of the schedule creditors.
The great difficulty I have had in this case, has been in . determining whether Mallory & Phippen should be .allowed to participate at all in the distribution of the fund.
In attempting to secure to themselves the benefit of the deed of trust in exclusion of the schedule creditors, they attempted to perpetrate a fraud. They came into a Court of equity with unclean hands; and one of the established maxims of that Court required it, I think, to dismiss their bill; “for the Court will never assist a wrongdoer in effectuating his wrongful and illegal purpose.” 1 Story’s Equ. Jur. ? 64, e. But it must be remembered that the schedule creditors also came into a Court of equity; and though they came in with clean hands, yet they came asking equity. And another maxim of the Court, one which, of all others, it perhaps most delights to enforce, certainly most often enforces, declares that “he who asks equity must do equity.” Then the question is, Is there any equity which these schedule creditors should be required to do to the accepting creditors, as the price of that equity which is "'demanded by the former? I think there is. The deed of trust was not in itself fraudulent; and was accepted by Mieure, if not Mallory also, with the understanding that it should enure to the benefit of all the creditors. They seem therefore to have acquired a legal advantage, and to have some equity. And the schedule creditors cannot deprive them of that legal advantage without the aid of a Court of equity; and cannot obtain that aid without doing equity. But what *595 is the measure of that equity? Certainly not the payment of the whole of the claims of the accepting' creditors; for that would exhaust the whole trust subject, and be against the understanding with which the deed was accepted, besides giving effect to the unlawful purpose to which Mallory & Phippen afterwards sought to pervert their acceptance of the deed. The answer to the question is given by another maxim of the Court, that “equality is equity;” or, as it is sometimes expressed, “equity delighteth in equality.” 1 Story’s Equ. Jur. I 64, f. The application of this maxim to the case will carry into effect the understanding with which the deed was accepted, and will do equal justice to all the creditors.
But a question still remains to be answered, and that is, whether the creditors shall be required to release their debtor Durham from all further claim on account of the debts due them after the fund aforesaid shall have been exhausted in the payment of said debts, according to a provision to that effect in the deed? With all deference for the opinions of those of mjr brethren who differ in opinion with me on this question, I think the creditors should not be so required. To require them to do so, would be to give effect to the deed against the express agreement of all the creditors that it should be ineffectual; would be to take away from the schedule creditors rights acquired by legal diligence, without any necessity whatever for so doing. All that the accepting creditors can require is, to be allowed to ^participate pro rata in the distribution of the fund. When that is accorded to them, why should any other terms be imposed on the schedule creditors? Why should they be required to release the debtor? The accepting creditors will not be benefited by the lease of the debtor. Their interest is the other way. The schedule creditors ask no equity against the debtor: against him their rights both at law and in equity are complete. He not only has no equity, but demands no equity in the case, ñe is defendant in both of the bills, and answers neither of them. According to the pretensions of Mallory & Phippen, they and Mieure would get the whole trust fund and release the debtor, while the entire claims of the schedule creditors would be left unsatisfied and liable to be enforced against him. According to the pretensions of the schedule creditors they would get the whole trust fund, leaving the balance of their claims, and the entire claims of the accepting creditors, or at least of Mallory & Phippen, unsatisfied and liable to be enforced against the debtor. In this conflict of pretensions the debtor has no legal or equitable interest, and claims none. In his deposition he maintains the pretensions of the schedule creditors, which leave him bound for the entire amount of the claims against him after applying the trust fund to their payment. The only question is whether the schedule creditors should get all under their execution liens, or allow the accepting creditors to participate with them. These two' classes of creditors are alone interested in the solution of this question. It is a matter of indifference to the debtor whether the balance due by him after the application of the trust fund be due to one class or other of his creditors. Why then should a release be required of the creditors? Why should this measure of relief be forced upon a debtor not seeking it? Not entitled to it according to his own evidence in the case?
I am for giving no effect whatever to the deed of trust except *to the extent of affording an opportunity to a Court of equity for the application of its favourite maxims, that “he who asks equity must do equity,” and “equality is equity,” and it is with great difficulty that I go even to that extent in this case.
The Court below in dismissing the bill of Mallory & Phippen did not intend to decide that they were not entitled to participate in the distribution of the fund, but reserved that question for future decisions in the suit of the schedule creditors. In that suit, to which all the parties to this suit are defendants, the fund can, and ought I think, to be apportioned pro rata among all the creditors.
I am for affirming the decree.
DANIEE, J.
I have not been able to discover anything on the face of the deed out of which this controversy has arisen, or in the history of the case, from which to draw the conclusions that the said deed is fraudulent in fact or in law. The right of a debtor, in making a deed of trust upon all of his estate for the benefit of his creditors, to insert in the deed the condition that all who should accept its provisions should release him from all further demand on account of the debts secured, was recognized by this Court in the case of Skipwith’s ex’or v. Cunningham, 8 Leigh 271; and reason and authority are there furnished for the distinction made between the conveyance of the whole and the conveyance of part only of the debtor’s property upon such condition.
There is, I think, nothing in the case from which to infer that the deed made by Durham originated in any purpose or design to conceal from his creditors or secure to himself any portion of his property. It is true that the schedule rendered by him on taking the oath of an insolvent debtor, contains a list of small debts due to him, and a few articles of personal property of trifling *value not mentioned in his deed. There is no proof however that these debts existed, or that he owned these articles of property at the date of the deed. And if such proof existed, or the probability of the existence of the fact is to be inferred from the short space of time that elapsed between the date of the deed and the time of surrendering the schedule, it would, in the absence of all other evidence of fraud, and in view of the inconsiderable value of the subjects in question, be harsh, I think, to refer the failure to embrace them *596 in the deed to any dishonest purpose on the part of the grantor. The charitable and fair presumption is, that he omitted them from forgetfulness, if indeed he was the owner'of them when he made the deed.
The deed may therefore be justly treated as one devoting the whole of the debtor’s property to the demands of his creditors, and the objection made on the condition which it imposes on the creditors, is answered by the decision of this Court in the case above cited. The deed is, I think, unassailable on this ground or on any other so far as the grantor is concerned; and the Circuit court erred in dismissing the plaintiff’s bill on the ground that the deed was fraudulent and void. The conduct of the plaintiffs has however been such as, in my opinion, to debar them of all claim to the interference of the Court of equity to enforce, at their suit, any right which they acquired by virtue of their having signed and accepted th,e deed within the time prescribed. They and Mieure only of the creditors having executed the deed, stand according to its provisions as preferred creditors, and entitled to appropriate the whole of the trust fund, if necessary, to the satisfaction of their debts. The testimony taken in the suit of Stevens and the other schedule creditors, however, discloses the fact that the deed was signed by Mieure, and by Mallory, in the name of Phippen & Mallory, with the express understanding that the deed should enure to «the benefit of all the creditors as fully as if each of the others had also signed the deed. Phippen & Mallory now repudiate this understanding, and avail themselves of their- position to claim for themselves and Mieure the whole of the trust fund to the exclusion of the other creditors. This conduct, taken in connection with the fact disclosed in the testimony of Mieure, that Mallory had proposed to him that they should sign the deed and claim the benefit of it to the exclusion of the other creditors; and only consented to the understanding above mentioned upon being warned by Mieure, that if he did not the other creditors should be notified of his course, and thus have an opportunity also of signing the deed, furnishes, I think, sufficient proof that the use now sought to be made of the deed by Mallory was one contemplated by him at the time he became a party to it. Such being the origin and nature of their claim, Phippen & Mallory, as plaintiffs in a Court of equity, were, in my opinion, entitled to no aid or relief whatever; and the Chancellor, for the reasons I have stated, did right, I think, in dismissing their bill. Whether their position as defendants in the suit brought by the schedule creditors will so far avail them as to give them the right to insist that they shall not be compelled to yield their place in the deed, except on the condition of being allowed to receive, according to the understanding with Mieure, their pro rata share of the fund, is a question reserved by the Chancellor for a future adjudication, which I do not wish to anticipate by any expression of opinion further than what has been rendered necessary in passing upon their rights in their own suit. As yet no step has been taken in either branch of the proceedings of which the appellants have, in my opinion, any right to complain ; and I am for affirming the decree.
«BALDWIN, J.
This is an appeal from a joint decree, rendered in two suits embracing the same subject and involving the same controversy, and heard together without objection: and the appeal has therefore brought up both causes for adjudication here. In one of them, that first instituted, Mallory & Phippen are the plaintiffs; and in consequence of the omission as defendants of all the creditors secured by the trust deed in question, except Mieure, the merits of the controversy are not fully developed in that suit. But in the other, brought by nearly all the creditors secured by the deed very shortly after the first, the merits of the controversy have been fully developed, by the pleadings, proceedings and proofs, between the proper parties. It is not to be supposed for a moment that it would be proper, from separate and unconnected views of the two cases, to render a decree repugnant and conflicting in itself in regard to the rights of the parties and the relief consequent thereupon. We must therefore, of necessity, look in the first place to the suit in which the merits have been fully developed, for the consideration and determination thereof, and the result will then designate the disposition to be made of the other case.
In Virginia the principle is established that a deed of trust made by a debtor conveying his property for the security of creditors, which is in all other respects fair and bona fide, is not to be treated as fraudulent because it imposes upon the creditors intended to be secured the condition of releasing to the grantor so much of their respective demands as may remain unsatisfied after the application thereto of the proceeds of the trust subject, and requires of them their acceptance of the provisions of the deed within a given time. Skipwith’s ex’or v. Cunningham, 8 Leigh 271. The effect of such a condition is to give the whole benefit of the trust to the creditors who comply with it, to the exclusion of «those who fail to do so within the prescribed period. It has somewhat the nature of a forfeiture, and there ought to be perfect fairness and good faith on the part of the creditors seeking to avail themselves of it. If therefore some of the creditors, with the design of excluding the rest, resort to false representations or other deceptive arts, by which the latter are surprised or deluded, and so prevented from acceding to the terms proposed in the deed, such misconduct furnishes a proper ground for relief in a Court of equity.
I think it appears from the record, that by common understanding and agreement *597 amongst the creditors, including the defendants Mallory & Phippen, it was determined, in consequence of apprehensions entertained in respect to the validity of the deed, that none of them would become parties to the instrument, but that the same should be suffered to become inoperative, by their failure to affix their signatures within the prescribed period of thirty days; that in conformity with this understanding and agreement the deed was not signed by any of the creditors, with the exception of Mallory & Phippen, and the defendant Mieure; that within a day or two before the expiration of the time limited, Mallory and Mieure went together to the clerk’s office where the deed was deposited and recorded, and then and there signed the same, the latter individually, and the former for himself and his partner Phip-pen ; that Mieure acted for the honest purpose of preserving to the creditors in general intended tó be secured by the deed the benefit of its provisions, by admitting them to a participation therein; and Mallory for the dishonest purpose, and with the preconceived design, of taking the other creditors by surprise, excluding them from all resort to the property, and appropriating it to the satisfaction of the debt due to himself and partner; and that Mallory accomplished his purpose by taking advantage of the general delusion and general expectation of *the creditors to which he had contributed, by lying by until it was too late to warn the other creditors, unless by the vigilance and diligence of Mieure; and by quieting the latter, (who had indignantly rejected a proposition to become his confederate, and threatened to rouse the other creditors,) by consenting to concur with him in admitting them to participation in the benefits of the trust.
These facts, I think, are established by the deposition of Mieure, of whose competency there can be no doubt, his evidence being directly against his own pecuniary interest, which, like that of Mallory, is to exclude the other creditors from all participation in the trust subject. The testimony of Mieure is strongly corroborated and sustained by the deposition of Durham, if the latter be a competent witness, which is a question of some difficulty, from the peculiar nature of the case. It is a question which I do not deem it necessary to consider, and I shall therefore not rely upon the evidence of Durham, but treat Mieure as the only witness for the plaintiffs.
The credibility of Mieure is quite obvious, and the weight of his testimony is not impaired bj the rule of evidence that requires a responsive answer, negativing allegations of the bill to be overcome by two witnesses, or one witness and corroborating circumstances. The rule is not applicable to a case like this, in which the respondent does not speak from his personal knowledge. The answer though purporting to be that of Mallory & Phippen, is in fact the answer of Phippen alone; and was sworn to and filed by him only, and not by Mallory, against whom the bill is taken for confessed. It is a sweeping answer putting in issue by denial general allegations of the bill, but evading the details therein set forth in regard to the misconduct of Mallory, as to which the respondent Phippen knew nothing personally, though seeking to avail himself of *it, and in regard to which he does not undertake to express any knowledge or even belief.
The veracious testimony of Mieure is therefore sufficient in itself, and I need not even refer to the circumstances of the case by which it is corroborated. In regard to the deposition of Mallory, one of the plaintiffs, filed after the rendition of the decree, if the matter of it were entitled to any weight, it is so obviously irregular and incomper tent, that in my view of the case it would be waste of words to make any remarks upon it.
It seems to me clear that the plaintiffs are entitled to relief within the scope of the allegations of their bill, but not to that specifically designated in the bill, which seeks to set aside the deed of trust altogether, and enforce their supposed rights as schedule creditors subsequently acquired when Durham took the oath of insolvency. But that relief would, I think, be improper, the sound objections being not to the validity but the abuse of the deed, which was regularly accepted by both Mieure and Mallory, and avowedly with the view of admitting the other trust creditors into participation with them of its benefits. The purpose of Mieure was bona fide, and though that of Mallory was not so, it may be treated as if it had been; and it cannot be doubted that it was competent for them to waive any exclusive advantage to themselves, and constitute themselves trustees for the other creditors intended to be secured. To abrogate the deed would be wrong and injurious in regard to some of the trust creditors, who were not also schedule creditors, including Mallory & Phippen, and against them the plaintiff are entitled to relief only upon the condition of doing equity, according to the well established rule which operates in favour of wrong doers, however iniquitous and fraudulent their conduct may have been. It would be improper also in *respect to Durham, against whom the trust ought to be carried out upon the prescribed condition of his being released from the demands of the creditors so far as unsatisfied by the application of the trust subject.
Mallory & Phippen, for the reasons already stated, are not aggrieved by so much of the Chancellor’s decree as dismisses their bill with costs, that being the legitimate consequence of a decision against them upon the merits in the other suit, in which any equities on their part are reserved for the final decree, by which complete justice may be done all round amongst the parties. It is true the reason for dismissing the bill of Mallory & Phippen is stated to be that the deed of trust is fraudulent and void; *598 but the presumption is that the Chancellor had in mind the fraudulent operation sought to be given to the deed, and he did not mean to treat the provisions of the deed as nought, directly in the teeth of the express decision of this Court in the case of Skip-with’s ex’or v. Cunningham.- And however this may be, the decree is merely interlocutory, with the proper reservation, and we are not to anticipate that it will be carried out by the final decree upon erroneous principles.
I think there is no error in the decree to the prejudice of the appellants, and that it ought to be affirmed.
AIvClilN, J.
The case of Skipwith v. Cunningham has affirmed the right of the debtor conveying all his property for the benefit of his creditors, to exact a general release from the creditors accepting the provisions of the deed, as the condition on which they shall participate in the fund provided. The deed in this case cannot be assailed on that ground; nor is there any evidence of actual fraud in its execution. The evidence however, I think, shews that there' was an understanding on the part of the creditors, including the appellants, that the proceeds of the property embraced in the trust ^should be applied to the payment of all the debts named in the deed in the same manner as if all had signed it. The appellants therefore have been guilty of the fraudulent attempt to acquire an unfair advantage over the other creditors, in the effort to exclude them from the benefits of the deed. Still it seems to me the Court below erred in dismissing the- bill filed by the appellants to enforce the execution of the deed. Though the case came on for hearing together with the bill filed by the judgment creditors to impeach the deed for fraud, there was no necessary connection between the causes. The decree dismissing the bill is a final adjudication against the appellants. Mallory & Phippen are not judgment creditors. Their whole claim to satisfaction of their debt, or any part of it, out of this property, rests upon the deed, and this the Court by its decree declares to be fraudulent and void, and therefore dimisses the bill. If this decree stands, of what avail is the instruction of the Court in the case of the creditors directing the commissioner to make alternative apportionments of the fraud amongst the creditors, one embracing, the other excluding the debt of Mallory & Phippen? Resting as they must do on the deed alone, and that being adjudged in so many words to be fraudulent and void, it is difficult to perceive how they can be let in to participate in the fund. The general creditors claim, not under but against the deed; they assert their legal lien; and when by the decree in the case of the appellants the deed is put out of the way as utterly void, the property must of necessity be distributed amongst the creditors at whose' suit the debtor has taken the insolvent oath. Considering the deed as valid, and that the conduct of the appellants in asserting an exclusive claim to the benefits of it, though improper as it regards the other creditors, could not avoid the deed or do away with the effect of an acceptance of its provisions, it only remained for the Court to carry into *execution the agreement and understanding of the parties; and to apply the proceeds to the debts named, in the same way as if the creditors had signed it. If they had signed they would have released their debtor for the residue of their debts. This has been done by Mallory & Phippen.
The debtor having made a fair dedication of his property upon terms which the law justified him in imposing, has a right to insist upon a release from all • who claim to participate. And the fund should have been divided between the creditors who have signed and such of those named in the deed as may agree to the terms prescribed. Such a distribution of the trust fund can only be made in the suit instituted by Mallory & Phippen to execute the trust; and would be totally inconsistent with the case made by the general creditors, who rely on their legal lien alone; and repudiate the deed. And it would present a most anomalous case, were the Court, after a solemn decree declaring the deed fraudulent and void in a suit brought to enforce it, to proceed in a suit brought to impeach it, to distribute the trust fund as though the deed were a'valid security.
The rule that the party to entitle himself to relief must appear with clean hands, cannot be applied to this case without injustice to others as well as the appellants, the plaintiff is in the Court below. The deed if valid divested the debtor of his property and vested it in the trustee for the benefit of the creditors who signed within the period prescribed. The signatures of Mallory & Phippen and Mieure imparted vitality to the deed; and the fund could only be administered by the trustee or under the direction of a Court of equity. When therefore the trustee declined to act, a Court of equity was constrained upon the application of any party interested to interpose and protect the fund. And its jurisdiction having once attached it must go on to dispose of *the subject according to the rights of the parties. The bill was not filed to set up a fraudulent deed, that is conceded to be good and valid; the claim therefore as preferred by the bill was proper, and the objection goes, not to the validity of the deed, but to the extent of the rights of the creditors named, as modified by the understanding and agreements amongst them. This therefore is nothing more than the ordinary case of a party who has rights proper to be enforced in a Court of equity, claiming more than the proof shews him entitled to. The Court in such cases may, in the exercise of its discretion, subject the party to costs; but it cannot refuse relief of some kind. This will appear more clearly if the case is viewed by itself and without reference to *599 the bill filed by the creditors after the institution of the suit by Mallory & Phippen. Could the Court if that were the sole case pending, have dismissed the bill after its jurisdiction had attached and it had actually taken possession of the trust fund? It must of necessity go on to dispose of the fund; if the deed is sustained it could not be restored to the debtor for he had parted with all rights to it. Nor would it be proper to place it in the hands of the trustee, even if as in this case he had not declined to act. Nothing would remain for the Court to do but to enquire into the rights of the parties and to distribute the fund accordingly. A dismissal of the bill would have been erroneous in the case supposed, and there does not seem to be any distinction between that and the case before us. But in this case the error is aggravated by the decree declaring the deed fraudulent and void; thus precluding the Court from ever treating it as a valid subsisting security for any purpose as between these parties, in any subsequent proceeding. I think the decree should be reversed, and the cause remanded with instructions to hear both causes together and to distribute the trust fund amongst *the creditors who have signed the deed, and such others of the creditors named therein as may elect to come in and release the debtor according to the terms of the deed.
But the other Judges differ from me, and the decree is therefore affirmed.
JURISDICTION.
A.General Jurisdiction.
I. Definition and Scope.
II. Elements and Acquisition.
1. Of the Person.
a. Essential in Personal Actions.
b. How Acquired.
(1) By Appearance.
(2) By Consent.
(3) By Actual Notice.
(4) By Constructive Notice.
c. Exterritorial Effect.
(11 On Conveyances.
(2) On Partitions.
2. Of the Subject-Matter ana Res.
a. General Effect and Acquisition.
b. Notice Essential.
c. Consent.
3. Necessary Allegations.
4. By Fraud.
5. Jurisdictional Amount.
III. Territorial Jurisdiction.
1. Limitations and Extent.
2. Rights in Real Property.
3. Judgment Operative against the Person.
4. Penalties and Exemptions.
5. Over Foreign Corporations.
IV. Concurrent, Exclusive and Ancillary Jurisdiction.
V. Divestiture of Jurisdiction.
1. Repeal of Statute.
2. Disability of Defendant.
3. Recession of Territory.
4. Illegal Extension.
VI. Presumptions of Jurisdiction.
1. Superior Courts of General Jurisdiction.
a. Exercising General Powers.
b. Exercising Special Powers.
2. Inferior Courts of Limited Jurisdiction.
VII. Effect of Possession and want of Jurisdiction.
1. Possession of Jurisdiction.
2. want of Jurisdiction.
VIII. Jurisdiction in Vacation.
IX. Jurisdiction over Legislative Department.
X. Objections to Jurisdiction.
1. Objection in General.
2. Dismissal without Objection.
3. Plea in Abatement.
4. Motion and Demurrer.
5. Foreign Judgments.
6. Waiver of Objections.
7. Collateral Attack.
B. Equity Jurisdiction.
I. Scope.
II. Dismissal for Want of Jurisdiction.
III. Acquisition and Extent.
1. In General.
2. Statutory Provisions.
3. Colorable Allegations.
4. Creation and Enlargement.
5. Retention of Jurisdiction.
6. Ancillary Jurisdiction.
IV. Essential Elements.
1. Jurisdiction of Person and Subject-Matter.
2. Inadequate Remedy at Law.
V. Concurrent Jurisdiction.
VI. Sources and Grounds of Jurisdiction.
1. In General.
2. Multiplicity of Suits.
3. Accounts.
a. In General.
b. General Accountings.
c. Between Partners.
d. By Fiduciaries.
4. Discovery.
5. Penalties and Forfeitures.
6. Fraud.
7. Accident, Mistake and Surprise.
8. Reformation and Cancellation.
9. Illegal Contracts and Transactions.
10. Trusts and Trust Property.
11. Lost Instruments.
12. Corporate Affairs.
13. Construction of Wills.
14. Administration.
15. Judgments.
a. Enforcement.
b. Relief from.
(1) In General.
(2) Grounds of Relief.
(3) By Injunction.
16. Property and Rights Therein.
a. Determination of Title, Boundaries and Possession.
b. Of Life Tenants and Remaindermen.
c. Of Infants.
d. Prior Establishment of Rights at Law.
e. Bills of Peace and Quia Timet.
VII. Waiver of Objections.
1. Subject-Matter Cognizable in Equity.
2. Subject-Matter Not Cognizable in Equity.
C. Criminal Jurisdiction.
I. Ouster.
II. Divestiture of Jurisdiction.
III. Offence by Acts of Congress.
*600 IV. Concurrent Jurisdiction.
V. Jurisdiction of Person and Offence.
VI. Constitutional and Statutory Provisions.
VII. Transfer of Causes.
VIII. Territorial Jurisdiction.
IX. Objections to Jurisdiction.
X. Waiver of Objection.
Cross References to Monographic Notes.
Abatement, Pleas in, appended to Warren v. Saunders, 27 Gratt. 259.
Appeals.
Attachments, appended to Lancaster v. Wilson, 27 Gratt. 624.
Bankruptcy and Insolvency, appended to Dillard v. Collins, 25 Gratt. 343.
Charities, appended to Kelly v. Love, 20 Gratt. 124.
Constitutional Law.
Courts.
Creditors’ Bills, appended to Suckley v. Rotchford, 12 Gratt. 60.
Decrees, appended to Evans v. Spurgin, 11 Gratt. 615.
Divorce, appended to Bailey v. Bailey, 21 Gratt. 43. Executors and Administrators.
Fraudulent and Voluntary Conveyances, appended to Cochran v. Paris, 11 Gratt. 348.
Injunctions, appended to Claytor v. Anthony, 15 Gratt. 518.
Judgments, appended to Smith v. Charlton, 7 Gratt. 425.
Justices of the Peace.
A. GENERAL JURISDICTION.
I. DEFINITION AND SCOPE.
Definition, — Jurisdiction is the power to hear and determine a cause. 17 Am. & Eng. Enc. Law (2d Ed.) 1041.
Scope. — The plan of this article is to treat under the title of “Jurisdiction” the general principles applicable to this subject, in three main divisions, general, equitable and criminal jurisdiction. Its relation and application to specific subjects will be found in the monographic notes on those subjects, and for the jurisdiction of specific courts, and their appellate jurisdiction, reference is made to the monographic notes on “Courts” and “Appeals.”
II. ELEMENTS AND ACQUISITION.
1. OR THE PERSON.

a. Essential in Personal Actions.

Want of Service In Personal Action. — In a personal action actual service of process upon the defendant is necessary to complete the j urisdi ction of the court, and if no such service is had the judgment will be void and subject to collateral attack unless waived by voluntary appearance or otherwise. Gray v. Stuart, 33 Gratt. 351; Underwood v. McVeigh, 23 Gratt. 418; Wade v. Hancock, 76 Va. 620: Lavell v. McCurdy, 77 Va. 763; Ferguson v. Teel, 82 Va. 690; Dillard v. Central, etc., Co., 82 Va. 734, 1 S. E. Rep. 124; Blanton v. Carroll, 86 Va. 539, 10 S. E. Rep. 329; Staunton, etc., Co. v. Haden, 92 Va. 201, 23 S. E. Rep. 285; Capehart v. Cunningham, 12 W. Va. 750; Fowler v. Lewis, 36 W. Va. 112, 14 S. E. Rep. 447; O’Brien v. Stephens, 11 Gratt. 610; Barrett v. McAllister, 33 W. Va. 760, 11 S. E. Rep. 228; Coleman v. Waters, 13 W. Va. 311; Mahany v. Kephart, 15 W. Va. 619; Taylor v. Cox, 32 W. Va. 159, 9 S. E. Rep. 75; Wetherill v. McCloskey, 28 W. Va. 198.
Same — Presumptions.—The rendition of a judgment against a party not before the court in any way will be as utterly void as though the court had undertaken to act when the subject-matter was not within its cognizance. This rule has reference to all courts, with this difference, that the jurisdiction of a superior court will be presumed until the contrary appears, whereas that of an inferior court must be shown. Blanton v. Carroll, 86 Va. 539, 10 S. E. Rep. 329; Underwood v. McVeigh, 23 Gratt. 409. See also, Lancaster v. Wilson, 27 Gratt. 624; Fairfax v. City of Alexandria, 28 Gratt. 16; Connolly v. Connolly, 32 Gratt. 657; Gray v. Stuart, 33 Gratt. 351.
Same — Effect of Depositions by Nonresident. — Where nonresident defendants were not served with process, and did not in any way enter an appearance, the fact that they gave their depositions in the case did not authorize a personal decree against them. Edichal Bullion Co. v. Columbia Gold Mining Co., 87 Va. 641, 13 S. E. Rep. 100.
Same — Unauthorized Acceptance of Legal Service.— A judgment rendered against a defendant is void, where it was done so, on legal service of the summons accepted by his son without his knowledge or authority. In such case collection of execution should be enjoined. Finney v. Clark, 86 Va. 354, 10 S. E. Rep. 569.
Order of Publication against Defendants In Lines of Enemy. — A judgment or decree pronounced in an action at law -or a suit in equity instituted during the late civil war by a plaintiff residing within the Union lines, in a court within those lines, against parties residing within the Confederate lines and in the Confederate service, without any appearance by or notice to such parties other than an order of publication published within the Union lines, is absolutely void and may be so treated in the same or any subsequent collateral suit or' proceeding. Sturm v. Fleming, 22 W. Va. 404; Haymond v. Camden, 22 W. Va. 180; Grinnan v. Edwards, 21 W. Va. 247.
Applies to'Judgment of Justice. — A judgment pronounced by a justice,' without service of process upon or notice to the defendant is void. But as such judgment may be set aside by the circuit court upon a writ of certiorari, the defendant cannot obtain relief against it in a court of equity. Kanawha, etc., R. Co. v. Ryan, 31 W. Va. 364, 6 S. E. Rep. 924.
Suit against Foreign Executor. — The courts of Virginia have no jurisdiction to entertain a suit against a foreign executor who has not qualified here, for the distribution of assets collected in a foreign state and which have not been brought into this state. Fugate v. Moore, 88 Va. 1045, 11 S. E. Rep. 1063.
6. How Acquired.
(i) By Appearance. — Where there has been no actual or implied notice to a party, and he has not consented to the jurisdiction of the court over him, it may still be acquired by his appearance in the cause, and if a party appear for any purpose other than to object to the legality of the process or its service, it dispenses with service of process. Frank v. Zeigler, 46 Va. 614, 33 S. E. Rep. 761.
Bill nust Contain Proper Allegations. — An appearance in a suit by a person not a party, as to whom the bill has no allegation, does not bind him by a decree therein. Frank v. Zeigler, 46 W. Va. 614, 33 S. E. Rep. 761.
By Attorney. — When the record shows that an attorney appeared for the defendant in a court of general jurisdiction, such appearance gives the court jurisdiction of the person of the defendant. Wandling v. Straw, 25 W. Va. 692.
*601 Same — May Show Appearance Unauthorized. — A party is not within the jurisdiction of a court unless there has been proper service of process upon him, or he or his authorized attorney has personally appeared, and a defendant may testify in such a case that the attorney who appeared for him was not employed by him, nor even known to him. Raub v. Otterback, 89 Va. 645, 16 S. E. Rep. 983.
Effect of Cross-Examination of Witness. — A person not a party to a judgment, is not bound by it, in law or equity, merely on the ground that he was present and cross-examined the witnesses. Turpin v. Thomas, 2 H. & M. 139.
(2) By Consent. — See sec. 2, subsec. c, “Consent,” infra.
Jurisdiction of Person Conferred Not of Subject-Mat* ter. — Consent of parties cannot confer upon a court jurisdiction which the law does not confer, or confers upon some other court, although the parties may by consent submit themselves to the jurisdiction of the court. In other words, consent cannot confer j urisdiction of subj ect-matter, but it may confer jurisdiction of the person. Yates v. Taylor Co. Ct. (W. Va.), 35 S. E. Rep. 24 ; Bogle v. Fitzhugh, 3 Wash. 213.
All Par ties Must Consent. — The consent of two of the parties cannot give jurisdiction where the objection appears on the face of the bill, and there are many other parties. Randolph v. Kinney, 3 Rand. 394.
At Special Term of Court. — Section 3062, of the Va. Code of 1887, provides that at a special term of a court, any cause then ready for hearing, although not ready at the previous term, may, with consent of parties, be heard. But without such consent the court cannot hear a demurrer to a bill at such special term, and dissolve an injunction. Fowler v. Mosher, 85 Va. 421, 7 S. E. Rep. 542.
Effect of Taking Continuance. — If the parties consent that a suit shall be docketed and proceeded in to a final decree in a court which had general jurisdiction of the class of cases to which the case belonged, they waived all right to object to the jurisdiction of the court. The fact of taking and agreeing to a continuance is evidence of being made parties to the record, and of having recognized the case as in court. Bell v. Farmville, etc., R. Co., 91 Va. 99. 20 S. E. Rep. 942.
Pleadings Made and Cause Docketed — No Objection after Trial and Judgment. — Parties may, by consent, makeup the pleadings in a case, and have it docketed and tried in any court having jurisdiction, and if they appear and make no objection to its regularity, such court may exercise jurisdiction, andno ob-jectioncanbe made after the trial and judgment. Hunter v. Stewart, 23 W. Va. 549.
Suit against State. — It is an established principle that a sovereign state cannot be sued in its own courts, or in any other, without its consent and permission, and in the manner and in the tribunals expressly provided. And this principle, except so far as modified by the IT. S. Const, art. Ill, § 2, cl. 1, applies as well to the states of the Union as to the government of the United States. Board of Public Works v. Gantt, 76 Va. 455; McCandlish v. Com., 76 Va. 1002.
(3) By Actual Notice.
General Principles. — In order that jurisdiction may be conferred upon a justice in an action to recover money, the summons must be properly issued and served upon the defendants, or an attachment properly issued must be levied upon the property of the defendant in such case. And of course it need not be stated that this well-known elementary principle applies equally to all other courts. Colborn v. Booth, 41 W. Va. 289, 23 S. E. Rep. 556.
Notice Must Be on Proper Party. — In order that a valid judgment may be rendered by a justice of the peace, the suit must be brought against a defendant upon whom the liability is, and service of process upon a different party will not confer jurisdiction of the subject-matter. Yates v. Taylor Co. Ct. (W. Va.), 35 S. E. Rep. 24.
Territorial Limits. — The several superior courts of chancery have jurisdiction in cases where their process is served upon the defendant within their respective districts; though his place of residence, and also the land in controversy be in a different district. Hughes v. Hall, 5 Munf. 431. See section III, “Territorial Jurisdiction,” and subsec. c, “Ex-territorial Effect,” infra.
Same — Statutory Restrictions. — Where the circuit court of a county is without jurisdiction under any of the clauses of § 1, ch. 123, W. Va. Code, amended by ch. 46, Acts 1897, it cannot obtain jurisdiction by reason of service of process in any other county, except as against a railroad, canal, turnpike, telegraph, or insurance company. Rorer v. People's, etc., Assoc. (W. va.), 34 S. E. Rep. 758.
In Action for Halicious Prosecution. — In an action for malicious prosecution, the process was issued and served on both of the defendants in one county, when one of the defendants lived in another county, the other lived in another state, and the cause of action and every part thereof arose in the county where the first defendant lived. It was held that the circuit court of the county where they were found and served with process had jurisdiction of the hction, and that this common-law rule was not affected by ch. 123 of the Code. Vinal v. Core, 18 W. Va. 1.
Transitory Action — Death by Wrongful Act. — An action to recover judgment for death by wrongful act is transitory, though statutory only; and where plaintiff’s intestate was killed in West Virginia by negligence of the defendant, it was proper to institute the action for recovery of damages in Virginia, where the defendant was found, the right to recover in such case being governed by the law of West Virginia, such law not being inconsistent with the laws and policies of the state of Virginia. Nelson v. Chesapeake, etc., R. Co., 88 Va. 971, 14 S. E. Rep. 838; Pulaski Iron Co. v. Palmer, 89 Va. 384, 16 S. E. Rep. 275. See monographic note on “Death by Wrongful Act”
Failure of Judge to Attend Regular Term — Special Term. — A notice upon a forfeited forthcoming bond, given to a regular term of thecourtwhich the judge fails to attend, is sufficient to authorize an execution on the bond at a special term, held under section 17, of the circuit superior court of law. Supp. Rev. Code, p. 141; Wootten v. Bragg, 1 Gratt. 1.
(4) By Constructive Notice.
Order of Publication against Nonresidents. — Notice by publication against a nonresident defendant, prescribed by the statute, is in the nature of a substituted service of process, and mnst be duly published before the court can acquire full jurisdiction to make any order or decree affecting the defendant. or disposing of property which has been attached. As to persons who cannot legally see or obey it, such order of publication is without any effect or validity whatever. Haymond v. Camden, 22 W. Va. 180.
*602 Absent Debtor — Presumption.—A decree against an absent debtor, where be was not made a party to tbe suit by order of publication, is improper although the chancellor ordered that it be made; its execution will not be presumed unless there is evidence of it in the record. Hunter v. Spotswood, 1 wash. 145.
Attachments — Notice Essential. — In an attachment proceeding the jurisdiction acquired by the seizure of the property attached, is not to pass absolutely upon the,rights of the parties, but to pass upon those rights after opportunity has been afforded its owner to appear and be heard. To this end the notice by publication prescribed by statute is indispensable, and a decree entered without such publication is void. Haymond v. Camden, 22 W. Va. 180.
Gives No Jurisdiction over Defendants in Lines of Enemy. — The act passed in 1862 by the general assembly of the reorganized government of Virginia at wheeling, so far as it attempts to confer jurisdiction upon courts in the loyal counties of the state, by order of publication against persons who left these counties and went into the Confederate lines during the war, is invalid. Sturm v. Fleming, 22 W. Va. 404; Haymond v. Camden, 22 W. Va. 180.

c. Exterritorial Effect.

(1) On Conveyances.
Valid if it Does Not Operate Territorially. — while it is true that a court of a state cannot enter a decree directly affecting land situated in another state, still the doctrine is well settled that if the person to do the act decreed is within the jurisdiction of the court, and the act may be done without the exercise of any authority operating territorially within the foreign jurisdiction, the court may act in personam, and oblige the parties to comply with the decree. Thus a conveyance of foreign lands may be made, but a partition cannot. Poindexter v. Burwell, 82 Va. 507; Gibson v. Burgess, 82 Va. 650; Wimer v. Wimer, 82 Va. 890, 5 S. E. Rep. 536.
Same — Cancellation for Fraud. — A person being within the commonwealth, may be decree'd to execute a conveyance for lands lying in another state, or to cancel a deed for such lands obtained by fraud. Guerrant v. Fowler, 1 H. & M. 5.
. Land Lying in Two States. — Although part of a tract of land lies in Virginia, and a part in West Virginia, a court having power over the proper persons may decree a sale of the whole tract. Barger v. Buckland, 28 Gratt. 850, and foot-note.
In Another County. — A decree of the court of a county requiring a defendant residing within its limits to execute a conveyance for land lying in another county, can be enforced upon the person only of such defendant, and does not of itself vest any legal title in the complainant. Aldridge v. Giles, 3 H. &M. 136.
(2) On Partitions.
Land in Foreign State Cannot Be Partitioned Here.— It is a well-settled general rule that a court of one state has no jurisdiction to make a decree which will directly affect either the legal or equitable title to land situated in another state. It is not competent for a court to decree touching a foreign subj ect when the act to be done can be accomplished only by an authority operating territorially. Thus a conveyance may be decreed of lands abroad if the defendant is within the jurisdiction of the court, but a partition of land cannot be made. Poindexter v. Burwell, 82 Va. 507; Gibson v. Burgess, 82 Va. 650; Wimer v. Wimer, 82 Va. 890, 5 S. E. Rep. 536.
Land in Two States. — A court, where all the parties are before it, has no jurisdiction to enter a decree partitioning land, the major portion of which is situated in another state. Wimer v. Wimer, 82 Va. 890, 5 S. E. Rep. 536.
2. Of the Subject-Matter and Res.

a. General Effect and Acquisition.

Jurisdiction of a Class. — A court has jurisdiction over the subject-matter of action when it has general jurisdiction over matters of that class, though the facts may not give jurisdiction over the particular case. Schultz v. Schultz, 10 Gratt. 358, 60 Am. Dec. 335.
May Be Subjected to Claims. — When a party out of the jurisdiction of the court has property within the jurisdiction, it may be subjected to a claim against the party, although he cannot be served with personal, process. O’Brien v. Stephens, 11 Gratt. 610; Fowler v. Lewis, 36 W. Va. 126, 14 S. E. Rep. 451; Barrett v. McAllister, 33 W. Va. 760, 11 S. E. Rep. 228; Coleman v. Waters, 13 W. Va. 311; Mahany v. Kephart, 15 W. Va. 619; Taylor v. Cox, 32 W. Va. 159, 9 S. E. Rep. 75; Wetherill v. McCloskey, 28 W. Va. 198.
A bill was filed by a creditor of a company against the persons constituting that company in the circuit court of a county, to subject to the payment of his debt the land of one of, them lying in that county, and the minerals conveyed by one of the members in another county. One of the members of the company is a resident of the county where the suit is brought, and the others are nonresidents of the state. The court has jurisdiction of the case both on the ground that a part of the subject sought to be subjected lies within the county where the suit is brought, and also that one of the defendants is a resident of that county. Clayton v. Henley, 82 Gratt. 65.
Same — Property of Foreign Corporation. — Thus where a suit was brought by a stockholder of a foreign corporation against a domestic corporation having property in West Virginia belonging to the foreign corporation or owing debts to it, and the bill showed that the foreign corporation had ceased to use its franchises and had been dissolved by the laws of the state which created it, and had no property or assets within the jurisdiction of the court except those in the hands of the domestic corporation, the courts of West Virginia had jurisdiction of such suit, notwithstanding the fact that the foreign corporation could not be brought within the jurisdiction of its courts. Crumlish v. R. Co., 28 W. Va. 623.
Rescission, of Contract and Deed for Land.— tinder the Code of 1873, ch. 165, §§ 1 and 2, a suit to rescind a contract of a sale of land and to vacate the deed made thereunder, was properly brought in the county where the transaction occurred, although process was not served in that county on either of the defendants, both of whom resided elsewhere. Hull v. Fields, 76 Va. 594.
Administration — Jurisdiction of Claim against State. —The circuit court of the county wherein is the seat of government, has jurisdiction to grant administration on the estate of an intestate who resided and died in another state, having no estate in this state except a claim on the state for money. Com. v. Hudgin, 2 Leigh 248. See monographic note on “Executors and Administrators.”
Mandamus — Place Where Duty Violated Gives Jurisdiction. — The circuit court of the city of Richmond has jurisdiction to hear and determine the right to *603 a writ of mandamus, when the alleged violation of duty occurred in the city of Richmond, within the jurisdiction of its circuit court, and it was a matter of no importance that the obligation to perform such duty appeared from a record of the county court of Henrico county. § 3218, of the Code has no application to the case. Richmond Ry. & Electric Co. v. Brown, 97 Va. 26, 32 S. E. Rep. 775.
Injunction — Application for Purchase of Delinquent Land. — where a bill to remove an application to purchase delinquent tax lands and to enjoin proceedings thereunder was filed against the applicant and the county clerk in the county where the land was situated, which showed the title to the land to be in the commonwealth, the statute conferring jurisdiction of all suits with the commonwealth on the circuit court of the city of Richmond did not apply, since the act of February 11,1893, designated the county clerk to represent the state in matters relating to tax lands. Baker v. Briggs, 99 Va. 360, 38 S. E. Rep. 277. See Christian v. Taylor, 96 Va. 503; Lewis v. Com., 96 Va. 506.
Place Where Injury to Stock Occurs Gives Jurisdiction.
—Where in an action for injury to stock shipped, brought in the circuit court of the city of Lynch-burg, it appears that part of the injuries were received while the stock were being unloaded in that city, the court has jurisdiction. Ches., etc., R. Co. v. American Exch. Bk., 92 Va. 495, 23 S. E. Rep. 935.
Diversion of Water — Effect of Acts iSyS-^. — It was held in C. & O. R. Co. v. Rison, 99 Va. 18, 37 S. E. Rep. 320. that notwithstanding § 4 of the Acts of 1878-9. that the circuit court of Fluvanna county had jurisdiction of an action brought by the owner of a mill in that county against the successor in title of the Richmond & Alleghany Railroad Company to recover damages for the diversion of water and the failure to maintain a dam there.
Foreign Corporation — Management — Individual Rights Affected. — Where the act complained of in a suit against a foreign corporation affects the plaintiff solely in his capacity as a member of the corporation, and is the act of the corporation, then such action is the management of its internal affairs, and in the case of a foreign corporation courts will not take jurisdiction. Where the act complained of affects individual rights of the plaintiff only, then the court will take jurisdiction, whenever the cause of action arises within its jurisdiction. Taylor v. Mut., etc., Life Assoc., 97 Va. 60. 33 S. E. Rep. 385.
Eminent Domain — Exemption from by Legislature.— A special act of the legislature authorized a railroad company to construct its road, and exempted the property of another railroad company from condemnation, it being an interference with the charter rights and franchises of the latter company. Hence it was not within the jurisdiction of any court to condemn it, because by the exemption it was not subject to the right of eminent domain. And where the county court of a county condemned a portion of this property, its judgment was null and void because it had no jurisdiction over the subject-matter. Alexandria, etc., R. Co. v. Alexandria, etc., R. Co., 75 Va. 780.
b. Notice Essential— See subsec. a, “Essential in Personal Actions,” supra.
Applies to All Coarts and Proceedings. —Notice and an opportunity to be heard are essential requisites to the jurisdiction of all courts, even in proceedings inrem. It is a principle of natural justice, and lies at its very foundation, that before the rights of an , individual are affected by a judicial sentence, he shall be given an opportunity to be heard by notice, either actual or implied. A different rule would be a blot upon our jurisprudence and civilization, and a judgment so pronounced a nullity. Dorr v. Rohr, 82 Va. 362; Fultz v. Brightwell, 77 Va. 742; Hess v. Gale, 93 Va. 470, 25 S. E. Rep. 533; Moorman v. Arthur, 90 Va. 472, 18 S. 33. Rep. 869; Bowler v. Huston, 30 Gratt. 276; Staunton, etc., Co. v. Haden, 92 Va. 207, 23 S. E. Rep. 285; Ferguson v. Teel, 82 Va. 696; Grigg v. Dalsheimer, 88 Va. 511, 13 S. E. Rep. 993; Lavell v. McCurdy, 77 Va. 771; Buford v. North Roanoke Land, etc., Co., 90 Va. 423, 18 S. E. Rep. 914; Balt., etc., R. Co. v. P. W. & Ky. R. Co., 17 W. Va. 835; Renick v. Ludington, 20 W. Va. 536; Dower v. Church, 21 W. Va. 49; Haymond v. Camden, 22 W. Va. 199; McCoy v. McCoy, 29 W. Va. 809, 2 S. E. Rep. 817; Fowler v. Lewis, 36 W. Va. 126, 14 S. E. Rep. 451; Hukill v. Guffey, 37 W. Va. 474, 16 S. E. Rep. 560; Fairfax v. City of Alexandria, 28 Gratt. 16; Underwood v. McVeigh, 23 Gratt. 409; Lancaster v. Wilson, 27 Gratt. 624; Connolly v. Connolly, 32 Gratt. 657; Gray v. Stuart, 33 Gratt. 351; Boggs v. Com., 76 Va. 989.
c. Consent. — supra, sec. II, b, (2), “By Consent.”
Jurisdiction of SubjecGHatter Not Given by Consent. —While consent may give a court jurisdiction of the person it cannot give it jurisdiction of the subject-matter. Yates v. Taylor Co. Ct. (W. Va.). 35 S. E. Rep. 24; Bogle v. Fitzhugh, 2 Wash. 213; McCall v. Peachy, 1 Call 55.
Same — Restriction of Rule. — Consent of parties cannot give jurisdiction to a court which does not have it. But this rule is only applicable to a case of original jurisdiction. Bogle v. Fitzhugh, 2 Wash. 213.
Same — May Relax Strictness of Form. — Although consent of parties cannot give a court of equity jurisdiction, or supply the total absence of other necessary parties, yet such consent may dispense with strictness of form, and enable the court to decide a cause in relation to parties who are in fact, though irregularly before it. Mayo v. Murchie, 3 Munf. 358.
Same — Exception,—An exception to the rule that consent cannot give a court jurisdiction over a cause, lies when the court once had jurisdiction, but has exhausted it; then jurisdiction may be restored by consent. Bogle v. Fitzhugh, 2 Wash. 213.
Jurisdiction in Vacation. — Consent of parties cannot give jurisdiction to the circuit court to render in vacation any decree or judgment not authorized by statute. Tyson v. Glaize, 23 Gratt. 799.
Jurisdiction of Court of Appeals. — Neither consent nor long acquiescence of parties can give the court of appeals jurisdiction. Clarke v. Conn, 1 Munf. 160.
3. Necessary Allegations.
Effect of Want of Allegation against Defendant.— Where a person by a decree in a cause on the defendant’s motion was made a party defendant, but there was no allegation in the bill, nor was there any decree prayed against him, and he was not named in the bill, he was not in any sense of the term a defendant, and the court had no jurisdiction to render a decree against him, and if it did so it would be a mere nullity. McCoy v. Allen, 16 W. Va. 724; Moseley v. Cocke, 7 Leigh 226; Newman v. Molloham, 10 W. Va. 503.
Same — Where Answer Is Tendered Waiving Process. —An answer to a bill in chancery shows that a third party shoilld have been made defendant. Such *604 third party then tendered his answer, waiving: service of process. The original hill was not amended and in it there were no allegations against this third person, no relief prayed against him, and'no allusion whatever to him. Evidence was taken which showed the interest of this party in the suit, hut the court had no jurisdiction over him, as he was no proper party to the suit, and a decree affecting him was a mere nullity as to him. Shaffer v. Fetty, 30 W. Va. 248, 4 S. E. Rep. 278.
Rule as to Stating Where Cause of Action Arose— Videlicet. — Actions may he brought in the courts of this state upon contracts'entered into, or personal injuries committed, anywhere. It is not necessary as a general rule to state in the declaration where the contract arose or the injury was committed. But this is sometimes necessary and then the plaintiff is permitted hy a Action .to state under a videlicet, that the place is within the jurisdiction of the court in which the suit is brought; which fiction cannot he traversed. Shaver v. White, 6 Munf. 110.
Effect of Omission to Allege Cause of Action within Jurisdiction. — in an action of assumpsit in the superior court of a county, the declarations laying the venue in a different county, and omitting to state that the cause of action arose within the jurisdiction of the court, is not error sufficient in arrest of judgment. Buster v. Ruffner, 5 Munf. 27.
Action for Insurance on Vessel. — The declaration in an action of debt to recover the value of a ship, insured in case of its being captured and condemned, should show where, when, and hy whom she was captured, and that the court which condemned her had jurisdiction. Stone & Co. v. Patterson, 6 Call 71.
Under Rev. Code — Nonresidence of Defendant. — A hill against an absent debtor or defendant, in order to give the court jurisdiction, under the statute concerning attachments and suits against absent defendants, 1 Rev. Code, ch. 123, must distinctly aver the nonresidence of the debtor, and if his non-residence be not distinctly averred the court has no jurisdiction. Kelso v. Blackburn, 3 Leigh 299.
Nonresidence of Plaintiff in Federal Court. — A plaintiff in a federal court must state himself to be the citizen or subject of a foreign state, in order to entitle the court to jurisdiction. And if he omits it, the defendant may take advantage of the omission by motion in arrest of j udgment. Shedden v. Custis, 6 Call 241.
Bill against Nonresident — On Traverse Residence flust Be Proved. — If the home defendants, to a bill in chancery filed against them and an absent defendant or debtor, alleging them to have in possession lands of the debtor by a voluntary or fraudulent conveyance, answer that the debtor is a resident, the plaintiff to sustain the jurisdiction of the court, under 1 Rev. Code, ch. 123, must prove the fact of the debtor’s residence abroad. Kelso v. Blackburn, 3 Leigh 299.
Corporation Court — Declaration Must Lay Cause of Action in Jurisdiction. — Where a suit is brought in a corporation court, the declaration must lay the cause of action to have arisen within the jurisdiction of the cowrt. Thornton v. Smith, 1 Wash. 81. See Turberville v. Long, 3 H. & M. 309.
District Court — Not Necessary to Aver Jurisdiction.— In Turberville v. Long, 3 H. & M. 309, it was held not to be necessary in actions in the district court to aver in the declaration that the cause of action arose within the jurisdiction of the court; but that it seemed that such averment was necessary only in actions in the corporation courts.
4. By Prato. — See infra, “Equitable Jurisdiction,” sec. Ill, 3, “Colorable Allegation.”
Colorable Claim. — If a claim is merely colorable in order to give a court j urisdiction, and that fact was made to appear, jurisdiction will be declined, for jurisdiction can no more be conferred then it can be taken away by improper devices of parties. Cox v. Carr, 79 Va. 28; Fink v. Denny, 75 Va. 667.
5. Jurisdictional Amount.
Principal Sum and Interest. — Where the principal sum demanded, together with the interest, is of sufficient amount to give jurisdiction, a court may hold cognizance of the case. Stratton v. Mutual Assurance Society, 6 Rand. 22. See monographic notes on “Courts” and “Appeals,” for jurisdictional amounts of particular courts.
Penal Bill. — An action of debt was brought on a penal bill for $100, conditioned to pay $47, the defendant moved the court to stay the proceedings, because the penalty was inserted for the purpose of giving the court jurisdiction. It was decided that the motion would not be sustained. Heath v. Blaker, 2 Va. Cas. 215.
III. TERRITORIAL JURISDICTION.
l. Limitations and Extent.
Laws Have No Extraterritorial Force. — It is a principle universally recognized that laws have no extraterritorial force. Their authority is limited to the territorial jurisdiction of the state or country that enacts them, so far as their right or power of enforcement or claim to obedience is concerned. Stevens v. Brown, 20 W. Va. 450.
State Has No Jurisdiction over Land Ceded to Federal Government — Valid Reservations. — Where the United States purchases land from a state with the consent of its legislature, it acquires under the federal constitution jurisdiction over the ceded lands, and they are no longer a part of that state and are not subject to the jurisdiction of its courts. The reservation in' the act of cession of concurrent jurisdiction with the United States over the land, so that the courts and officers of the state may take such cognizance, execute such process and discharge such legal functions within the same as may not be incompatible with the consent given, is subject to the provisions of the first article and eighth section of the federal constitution, that is, as may not. be incompatible with the exclusive jurisdiction of the United States, and which may operate to authorize the service by the officers of the state of thq civil and criminal process of the state courts, with reference to acts done within the acknowledged territory of the state outside of the ceded lands. This reservation is valid and is intended to prevent such places from becoming harbors of refuge for debtors and criminals. Foley v. Shriver, 81 Va. 568.
Condemnation of Land in Incorporated Town for County Clerk’s Office — County Court Has No Jurisdiction. — The condemnation of land for a county clerk’s office in an incorporated town, does not create a conflict of jurisdiction between the city and county courts, as the city court has jurisdiction of the locality and the county court does not acquire the same by the condemnation proceedings. Board of Supervisors v. Cox, 98 Va. 270, 36 S. E. Rep. 380.
State Cannot Interfere with Interstate Commerce.— The navigable waters of the state and the soil under them within its territorial limits, are the property of the state, for the benefit of its people, and it has the right to control them as it sees proper, provided *605 it does not interfere with the authority granted the United States to regulate commerce, and navigation. Morgan v. Com., 98 Va. 812, 35 S. E. Rep. 448. See McCready v. Com., 27 Gratt. 985, 94 U. S. 391.
Writs Cannot Issue into Another District. — A writ cannot issue from one district court into another district, although against joint defendants. McCall v. Turner, 1 Call 133.
Justice Cannot Summon Defendant to Place outside His District. — A justice cannot issue a summons to a defendant to appear "before him at a place named outside of his district. Stanton-Belment Co. v. Case (W. Va.), 35 S. E. Rep. 851.
Chancery Courts Cannot Enjoin Courts of Law out= ^side Their Districts. — The several superior courts of chancery have power to grant injunctions to the judgments of all courts of common law within their respective districts, and not otherwise; the place where the court of law is held, and not the residence of the parties, furnishing the rule of jurisdiction in such cases. Cocke v. Follok, 1 H.& M. 499.
Extends over Navigable Waters of State. — Courts have jurisdiction of cases of attachments against the owners of steamboats navigating in the waters of a state, and levy can be made on such "boats. Com. v. Fry, 4 W. Va. 721.
Judge May Hear Motion in One County Relative to Cause Pending in Another County in His Circuit. — It was held in Horn v. Perry, 11 W. Va. 694, that it was not error for the judge of the circuit court sitting in chambers in Wood county to hear and determine a motion to dissolve an order of injunction in a cause pending in the circuit court of Ritchie county, without the said cause having been first removed to Wood county, those two counties being in the same judicial circuit. Hayzlett v. McMillan, 11 W. Va. 464, is authority for this proposition.
2. Rights in Reap Property. — See supra, sec. II, 2, “Subject-Matter and Res.”
Jurisdiction Is in Local Courts. — Real property being fixed and immovable, rights therein are local, and when adjudicated so as to operate directly on the land, and not on the person of the owner, resort must be had to the local courts, and those outside the state cannot be resorted to. Wimer v. Wimer, 82 Va. 890, 5 S. E. Rep. 536; Gibson v. Burgess, 82 Va. 650; Poindexter v. Burwell, 82 Va. 513; Pillow v. Southwest Virginia Imp. Co.. 92 Va. 144, 23 S. E. Rep. 32.
Exclusive Jurisdiction of Forum Rei Sitae. — in actions at law affecting lands or other immovable property, the forum rei sitae has exclusive jurisdiction, and the judgment of such forum is conclusive as to such property. Witten v. St Clair, 27 W. Va. 762.
Injunction of Clerk from Conveying Delinquent Tax Lands. — Under § 3436 as amended by Acts 1889-1900, p. 96, providing that jurisdiction of a bill for an injunction to restrain an act or proceeding, shall be in the circuit court in the county in which the act or proceeding is to be done oris done or apprehended, the circuit court of the county in which the land is situated, has jurisdiction of a suit to enjoin the clerk of that county from conveying certain delinquent tax lands to an applicant for the purchase thereof. Baker v. Briggs, 99 Va. 360, 38 S. E. Rep. 277.
3. Judgments Operative against the Person.— See supra, sec. II, 1, “Of the Person.”
General Rule. — Where a judgment or decree is operative against the person, a court may exercise its jurisdiction, if the person is within the jurisdiction of the court, and oblige the party to comply, even if it affect land in another jurisdiction, if this does not operate territorially. Poindexter v. Burwell, 82 Va. 507; Davis v. Morriss, 76 Va. 21; Guerrant v. Fowler, 1 H. & M. 5.
Thus, where the commonwealth proceeds by information in the nature of a quo warranto against a corporation, the superior court of law in which the president and director resides, has jurisdiction to grant the rule and try the cause, although the acts of violation, which are the grounds of proceeding, may have been committed sparsim in other countries. Com. v. James River Co., 2 Va. Gas. 190.
4. Penalties and Exemptions.
Foreign State — Exemptions.—The courts of a state wall not, through comity to a sister state, recognize or enforce the exemption laws of such state. Stevens v. Brown, 20 W. Va. 450.
Same — Penal Laws. — penal laws of a foreign country cannot be enforced in our courts, although contracts entered into there will be enforced here according to the lex loei. Jackson v. Rose. 2 Va. Cas. 34.
Same — Statutory Penalties —The courts of a state will not enforce the statutory penalties of another state. Stevens v. Brown, 20 W. Va. 450.
5. Over Foreign Corporations.
Insurance Company — Rights Dependent on Contract. —Where the plaintiff in a suit against a foreign corporations has rights which rest upon his contract of insurance, and not upon his contract of membership in the association, he is entitled to redress in the courts of this state. Taylor v. Mut., etc., Life Assoc., 97 Va. 60, 33 S. E. Rep. 385.
Specific Performance. — A personal decree may be rendered for specific performance against a foreign corporation, upon which actual service of process has been had within the state nnder the provisions of the statute. Shafer v. O’Brien, 31 W. Va. 601, 8 S. E. Rep. 298.
Bank Incorporated under National Currency Act. — A state court has jurisdiction of an action brought by a borrower against a national bank to recover the penalty prescribed by the National Currency Act for exacting and receiving usurious interest on loans. Lynch v. Merchants’ Nat. Bk., 22 W. Va. 554.
Foreign Railroad Company — Operation of Road in This State —Where a foreign railroad company constructs and operates its road in this state by legislative authority, it becomes a domestic corporation and is liable to be sued in the courts of this state. Balt., etc., R. Co. v. Gallahue, 12 Gratt. 655, and note.
IV. CONCURRENT, EXCLUSIVE AND ANCILLARY JURISDICTION. — See infra, “Equity Jurisdiction,’* sec. V, “Concurrent Jurisdiction,*’ and sec. Ill, 6, “Ancillary Jurisdiction.”
Concurrent — Violation of Revenue Laws. — By the Acts of 1897-8, ch. 264, pp. 289-90, it is provided that the county and corporation courts, police justices, and justices of the peace shall have concurrent jurisdiction, among other things, of all violations of the revenue laws of this state. Catching and taking fish in the waters of the commonwealth without first having obtained a license and paid the required tax (Acts 1897-8, p. 864), is a violation of the revenue laws, and a county court has jurisdiction to indict and try persons for violation of this law. Morgan v. Com., 98 Va. 812, 35 S. E. Rep. 448.
Same — Cases of Fraud. — Concurrent jurisdiction in cases of fraud exists at law and in equity, and the latter will not refuse to act merely because there is also a remedy at the former. Poore v. Price, 5 Leigh 52, 27 Am. Dec. 582.
*606 Same — To Enforce Contribution. — The jurisdiction now assumed by courts of law to enforce contribution in some cases, does not affect the jurisdiction originally belonging to a court of equity. Wayland v. Tucker, 4 Gratt. 267, 50 Am. Dec. 76.
Same — Illegal Confinement under Authority of United States. — In cases of illegal confinement under color of the authority of the United States, the state courts have concurrent jurisdiction with the federal courts, except where the confinement is in consequence of a s^iit or prosecution pending in the courts of the United States. Ex parte Pool, 2 Va. Cas. 276.
Same — Court First Acquiring Jurisdiction Retains It. —It is well settled as a general rule that in cases of conflict of jurisdiction between two courts of concurrent jurisdiction, the court which first acquires cognizance of the controversy, or obtains possession of the property in dispute is entitled to dispose of it without interference or interruption from the coordinate court. Having first acquired jurisdiction, it is entitled to retain it to the exclusion of the other and should proceed to decide all proper questions in the controversy, and finally dispose of the case. Craig v. Hoge, 95 Va. 275, 28 S. E. Rep. 317; Spiller v. Wells, 96 Va. 598, 32 S. E. Rep. 46; Ford v. Watts, 95 Va. 192, 28 S.E. Rep. 179; Parsons v. Snider, 42 W. Va. 517, 26 S. E. Rep. 285.
As was said in Griffin v. Birkhead, 84 Va. 612, 5 S. E. Rep. 685; “Two courts, at one and the same time, cannot entertain suits over the same subject-matter and adjudicate the rights of the same persons thereto, contrary to the rule that there must not be a double investigation of the same matter.”
Same — Same— Limitations of Rule. — Even among courts of concurrent jurisdiction, the rule that the court which first obtains jurisdiction has the right to decide every question in the case, is subject to limitations, and is confined to suits between the same parties seeking the same remedy, and to such questions as properly arise in the progress of the suit first brought, and does not extend to all matters which may possibly bgcome involved. Davis v. Morriss, 76 Va. 21.
Same — Pending Suits In Two States. — A Virginia court has jurisdiction of a suit by the plaintiff, a resident of Virginia, who is the legatee of a deceased citizen of Mississippi, against the executors of the trustee of the legacy for a breach of trust, although there be pending in the latter state another suit by another legatee, to which the plaintiff and the executors of the trustee are parties. Davis v. Morriss, 76 Va. 21.
Same — Exception—Creditors’ Suits — Creditors’ suits form an exception to the general rule which pertains to conflict of jurisdiction between co-ordinate courts, for in that class of suits each suit has the same general object and contemplates the same general relief. But no other creditor is required to await or rely on the diligence of him who has first instituted his suit, for until a decree of reference, each complainant has control of his own suit, and may dismiss it before a decree of reference is made in it, but after such decree is made in any suit, all proceedings in the other suits, even in the first suit brought, must be stayed. Craig v. Hoge, 95 Va. 275, 28 S. E. Rep. 317; Spiller v. Wells, 96 Va. 598, 32 S. E. Rep. 46; Piedmont, etc., Ins. Co. v. Maury, 75 Va. 508; Stephenson v. Taverners, 9 Gratt. 398. See monographic note on “Creditors’ Bills,” appended to Suckley v. Rotchford, 12 Gratt. 60.
Exclusive — Common-Law Courts — Recovery of Stock Subscriptions — No Vested Right to Remedy. — The act of December 22,1897, vesting courts of common law with exclusive jurisdiction of suits for the recovery of unpaid stock subscriptions, is not invalid as taking away a vested right to sue in equity, since the right of a remedy existing when an obligation, is established, is not a vested right, within the con-' stitution. Shickel v. Berryville, etc., Co., 99 Va. 88, 37 S. E. Rep. 813. See monographic note on “Constitutional Law.”
Ancillary — Injunction to Sale of Real Estate. — Where an injunction to restrain the sale of real estate in another county is sought, as ancillary to this relief, the court of the county or city where the defendants, or some of them reside, has jurisdiction of the cause, and the order properly proceeds from the court of that county or city. Winston v. Midlothian Coal Min. Co., 20 Gratt. 686, and foot-note.
V. DIVESTITURE OF JURISDICTION. — See infra, “Criminal Jurisdiction,” sec. II, “Divestiture of Jurisdiction.”
1. Repeal oe Statute.
Effect on Pending Cause. — Where a bill was filed in a county court for the sale of a ward’s real estate, when that court had jurisdiction of such cases, the repeal of the statute giving it jurisdiction while the cause is pending, will not affect the validity of its decree entered after the repeal of the statute. Pennybacker v. Switzer, 75 Va. 671.
Justice of the Peace — Restrained by Prohibition.— Where an enactment of the legislature which authorized certain causes of action has been repealed, the jurisdiction of the justice of the peace over the same is repealed therewith, and he cannot, under the pretense of deciding whether such enactment has been repealed or not, take jurisdiction of such causes of action, and, if he does so, he is guilty of exceeding his legitimate powers, subjecting him to restraint by prohibition. Norfolk & W. Ry. Co. v. Pinnacle Coal Co., 44 W. Va. 574.30 S. E. Rep. 196.
2. Disability oe Defendant.
Effect on Pending Cause. — Where a court has fairly acquired jurisdiction of a cause and the parties, that jurisdiction continues notwithstanding the subsequent disability of the defendant, as where process was served upon a defendant prior to his conviction of a felony, and judgment by default was obtained against him while confined in the penitentiary. Neale v. Utz. 75 Va. 480.
The three succeeding cases, while not directly in point with the preceding case, are cited in connection with the general principle of exemption and privileges from suit.
Exemptions to Members of General Assembly. — It was held in M’Pherson v. Nesmith, 3 Gratt. 237, that the act, 1 Rev. Code, ch. 51, § 31, did not privilege members of the general assembly, during the period therein prescribed, from the issuing of process against them; but it privileged them from the service of such process. Upon the commencement of the privilege all proceedings prior to that time should cease until its termination. But if an office judgment be rendered against him contrary to the above, then he might set aside by motion at the next term all proceedings, although his privilege had then ceased.
Same —Waiver.— But this privilege must be claimed, as it maybe waived, and cannot be noticed ex officio by the courts. Thus if a member of assembly allows a judgment to be rendered against him during the period of his privilege, and does not *607 seek to eitlier alíate or suspend them daring the progress of the proceedings, he will he deemed to have waived his privilege, and will not he after-wards allowed the writ of error eoram'oobis to reverse the judgment. Prentis v. Com., 5 Rand. 697.
Judgment Recovered against Defendant in Confederate Army. — In Turnbull v. Thompson, 27 Gratt. 306, the defendant having been sued and judgment recovered against him whilst he was in the military service of the confederate states, it was held that the court in which the action was brought could not know, unless the matter was brought to its attention. that the defendant was in such service. If he was so situated that he could not plead the exemption, he ought to do so within a reasonable time after his disability was removed.
3. RECESSION Ok Territory.
■Effect on Remanded Cause. — A cause pending in the supreme court of the United States at the time the county of Alexandria was receded to the state of Virginia was properly heard by that court after that time, and it was proper for its decision to be sent down to the circuit superior court for that county, and is to be enforced by that court. McLaughlin v. Bk. of Potomac, 7 Gratt. 68.
4. iwjoai Extension.
By Inferior Tribunals — Usurpation of Power. — The jurisdiction of inferior tribunals is fixed by law, and for such a tribunal, even though in good faith, to extend its jurisdiction beyond the limitations of law, is to make it guilty of usurpation and abuse of power. Norfolk & W. Ry. Co. v. Pinnacle Coal Co., 44 W. Va. 574. 30 S. E. Rep. 196.
Same — Same—Pretense of Determining Its Jurisdiction. — Under pretense of determining its j urisdiction, an inferior tribunal cannot usurp a jurisdiction which is denied to it, nor, having jurisdiction of the subject-matter in controversy, abuse or exceed its legitimate powers. Norfolk & W. Ry. Co. v. Pinnacle Coal Co., 44 W. Va. 574, 30 S. E. Rep. 196.
Same — Same—Prohibition.-Mn all cases of usurpation and a bnse of power, when the inferior court has no jurisdiction of the subject-matter in controversy, or, haying such jurisdiction, exceeds its legitimate powers, prohibition now lies as a matter of right, and not as a matter of sound judicial discretion. Norfolk & W. Ry. Co. v. Pinnacle Coal Co., 44 W. Va. 574, 30 S. E. Rep. 196.
Valid in Part — Void in Part. — A judgment may be valid to the extent of the jurisdiction to render it, while so much of it as is in excess of jurisdiction is void. Wade v. Hancock, 76 Va. 620.
Justice of the Peace — Causes Unknown to Common Law and Statute. — Although a justice of the peace has jurisdiction of civil actions of debt, he exceeds his legitimate powers whenever he extends such jurisdiction to include matters of controversy or causes of action unknown to the common law, and unauthorized by legislative enactment. Norfolk & W. Ry. Co. v. Pinnacle Coal Co., 44 W. Va. 574, 30 S. E. Rep. 196.
Jurisdiction flay Be Exceeded in Progress of Cause.— It is an elementary principle of jurisprudence that jurisdiction of the subject-matter and of the parties is essential to the conclusiveness of a judgment or decree. And though the court may obtain jurisdiction rightfully, yet its decrees may be void, because, in the progress of the cause, it has exceeded its jurisdiction. Seamster v. Blackstock, 83 Va. 232, 2 S. E. Rep. 36.
VI. PRESUMPTIONS OP JURISDICTION.
1. Superior Courts op General Jurisdiction.

a. Exercising General Powers.

Presumption of Jurisdiction in Favor of Superior Courts of General Jurisdiction. — A superior court of general jurisdiction, proceeding within the general scope of its powers, is presumed to have j urisdiction until the contrary appears, and this presumption embraces jurisdiction of the subject-matter, and of the parties. Devaughn v. Devaughn, 19 Gratt. 564; Gilchrist v. W. Va. etc., Co., 21 W. Va. 118; Pulaski Co. v. Stuart, 28 Gratt. 872; Cox v. Thomas, 9 Gratt. 323.
Same — Want of Jurisdiction Hust Not Appear by Record. — While it is well settled that every reasonable presumption will be indulged in support of the legality and validity of the judgment of a court of competent jurisdiction, when both the parties and' the subject-matter are within the territorial limits of the court’s jurisdiction, yet with respect to such courts, no presumption is allowable when the want of jurisdiction affirmatively appears on the face of its proceedings. This rule only applies when, the record is silent on the auestion of jurisdiction, and no presumption will be indulged in support of the determination of any auestion that the record does not expressly or by necessary implication show to have been determined. If it does not appear by the record, then the judgment or decree is of no greater force than that of an inferior court acting beyond its powers. Dillard v. Central, etc., Co., 82 Va. 734, 1 S. E. Rep. 124; Wynn v. Heninger. 82 Va. 172; Wade v. Hancock, 76 Va. 620; Hill v. Woodward, 78 Va. 767; Fowler v. Lewis, 36 W. Va. 112, 14 S. E. Rep. 447. See discussion of this subject, by Mr. Justice Field in Galpin v. Page, 18 Wall. (U. S.) 350.
Same — Of Foreign State — Proof.—If the court of a. foreign state which rendered a judgment, was a court of general jurisdiction, the presumption is that it had jurisdiction of the particular case, and to render its judgment void, this presumption must be overcome by proof. Stewart v. Stewart, 27 W. Va. 167; Gilchrist v. W. Va.. etc., Co., 21 W. Va. 115.
County Courts Held Courts of General Jurisdiction.— It was held in Devaughn v. Devaughn, 19 Gratt. 556, that county courts were courts of general jurisdiction, and that in proceedings under § 9, ch. 110, Code of 1860, for the assignment of dower, it is to be presumed, in the absence of proof to the contrary, that the court had jurisdiction of the case and had proceeded regularly in it.

d. Exercising Special Powers.

By Special Statute — ninisterial Exercise, — Where a special statute confers special powers upon a court of general jurisdiction, no presumption of jurisdiction will attend its judgments, where those powers are only exercised ministerially, and not judicially, and the facts essential to the exercise of the special jurisdiction must appear on the face of the record. Pulaski County v. Stuart, 28 Gratt. 872; Dinwiddie County v. Stuart, 28 Gratt. 531; Chesterfield County v. Hall, 80 Va. 321. Each of the above cases distinguishes the case of Ballard v. Thomas, 19 Gratt. 14, which is a case where the court was proceeding under its ordinary jurisdiction, and not where it proceeded under a special statute, and its action, was ministerial, not judicial. See note to Ballard v. Thomas, supra.
2. Ineekior Courts oe Limited Jurisdiction.
No Presumption in Favor of Inferior Courts. — With' respect to inferior courts, jurisdiction is never- *608 presumed in their favor, hut the record or evidence must affirmatively show that it exists, or their judgments will he deemed void; hut this rule only applies to questions of jurisdiction of the subject- ; ■ ■ - matter. Hill v. Pride, 4 Call 107; Ballard v. Thomas, 19 Gratt. 14; Devaughn v. Devaughn, 19 Gratt. 556; Western Union Tel. Co. v. Bright, 90 Va. 778, 20 S. E. Rep. 146; Mayer v. Adams, 27 W. Va. 245.
Interior Court Judge of Its Own Jurisdiction.— Where an inferior court has general jurisdiction of the subject-matter, it must exercise its own judgment as to the sufficiency of the process by which it acquires jurisdiction of the special subject or person in any particular case, and an erroneous judgment in that regard is no ground for a writ of prohibition, but is the subj ect of a writ of error. But this general rule is subject to this modification, that where, the inferior courts having a general jurisdiction of the subject-matter in controversy, it clearly appears that in the conduct of the trial they, have exceeded their legitimate powers, for which there is no adequate remedy in the ordinary course of proceedings, the writ of prohibition will lie in such cases under the West Virginia statute and under ■ ■ . the general principles of law. McConiha v. Guthrie, 21 W. Va. 134; Supervisors v. Gorrell, 20 Gratt. 484; Swinburn v. Smith, 15 W. Va. 483.
Prohibition Only Lies for Clear Excess of Jurisdiction. —The rule seems tobe well established that where an inferior court has, originally, jurisdiction of the cause, prohibition will only lie when the court clearly exceeds its jurisdiction or powers in collateral matters. McConiha v. Guthrie, 21 W. Va. 134. See Ex parte Ellyson, 20 Gratt. 10, and note.
Summary Motion — Proof of Defendant’s Residence-Presumption. — Where an act of assembly authorizes a judgment, by motion in a summary way, in the court of the county where the defendant resides, the plaintiff is bound to prove the defendant’s residence, though no objection is made on his part: for the court will presume nothing in favor of a summary motion. Mayor v. Hunter, 2 Munf. 228.
Jurisdiction Must Be Affirmatively Shown. — The judicial facts necessary to give courts of special and limited jurisdiction a right to actmust appear in the record of its proceedings, or such proceedings will be regarded as had without any jurisdiction and therefore as absolute nullities. Mayer v. Adams, 27 W. Va. 245; Yates v. Taylor County Court (W. Va.), 35 S. E. Rep. 24. This rule applies as well in real as in transitory actions. Hill v. Pride, 4 Call 107.
Same — United States District Court. — The district court of the United States is a court of limited jurisdiction, and it is necessary to give validity to its decrees and orders, that its j urisdiction of the case should be shown by the record. And where this is not sh,own a decree is null and void. Mason v. Tuttle, 75 Va. 105.
Same — Legislature flay Change Rule. — While the general rule is that the jurisdiction of a court of limited jurisdiction must appear by the record, yet it is in the power of the legislature to change the rule and declare that it shall be presumed, until ' the contrary appears. Rutter v. Sullivan, 25 W. Va' 427.
VII. EFFECT OF POSSESSION AND WANT OF : JURISDICTION. — See infra, sec. X, 7, “Collateral ' Attack.” ,
l. Possession or jurisdiction.
Effect of Possession of Jurisdiction. — A judgment i may be directly attacked for irregularity, but this : can only be done in a direct proceeding in the same : court, orinan appellate court; if a court has jurisdiction it is immaterial how erroneous its proceedings are, when its judgment is collaterally called in question. Pennybacker v. Switzer, 75 Va. 671; Woodhouse v. Fillbates, 77 Va. 317; Wimbish v. Breeden, 77 Va.324; Perkins v. Lane, 82 Va. 59; Allan v. Hoffman, 83 Va. 129, 2 S. E. Rep. 602; Lawson v. Moorman, 85 Va. 880, 9 S. E. Rep. 150; Pugh v. McCue, 86 Va. 475, 10 S. E. Rep. 715; Lemmon v. Herbert, 92 Va.653, 24 S.E. Rep. 249; Harman v. Stearns, 95 Va.58, 27 S.E.Rep.601; Cox v. Thomas, 9 Gratt. 323; Cline v. Catron, 22 Gratt. 378; Lancaster v. Wilson, 27 Gratt. 624; Smith v. Henning, 10 W. Va. 596; Hall v. Hall, 12 W. Va. 1; Patton v. Merchants’ Bank, 12 W. Va. 587; Keystone Bridge Co. v. Summers, 13 W. Va. 476; Northwestern Bank v. Hays, 37 W. Va. 475, 16 S. E. Rep. 561; Withrow v. Smithson, 37 W. Va. 757, 17 S. E. Rep. 316; Braddock Bank v. Hyer, 46 W. Va. 13, 32 S. E. Rep. 1000.
Same — Suit against Domiciliary Executors — Effect on Executors and Administrators. — A decree against a domiciliary executor binds every executor of the same will in every jurisdiction, and it may be enforced against an administrator d. b. n. of the decedent in any jurisdiction. Garland v. Garland, 84 Va. 181, 4 S. E. Rep. 334.
Same — Decree of Former Term inter Partes. — A court cannot examine the propriety of a decree made at a former term inter partes, nor set aside such decree of a former term, on the ground that it decided matters coram. non judiee at the time. Bank of Va. v. Craig, 6 Leigh 399.
Same — Administration—Administration De Bonis Non. — When the administration of a decedent’s estate has been duly granted by any court of competent jurisdiction, that same court only, upon the death of the administrator, has jurisdiction to grant administration de bonis non. Ex parte Lyons, 2 Leigh 761.
Same — Judgment Conclusive until Reversed. — Where a court by statute has jurisdiction of the subject-matter and parties, its judgment is conclusive on the parties, until reversed, although it may be erroneous. This is ‘ true independent of statute. Balt., etc., R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812; Peirce v. Graham, 85 Va. 227, 7 S. E. Rep. 189.
Same — Probate Proceedings. — It was said in Connolly v. Connolly, 32 Gratt. 657, that the then state of the law of probate was in Virginia, that a sentence pronounced by a court having jurisdiction, whether admitting or excluding the paper, as long as it remains in force, binds conclusively not only the immediate parties, but all other persons, and all other courts.
2. Want or jurisdiction.
' ' : ' , i : : Effect of Want of Jurisdiction. — If. a court does not have jurisdiction, it is a matter of no importance however correct its proceedings and decisions may be; its j udgments are nullities, and may not only be set aside in the same court, but may be declared void by every court in which they are called in question. Wade v. Hancock, 76 Va. 620 ; Lavell v. McCurdy, 77 Va. 763 ; Dillard v. Central, etc.. Co., 82 Va. 735 ; Seamster v. Blackstock, 83 Va. 232, 2 S. E. Rep. 36; Anthony v. Kasey, 83 Va. 338, 5 S. E. Rep. 176; Gresham v. Ewell, 85 Va. 1, 6 S. E. Rep. 700; Blanton v. Carroll, 86 Va. 539, 10 S. E. Rep. 329 ; Staunton, etc., Co. v. Haden, 92 Va. 201, 23 S. E. Rep. 285 ; Underwood v. McVeigh, 23 Gratt. 418 ; Gray v. Stuart, 33 Gratt. 351; Houston v. McCluney, 8 W. Va. 135 ; Fowler v. Lewis, 36 W. Va. 112, 14 S. E. Rep. 447 ; Hoback v. Miller, 44 W. Va. 635, 29 S. E. Rep. 1014.
*609 Same — Apparent from Record — Void Everywhere.— ¡ Jurisdiction of the person and of the subj eel-matter are prerequisites and must exist before a court can render a valid judgment or decree, and a judgment, which appears upon the face of the record to have been rendered without jurisdiction of the subject-matter or person, is absolutely void, whenever it is called in question. Wade v. Hancock, 76 Va. 620 ; Dorr v. Rohr, 82 Va. 359 ; Blanton v. Carroll, 86 Va. 539, 10 S. E. Rep. 329 ; Haymond v. Camden, 32 W. Va, 180 ; Seamster v. Blackstock, 83 Va. 232, 2 S. E. Rep. 36.
Same — Proceedings after Cause Ended. — Where a cause is ended and final decree is entered, the court has no further jurisdiction either of the subject-matter or of the parties and any subsequent proceedings without notice are void, and will be so treated everywhere. Johnson v. Anderson, 76 Va. 766.
Same — Letters of Administration. — Betters of administration granted by a court having no jurisdiction to grant them, are merely void ; and the court having competent jurisdiction to grant the administration, may proceed to grant it, though the letters of administration before improperly granted, have not been revoked. Ex parte Barker, 3 Leigh 719.
Same — Defendant Nonresident with No Assets Here. —A bill against a defendant, not an inhabitant of this country, and having no property therein, cannot be sustained. Hopkirk v. Bridges, 4 H. & M. 413.
Same — Effect of Dismissal of Suit Not Conclusive on Parties. — It is no objection to the jurisdiction of one chancery court, that a suit, not conclusive of the rights of the parties, had been dismissed in another district. Carter v. Campbell, Gilmer 159.
YIII. JURISDICTION IN VACATION. — See mon-ographic note on “Decrees” appended to Evans v. Spurgin, 11 Gratt. 615.
Depends on Statute — Consent.—It was held in Tyson v. Glaize, 23 Gratt. 799, which case was approved in Chase v. Miller, 88 Va. 795, 14 S. E. Rep. 545, that the circnit court had no authority to make a decree in a cause in vacation, except when authorized by statute; and that consent could not give jurisdiction. But see § 3427, Code 1887. as amended by Acts 1897-8, p. 754, allowing consent to give jurisdiction.
Same — Entry In Vacation— Kinports v. Rawson, 29 W. Va. 487, 2 S. E. Rep. 85, is authority for the proposition that a court, without statutory authority, cannot enter a decree in vacation.
Circuit Courts — General Powers. — Section 60 of ch. 126 of the Code oí W. Va. 1868, provides that the circuit court shall have control of all proceedings in the office, during the preceding vacation. It may reinstate any cause discontinued during such vacation, set aside any of the said proceedings, or correct any mistake therein, and make such order concerning the same, as may be just. Baylor v. Balt., etc., R. Co., 9 W. Va. 270; State v. Martin, 38 W. Va. 568, 18 S. E. Rep. 748.
Same — Same—Power of Judge. — The circuit court, in term time, and at all times and places prescribed by statute, may exercise the powers and functions conferred upon it as a court of original and general jurisdiction. But the judge, acting in vacation, has no authority except that expressly conferred by the statutes under which he acts, and by the terms of which he is necessarily restricted. Thus § 3436 of the Virginia Code, which authorizes the circuit judge to hear and determine in vacation whether a judgment of the lower court is right or wrong, does not authorize him to inquire as to the appeal bond, and order a new one, or other security to it. If he enters such order it is coram non judice and void. Chase v. Miller, 88 Va. 795, 14 S. E. Rep. 545.
Same — Applies to Hustings Court Having Powers of Chancery Court. — Under Va. Code 1873, ch. 167, § 53, which provides that any chancery cause may be submitted by conseut to the judge of the court where it is pending for decision in vacation, a judge of the hustings court of Richmond, sitting as judge of the chancery court, under Acts 1869-70, p. 427, authorizing the judge of the hustings court in certain cases to discharge any duty of the judge of the chancery court, is for that time a judge of that court, and a decree entered by him in vacation is valid. Morriss v. Va. Ins. Co., 85 Va. 588, 8 S. E. Rep. 383.
Bills of Exception Signed in Vacation — West Virginia Rule. — prior to ch. 100, Acts of 1891 (§ 9, ch. 131, Code of 1899), a bill of exception or certificate of evidence must be signed before the close of the term of final judgment. Subsequent to that act, and in accordance with its provisions, thirty days are allowed after term for the signing of such bills. Welty v. Campbell, 37 W. Va. 797, 17 S. E. Rep. 312; State v. McGlumphy, 37 W. Va. 805, 17 S. E. Rep. 315. The judge cannot extend the time beyond thirty days after term, because the statute limits the time to that period, and any bil] of exception made after that time is void, and no part of the record. Jordan v. Jordan (W. Va.), 37 S. E. Rep. 556.
Same — Virginia Rule. — In the recent case of Va. Dev. Co. v. Rich Patch Iron Co.. 98 Va. 700, 37 S. E. Rep. 280,,it was held, reviewing the decisions on the question, that the court could not sign a bill of exception in vacation under any circumstances, either by reserving leave or by consent, where no power in vacation had been expressly conferred by statute. And that an act providing that on the trial of a case, exceptions may be taken, and when properly tendered and signed should be a part of the record, gave no authority for the signing of the exceptions after the close of the term, except where the court had reserved some control over the case. The result of this decision was the amendment of § 3385 of Ya. Code 1887, by ch. 172, Acts of 1901, which authorizes the signing of bills of exception within thirty days after the end of the term, or at such other time as the parties by consent entered of record shall agree upon. See monographic note on “Bills of Exception” appended to Stoneman v. Com., 25 Gratt. 887.
IX. JURISDICTION OVER LEGISLATIVE DEPARTMENT. — See monographic note on “Constitutional Baw.”
Sole Jurisdiction in Legislature — No Inquiry of Verity of Facts on Which Act Is Based. — Where the legislature has sole jurisdiction of a subject, the courts cannot inquire into the truth or falsity of facts upon which an act in regard to the subject is predicated. Lusher v. Scites, 4 W. Va. 11.
Expediency of Exercise of Powers. — The general assembly having the power to extend the boundaries of the city of Richmond, the justice or expediency of it is not a question of which the courts can take jurisdiction. Wade v. City of Richmond, 18 Gratt. 583. See Slack v. Jacob, 8 W. Va. 639; Board of Education v. Board of Education, 30 W. Va. 424, 4 S. 35. Rep. 640.
Act Unconstitutional Giving Legislative Powers to Courts. — Act of West Virginia 1875, ch. 72, so far as it attempts to confer upon the circuit courts the power *610 to “supersede, revoke or annul” an ordinance of a city, upon the petition of ten taxpayers residing in said city, is unconstitutional because suck power is legislative, and therefore forbidden to be exercised by the courts of the state. Shepherd v. City of Wheeling, 30 W. Va. 479, 4 S. E. Rep. 635.
X. OBJECTIONS TO JURISDICTION.
1. Objections in General.
Must Be Taken at Early Stage of Cause. — When want of jurisdiction arises from formal defects in the process, or when the want of jurisdiction is over the person, it must be taken advantage of in the early stages of a cause. Western Union Tel. Co. v. Pettyjohn, 88 Va. 296, 13 S. E. Rep. 431.
Prior Judgment at Law — Evidence—Inspection of Record. — In any action or proceeding at law upon a judgment of a court of general jurisdiction between the parties thereto, in which such judgment may be used as evidence of the right established, the defendant cannot show as a matter of defence at law that the court did not acquire jurisdiction, except by an inspection of the record. Wandling v. Straw, 25 W. Va. 692.
2. dismissai, without Objection.
No Demurrer. — If a court has no jurisdiction, it will dismiss a bill on the hearing, although there was no demurrer. Cresap v. Kemble, 26 W. Va. 603; Poindexter v. Burwell, 82 Va. 507; Green v. Massie, 21 Gratt. 356; Salamone v. Keiley, 80 Va. 86.
No Plea In Abatement — Answer Plied. — By Rev. Code, vol. 1, p. 66, it is provided that if it appear from the face of the bill that the matter thereof is not proper for a court of equity, it should be dismissed even after answer filed, and no plea in abatement to the jurisdiction of the court. Pollard v. Patterson, 3 H. & M. 67.
Joint Defendants — Bill Confessed as to One — Dismissal as to Both. — In a suit against a guardian, the surviving justices who appointed him, and the representatives of a deceased justice, the surviving justices answer, but the bill is taken for confessed against the representatives of the deceased justices. The court not having jurisdiction against the justices, and their representatives, the bill should be dismissed as against both. Austin v. Richardson, 1 Gratt. 310.
Attachment In Equity — Defendant without Interest In Property. — Where a defendant has no estate, right, title or interest in or to the land which has been attached in an equitable proceeding, it is proper to dismiss the bill for want of jurisdiction. It is the attachment that gives the jurisdiction in such case, and if there is nothing to attach there is no ground for the jurisdiction. Culbertson v. Stevens, 82 Va. 406, 4 S. E. Rep. 607.
Pleadings in Justices’ Courts. — The pleadings in justices’ courts.are prescribed by statute, andaré intended tobe as simple and free from technicalities as a due regard to the rights of the litigants will permit. No provision is made for pleas in abatement in these courts, and as a substitution for such pleas to the jurisdiction of a justice it is provided that an action shall be dismissed at the cost of the plaintiff whenever it appears that the justice has no jurisdiction. Todd v. Gates, 20 W. Va. 464.
3. Peea in Abatement. — See monographic note on “Pleas in Abatement” appended to Warren v. Saunders, 27 Gratt. 259.
Proper Mode of Objection When Proceedings Show Proper Matter. — In accordance with the provisions of § 19, ch. 171, Code of 1860, the only proper way to except to the jurisdiction of a court, when the proceedings show upon its face proper matter for the jurisdiction, is by plea in abatement. Bank of the Valley v. Gettinger, 3 W. Va. 309.
It is similarly provided by § 3260 of the Code of 1887, that where a bill shows on its face matters proper for the jurisdiction of the courts, and the parties are within its jurisdiction, no exception for want of such jurisdiction shall be taken except by plea in abatement. Wells v. Hughes, 89 Va. 543, 16 S. E. Rep. 689; Cox v. Cox, 95 Va. 173, 27 S. E. Rep. 834.
Transitory Actions — Objections Made by Plea, Not by Demurrer. — “In a transitory action it is unnecessary to aver in the declaration that the cause of action arose, or that the matter is within the jurisdiction of the court. Code, §§ 3243-4 ; 4 Min. Inst. (3d Ed.) 574-5, 590, 955-6; 3 Rob. Pr. (New Ed.) 503-505. In these actions objections to the jurisdiction of the court must be made by plea in abatement, and not by demurrer.” Code, § 3260; Norfolk, etc., R. Co. v. Ampey, 93 Va. 108, 25 S. E. Rep. 226.
Same — Plea Should Give Defendant Better Writ. — A plea to the jurisdiction of a court is bad when it omits the prayer for judgment, and fails to state that the cause of action did not arise within the jurisdiction of the court, and does not state where it did arise, and fails to give the plaintiff a better writ by showing what court of the state has jurisdiction of the cause of action. As a general rule a plea to the jurisdiction of a court in a transitory action must show a more proper and sufficient jurisdiction. Guarantee Co. v. Nat. Bank, 95 Va. 480, 28 S. E. Rep. 909. See also, Middleton v. Pinnell, 2 Gratt. 202; Raine v. Rice, 2 P. & H. 529; Hortons v. Townes, 6 Leigh 58.
Objections Should Be Made before Pleas In Bar,— Objections to the jurisdiction of a court must be taken by plea in abatement, before the defendants plead in bar. Code 1849, ch. 171, § 19; Wash., etc., Tel. Co. v. Hobson, 15 Gratt. 122.
Demurrer and Reply Cannot Be Hade to Plea. — A plaintiff cannot both demur and reply to a plea to the jurisdiction. Ches., etc., R. Co. v. American Exch. Bk., 92 Va. 495, 23 S. E. Rep. 935.
Pending Cause in Lower Court Good Plea. — A plea to the jurisdiction of the court of appeals that a suit is pending in an inferior court for the same matter, is proper. Johnston v. Bower, 4 H & M. 487.
Attachment of Real Estate — Suit Brought Where Defendant Resided — Plea Overruled. — In an attachment of real estate a plea to the jurisdiction of the court was properly overruled where the suit was brought in the county where one or more of the defendants resided, although the real estate was situated in another county, and the principal defendant was a nonresident. Porter v. Young, 85 Va. 49, 6 S. E. Rep. 803.
Suit for Freedom — Court of General Jurisdiction— Objection by Plea or Motion. — In a suit for freedom though the detention of the plaintiff where the suit was brought is necessary to give the court jurisdiction, yet where the court has general jurisdiction over the subject-matter of controversy, the objection to the exercise of jurisdiction in the particular case is a matter in abatement and should be so pleaded, or brought to the notice of the court by rule or motion before the jury is sworn. Hunter v. Humphreys, 14 Gratt. 287. See also, Ratcliff v. Polly, 12 Gratt. 528.
4. Motion and Demurrer.
Motion. — The proceedings of a court without jurisdiction of the person or subject-matter may be set *611 aside and vacated on motion. Hooe v. Barber, 4 H. & M. 439. See Hunter v. Humphreys, 14 Gratt 287; Ratcliff v. Polly, 12 Gratt 528.
Motion and Demurrer — Other Ways. — Questions of jurisdiction may be appropriately raised by a motion for instruction, by demurrer, by motion in arrest of judgment on general issue, or by writ of error. Ryan v. Com., 80 Va. 385, Philips’ Case, 19 Gratt 519.
Demurrer. — The question of jurisdiction may always be raised by demurrer, and though no objection has been so taken, the court will dismiss at the hearing if it does not state a case proper for relief. Poindexter v. Burwell. 82 Va. 507; Green v. Massie, 21 Gratt. 356; Salamone v. Keiley, 80 Va. 86.
Habeas Corpus Sued Out as Contrivance for Jurisdic» tion. — Where a writ of habeas corpus was sued out as a contrivance to give to the court jurisdiction by bringing the defendant before it. such court on the motion of the defendant to dismiss the suit, should issue a rule on the plaintiff to show cause why the suit should not be dismissed, and thereupon decide the question of jurisdiction. Ratcliff v. Polly, 12 Gratt. 528.
Cause Dismissed Whenever Brought to Notice of Court. — Whenever a cause of action is not within the j urisdiction granted by law to the tribunal, the court will dismiss the suit at any time when the fact is brought to its notice. Western Union Tel. Co. v. Pettyjohn, 88 Va. 296. 13 S. E. Rep. 431.
5. Forelgn Judgments.
When Entitled to “Pull Faith and Credit.” — A judgment of a sister state is not entitled to “full faith and credit’' unless the court rendering it has jurisdiction of the person and subject-matter. Crumlish v. Central Imp. Co., 38 W. Va. 390. 18 S. E. Rep. 456. See monographic note on “Constitutional Haw.”
Jurisdiction May Be Inquired into. — Where a judgment rendered in another state is sought to be enforced in a court in West Virginia, they may inquire into the jurisdiction of the court which rendered it, and if it appear that the court which rendered the judgment had no jurisdiction, the judgment is void, bntif it had jurisdiction it is valid and binding in this state. Stewart v. Stewart, 27 W. Va. 167; Gilchrist v. W. Va., etc., Co., 21 W. Va. 115.
Effect a Question of Constitutional Obligation. — It is a question whether a state will in good faith live up to the constitutional obligations assumed, and not a question of state policy, whether effect will be given to the judgments of the courts of competent jurisdiction of other states. Stewart v. Stewart, 27 W. Va. 167.
Patent of Sister State for Land — Entitled to Pull Faith and Credit, — A patent for land granted by a sister state is one of those public acts to which every other state is bound to give full faith and credit under the constitution of the United States; therefore the validity of such patent cannotbe collaterally drawn in question in the courts of another state on the ground that the survey on which it was found was a forgery. Lassly v. Fontaine, 4 H. & M. 146, 4 Am. Dec. 510.
6. Waiver oip Objections. — See infra. “Equity Jurisdiction,” sec. VII, “Waiver of Objections.”
Lack of Jurisdiction of Subject-Matter Cannot Be Waived. — The objection that a court has no lawful power to act by reason of lack of jurisdiction of the subject-matter, cannot be waived; it is fatal to the proceedings at any time. Poindexter v. Burwell, 82 Va. 507; Beckley v. Palmer, 11 Gratt. 625.
No Objection after Joinder of Issue. — It is too late after issue is joined, to object to the jurisdiction of the court, on the ground of the nonresidence of the defendant. Monroe v. Redman, 2 Munf. 240.
Appearance for Any Cause Other Than to Object to-Execution of Process Is Waiver. — By making an appearance in a cause, for any other purpose than to take advantage of the defective execution, or non-execution of process, a defendant places himself in the same situation as though process were executed upon him, and he thereby waives all objection to it, and a personal decree can be made against him. Mahany v. Kephart, 15 W. Va. 609; Stevens v. Brown, 20 W. Va. 450.
Same-Demurrer to Bill, — Where an original or amended bill is filed by leave of court, and the defendant appears and demurs thereto, he thereby waives any objection he may have for want of process, and submits himself to the jurisdiction of the court. Totten v. Nighbert, 41 W. Va. 800, 24 S. E. Rep. 627.
Same — Pleading to Action. — The defendant by appearing and pleading to an action waives all irreg u-larities in the service and filing of papers. Atlantic, etc., R. Co. v. Peake, 87 Va. 130, 12 S. E. Rep. 348.
Same — Piling Answer. — Where a bill in chancery states matter proper for relief in equity, and the defendant without pleading to the jurisdiction in abatement, answers the bill, he is precluded from taking exceptions to the jurisdiction afterwards by 1 Rev. Code, ch. 66, § 86. It is otherwise if the bill on its face shows a case not properly relievable in equity. Hickman v. Stout, 2 Leigh 6.
Same — Same—Attachment Proceeding, — Where a decree and sale in an attachment proceeding are declared void for the want of jurisdiction in the court, the owner of the land so sold by appearing and filing his answer asserting the invalidity of the sale, thereby becomes a party to the suit and waives the want of jurisdiction as to all the proceedings not objected to and asked to be set aside in his answer. Haymond v. Camden, 22 W. Va. 180.
Appearance without Objection Constitutes Waiver.-— Parties may by consent make up the pleadings and issue in a case, and have it docketed in any court having jurisdiction to try such a case. When the parties appear before such court, and make no objection to the regularity of the docketing, that court may exercise jurisdiction of the case; and the objection to the jurisdiction made for the first time after trial and judgment cannot be sustained. M’Alexander v. Hairston, 10 Leigh 486.
Thus, a bill was sustained where it was brought by a single surviving trustee of a town, for the purpose of asserting the rights of the inhabitants in common to certain lands annexed thereto, where the parties went to trial upon the merits without objecting to the jurisdiction. Mayo v. Murchie, 3 Munf. 358.
Exercise of Equity Jurisdiction at Defendant’s Instance. — Where a court of equity at the instance of the defendant, and without any objection to its jurisdiction took possession of slaves and directed them to be sold, and haying since held and controlled the proceeds, it was too late for the defendants to object to the jurisdiction of the court. Henley v. Perkins, 6 Gratt. 615.
Plaintiff Cannot Object — Pure Bill of Injunction.— And where the plaintiff in a pure bill of injunction institutes a suit in one county to restrain a sale of real estate situated in another, and the defendants answer and do not object to the jurisdiction, the plaintiff cannot afterwards raise the question of *612 jurisdiction. Muller v. Bayly, 21 Gratt. 521. See monographic note on “Injunctions” appended to Claytor v. Anthony, 15 Gratt. 518.
Bond Given by Committee of Lunatic under Appointment of Court of General Jurisdiction. — In 1853 the .court was a court of general jurisdiction, and was .invested by law with special jurisdiction over the persons and estates of lunatics. The sureties of a committee appointed by such court cannot object in another proceeding that the order was void, haying voluntarily entered into bond under such appointment. Panhill v. Calloway, 78 Va. 387.
7. Collateral Attack.
Judgments of Courts of General Jurisdiction in Scope of General Powers. — Where a court of general jurisdiction, having jurisdiction of the person and subject-matter, acts within the scope of its general powers, its judgment or decree will be presumed to be in accordance with its jurisdiction, and cannot be collaterally assailed. This rule of course does not apply when there is want of jurisdiction, or where there has been fraud. Shelton v. Jones, 26 Gratt. 891; Pulaski Co. v. Stuart, etc., Co., 28 Gratt. 879; Lawson v. Moorman, 85 Va. 880, 9 S. E. Rep. 150; Pennybacker v. Switzer, 75 Va. 671; Brengle v. Richardson, 78 Va. 406; Marshall v. Cheatham, 88 Va. 81, 13 S. E. Rep. 308; Grigg v. Dalsheimer. 88 Va. 508, 13 S. E. 993; Hill v. Woodward, 78 Va. 765; Wimbish v. Breeden, 77 Va. 324; Pugh v. McCue, 86 Va. 475, 10 S. E. Rep. 715; Wilcher v. Robertson, 78 Va. 602; Woodhouse v. Fillbates, 77 Va. 317; Building, etc., Co. v. Fray, 96 Va. 559, 32 S. E. Rep. 58; Lancaster v. Wilson, 27 Gratt. 629; Cox v. Thomas, 9 Gratt. 323; Gresham v. Ewell, 85 Va. 5, 6 S. E. Rep. 700; Davis v. Town of Point Pleasant, 32 W. Va. 289, 9 S. E. Rep. 228; Fisher v. Bassett, 9 Leigh 119; Devaughn v. Devaughn, 19 Gratt. 556; Durrett v. Davis, 24 Gratt. 302; Cline v. Catron, 22 Gratt. 378; Spilman v. Johnson, 27 Gratt. 33; Neale v. Utz, 75 Va. 487; Perkins v. Lane, 82 Va. 62. See also, note to Lancaster v. Wilson, 27 Gratt. 624, collecting other authorities on this point.
As was said in Howison v. Weeden, 77 Va. 710: “It is a well-established principle, that the judgment of a court of record, having jurisdiction of the cause and of the parties, is binding and conclusive upon parties and privies in every court until it is regularly reversed by some court having jurisdiction for that purpose. Notwithstanding the proceedings may be erroneous, yet, as between the parties, the judgment must stand until regularly vacated or reversed. Where a court has jurisdiction, it has a right to decide every question which arises in the cause, and whether its decision be correct or otherwise, its judgment, until reversed, is regarded as binding in every other court. In no collateral way can the parties question the correctness of a judgment which has been rendered between them in a court having jurisdiction of them and of the subj ect-matter. ” See also, Lawson v. Moorman, 85 Va. 880, 9 S. E. Rep. 150, and note to Cox v. Thomas, 9 Gratt. 312.
Applies Only to Unreversed Judgments. — But it is well established that only the reversed judgment of a court of competent jurisdiction is conclusive, .and cannot be collaterally attacked. Wimbish v. Breeden, 77 Va. 324; Woodhouse v. Fillbates, 77 Va. 317; Wilson v. Smith, 22 Gratt. 493. See Shelton v. Jones, 26 Gratt. 898.
Judgment Offered as Evidence Collaterally. — It is an axiom of law “that, when a judgment of a court is offered in evidence collaterally in another suit, its validity cannot be questioned for errors which do not affect the jurisdiction of the court which rendered it.” Cooper v. Reynolds, 10 Wall. (U. S.) 308; Miller v. White, 46 W. Va. 67, 33 S. E. Rep. 332.
County Court — Laying County Levy. — The county court which lays the county levy is not a special tribunal erected for that special purpose. It is the original county court, and that court is a court of general jurisdiction. And though the record does not show that the justices had been summoned or a majority were present, the act of the court in laying the levy cannot be questioned collaterally. Ballard v. Thomas, 19 Gratt. 14.
Same — Grant of Administration. — Where the county court commits an estate to the sheriff for administration, before the expiration of three months from the death of the intestate or testator, in such case the court having general jurisdiction to grant the administration, the act in committing the estate to the sheriff cannot be questioned in any collateral proceeding. Hutcheson v. Priddy, 12 Gratt. 85.
Circuit Courts — Presumption.—The circuit court is a court of general jurisdiction taking cognizance of all actions at law between individuals with authority to pronounce judgments and to issue execution for their enforcement. Where its jurisdiction is questioned it must decide the question itself, and whenever the subject-matter is a controversy at law between individuals, the jurisdiction is presumed from the fact that it has pronounced judgment, and the correctness of such judgment can only be inquired into by some appellate tribunal. Cox v. Thomas, 9 Gratt. 323.
Same — Motion against Sheriff for Deputy’s Default.— A judgment of a circuit court upon a notice and motion in favor of a creditor against a sheriff for the default of his deputy in not paying over money collected on an execution from the county court, is conclusive of the jurisdiction'of the court unless reversed on appeal; and its validity cannot be called in question by the deputy on a motion against Mm by the sheriff founded on the judgment. Cox v. Thomas, 9 Gratt. 323.
Judgment on Writ of Scire Facias for Money. — But a judgment on a writ of scire facias for money, and not merely for award of execution, is in excess of the jurisdiction of the court, and is absolutely void, and may be so declared either in a direct or a collateral proceeding. Lavell v. McCurdy, 77 Va. 763.
Failure to Comply with Details of Statute. — when jurisdiction is acquired in a particular case by statute, if the court fails to comply with the details of the statute in hearing the cause, the error may be reviewed upon appeal, but is no ground for collateral attack. Wimbish v. Breeden, 77 Va. 324.
Judicial Exercise of Special Powers. — Where a special statute confers special powers upon a court of general jurisdiction, its judgment cannot be collaterally assailed where such powers are judicially exercised. Pulaski County v. Stuart, 28 Gratt. 872, and note.
Where Court Proceeds without Notice No Presump= tion of Jurisdiction. — But when the record shows in any court, whether superior or inferior, that the court has proceeded without notice, any presumption in its favor is at an end, and it may not only be reversed as erroneous, but be impeached and set aside collaterally as void, the rendition of a judgment against a party not before the court in any way being as utterly void as though the court had undertaken to act when the subject-matter was not within its cognizance. Thus, where the original process, and the return thereon, showed the defend *613 ant was not included in either, a judgment against her was held to he void, as the presumption of jurisdiction was overcome. Blanton v. Carroll, 86 Va. 539, 10 S. E. Rep. 329; Fairfax v. City of Alexandria, 28 Gratt. 16, and note; Lawson v. Moorman, 85 Va. 880, 9 S. E. Rep. 150.
Courts of Record — Want of Jurisdiction Must Appear on Record. — Unless the want of jurisdiction appears on the face of the record, the validity of a judgment of a court of record cannot be collaterally attached on that ground. Wandling v. Straw, 25 W. Va. 692. See Poole v. Dilworth, 26 W. Va. 583.
Inferior Courts — Jurisdiction Shown by Record.— In the case of an inferior court, if the record shows that facts necessary to give it jurisdiction existed, its jurisdiction will not be open to attack, in a collateral proceeding. It is presumed that the courts ascertained that the facts giving it jurisdiction existed. Cecil v. Clark, 44 W. Va. 659, 30 S. E. Rep. 216.
Effect of Decision on Jurisdiction Assailed in Collateral Suit. — Where the jurisdiction of a court has been directly assailed in a collateral suit, in which it was decided that the first court had jurisdiction, such decision is conclusive of that question upon the parties in any subsequent direct proceeding or appeal taken in the same suit to correct or set aside the decrees of the first suit. Hall v. Lowther, 22 W. Va. 570; Western Min., etc., Co. v. Va., etc., Co., 10 W. Va. 250; Corrothers v. Sargent, 20 W. Va. 351.
Awards — Error Apparent on Face. — Under the statute an award cannot be set aside in a common-law court, except for error apparent on its face, or unless it has been secured by undue means or by wrongful conduct of the arbitrators. Moore v. Luckess, 23 Gratt. 160.
B. EQUITY JURISDICTION.
T. SCOPE. — It is difficult to classify precisely a jurisdiction so extensive and of such diverse application, and no attempt has been made in this article to completely analyze the broad subject of equity jurisdiction. Its numerous divisions and applications will be found treated in the monographic notes of this series, to some of which specific reference is made at the beginning of this article.
11. DISMISSAL FOR WANT OF JURISDICTION.-See supra, “General Jurisdiction,” sec. X.
Bill without Equity — Effect of Statute Requiring Exception to Jurisdiction to Be Made by Plea in Abatement. — The statute of 1787 provided “that after answer filed and no plea in abatement to the jurisdiction of the court, no exception for want of jurisdiction shall afterwards be made.” It washeld that notwithstanding the statute, the bill will be dismissed whenever it appears from its face that the matter was not proper for the jurisdiction of a court of equity, although the defendant had not pleaded in abatement. Pollard v. Patterson, 3B. & M. 67.
Same — No Amendment Could Give It. — When a bill is without equity on its face, and it appears from the depositions and the whole record, that no amendment of the bill could give equity jurisdiction of the case, it was proper to dismiss it. Surber v. McGlintic, 10 W. Va. 236.
Same. — A feme sole sold slaves and took the bond of the purchaser. On the same day she released the bond by will. Her will was offered for probate in Nelson county, and was continued. Before the next term the purchaser filed his bill in Nelson county against two defendants, allegingthatthe slaves had been in Stafford county, but before the will was probated the defendants had removed, or were removing them so as to put it out of the defendant’s power to regain possession of them. An inj unction was awarded, though neither the slaves nor the defendants had ever been In that county. The defendants objected to the jurisdiction, but set up no title to slaves except as next of kin to decedent. It was held to be no case for equitable jurisdiction, and if it were it could not have been exercised by the circuit court of Nelson county, and the bill was dismissed. Brent v. Peyton. 1 Rob. 604.
False Allegations. — Where a bill alleges proper matter for the jurisdiction of a court of equity, if it appears on the hearing that the allegations are false, the result is the same as if it had not been alleged; the bill will be dismissed for want of jurisdiction. Jones v. Bradshaw, 16 Gratt. 355.
Allegations Not Sustained by Proof. — Where fraud is alleged and proved, courts of equity have jurisdiction and will give relief; yet, if the allegations are notsustained by proof, the bill will be dismissed. Jones v. White, Wythe 113.
Discovery Not Needed. — Where the only allegation in a bill, as a ground of equitable jurisdiction, is a prayer for a discovery and it appears from the bill and answer that the complainant does not need a discovery, the bill will be dismissed. Hall v. Smith, 25 Gratt. 70.
Trespass 5et Up. — Where the allegations of a bill lacked certainty and precision, and it was also without equity because the action set up was virtually nothing but a trespass, the bill was demur-rable, and was dismissed. Cleaver v. Matthews, 83 Va. 801, 3 S. E. Rep. 439.
Failure of Attachment. — When a suit in equity, on a debt not mature when begun, rests for jurisdiction only on attachment, and that fails, the suit should be dismissed. Miller v. Zeigler, 44 W. Va. 484, 29 S. E. Rep. 981.
Attachment in Equity for Legal Demand — Amended Bill. — In 1883 there was no statute in West Virginia authorizing an attachment in equity for a purely legal demand, and a bill filed to enforce an attachment lien for a purely legal demand will be dismissed, because the court has no jurisdiction. And if it has no jurisdiction when the bill was filed, it could not be conferred by an amended bill. Livey v. Winton, 30 W. Va. 554, 4 S. E. Rep. 451.
Bill to Remove Cloud on Title — Plaintiff Has No Title. — Where a bill is filed to remove a cloud from the plaintiff’s title to a tract of land, and it shows on its face that he has no title to the land himself, and has no right to interfere with others who appear to have a good title, the bill will not be heard in equity, and will be dismissed. Harr v. Shaffer, 45 W. Va. 709, 31 S. E. Rep. 905.
Petitions in Chancery. — Petitions filed in chancery suits will be dismissed, if they fail to show sulñcient equitable grounds for the relief sought thereby. Cox v. Horner, 48 W. Va. 786. 28 S. E. Rep. 780.
III. ACQUISITION AND EXTENT.
1. In General.
Will Not Interfere with Legislative Department. — It is not within the province of a court of equity to relieve property from taxation charged thereon according to the value of the property prior to the rebellion, where it is greatly depreciated in va] ue by acts resulting from the war. Such should be addressed to the legislative department of the government. White Sulphur Springs Co. v. Robinson, 3 W. Va. 542.
Laches. — A court of equity will not take jurisdic *614 tion of an equitable claim where the party delays until there can he no longer a safe determination of the controversy, and his adversary is exposed to the danger of injustice from loss of information and evidence occasioned hy death, insolvency and other untoward circumstances. Smith v. Thompson, 7 Gratt. 112, 54 Am. Dec. 126; West v. Thornton, 7 Gratt. 177, 54 Am. Dec. 134. See generally, on this subject, monographic note on “Laches" appended to Peers v. Barnett, 12 Gratt. 410.
Same — Repeal of Patent. — A court of equity will not entertain a hill to repeal a patent filed more than ten years after the patent was issued. Goodwin v. M’Cluer, 3 Gratt. 291.
2. Statutory Provisions.
Giving Chancery Jurisdiction of Crimes Is Unconstitutional. — A prosecution for having contracted a marriage within the prohibited degrees contrary to statute is a criminal proceeding, and hence the provision in the act giving the court of chancery jurisdiction of such prosecution is repugnant to the constitutional provision limiting the jurisdiction of the court of chancery to civil matters. Attorney General v. Broaddus, 6 Munf. 116.
Liability of Justices for Taking Defective Bond. — The justices of the county court appoint a guardian and take a defective bond from him and his sureties, so that the sureties are released from liability. Equity has no jurisdiction to enforce the liability upon the justices by the Act of 1819,1 Rev. Code, ch. 180, § 5, p. 406. Austin v. Richardson, 1 Gratt. 310.
Issue of Devisavit Vel Non — Limited Jurisdiction.— Where an issue of devisavit vel non is directed, a court of equity does not proceed under its general jurisdiction, but can exercise only the special limited powers conferred upon it by the statute; it acts as a court of probate with the single object to ascertain by a jury trial whether the paper in question is or is not the will of the decedent; it can perform no other act, and can grant no further relief. It has ’no jurisdiction of the estate of the decedent and can make no order respecting it. Kirby v. Kirby, 84 Va. 627, 5 S. E. Rep. 539; Coalter v. Bryan, 1 Gratt. 18; Hartman v. Strickler, 82 Va. 233.
3. Colorable Allegations.
Will Not Support Jurisdiction. — Averments and allegations giving equitable jurisdiction, which are shown to be merely colorable, will not do so, if the real cause of action is one for which there is an adequate and full remedy at law. Laidley v. Laidley, 25 W. Va. 525; Thompson v. Whitaker, 41 W. Va. 574, 23 S. E. Rep. 795.
Same — Vague and General Statements. — Where a bill shows that the relief sought may be obtained in a court of law, the simple fact that it contains vague and general statements of grounds for equitable relief will not support the jurisdiction of equity. These statements will be considered as colorable and as pretexts to give jurisdiction to equity when it does not properly belong to it, and the j urisdiction will be declined. Grafton v. Reed, 26 W. Va. 437. See Lafever v. Billmyer, 5 W. Va. 33; Bass v. Bass, 4 H. & M. 478.
To Defeat Jurisdiction — Partition—Allegation of Adverse Possession. — The jurisdiction of a court of equity to make partition of land cannot be defeated by the mere allegation of the defendants that they hold adverse possession, when in point of fact they do not, for it could be defeated at any time by such false allegations, if this were so. Hudson v. Putney, 14 W. Va. 561.
4. Creation and Enlargement.
Equity Cannot Extend over Hatters Entitled to Jury Trial. — In matters of such nature as give a right to the jury trial under the constitution, the legislature cannot extend equity jurisdiction over them, and deprive the party of jury trial against his will. Cecil v. Clark, 44 W. Va. 659, 30 S. E. Rep. 216. See monographic note on “Constitutional Law.”
Defence of Set-Off Does Not Enlarge. —Sections 5 and 6 of ch. 126 of the Code of 1868 of West Virginia, allowing defendants by plea to defend actions on contract by way of set-off, which could not be done in a court of law, were held in Black v. Smith, 13 W. Va. 780, not to enlarge the jurisdiction of courts of equity.
5. Retention or Jurisdiction. — See infra, sec. VI, 2, “Multiplicity of Suits.”
To Give Complete Relief. — No question is better settled than that where a court of chancery has jurisdiction for one purpose, it will not send the parties back to a c'ourt of law, but will retain the jurisdiction for all purposes, and do complete justice between the parties. Western Min., etc., Co. v. Va., etc., Coal Co., 10 W. Va. 250; Chinn v. Heale, 1 Munf. 63; Chichester v. Vass, 1 Munf. 98; Stuart v. Coalter, 4 Rand. 74; Cady v. Gale, 5 W. Va. 566; Hickman v. Painter, 11 W. Va. 386; Shields v. Com., 4 Rand. 541; Harrison v. Field, 2 Wash. 136; Mitchell v. Chancellor, 14 W. Va. 22; Bison v. Moon, 91 Va. 384, 22 S. E. Rep. 165; Sinnett v. Cralle, 4 W. Va. 600; Hanly v. Watterson, 39 W. Va. 214, 19 S. E. Rep. 536; Booten v. Scheffer, 21 Gratt. 474; Love v. Braxton, Wythe 144; Smith v. Smith, 92 Va. 696, 24 S. E. Rep. 280; Billups v. Sears, 5 Gratt. 31; Zetelle v. Myers, 19 Gratt. 62; Rust v. Ware, 6 Gratt. 50; Walters v. Farmers’ Bank, 76 Va. 12; W. Va., etc., Co. v. Vinal, 14 W. Va. 637; McComas v. Easley, 21 Gratt. 31. Unless some good reason appears for not doing so. Hotchkiss v. Fitzgerald, etc., Co., 41 W. Va. 357, 23 S. E. Rep. 576. Even in matters as to which considered alone it would not have jurisdiction. Cecil v. Clark, 44 W. Va. 659, 30 S. E. Rep. 216. Although the relief sought be denied in the end, any relief justified by the pleadings and tending to end the litigation between the parties whether legal or equitable, will be granted. Evans v. Kelley (W. Va.), 38 S. E. Rep. 497.
Same — Legal .Rights and Remedies. — And the general principle seems to be that when a court of equity has once acquired jurisdiction of a cause upon equitable grounds, it may go on to a complete adjudication, even to the extent of establishing legal rights and granting legal remedies, which would otherwise be beyond the scope of its authority. Walters v. Farmers’ Bank of Va., 76 Va. 12; McArthur v. Chase, 18 Gratt. 683, and foot-note. This principle is one of universal application. See Pomeroy’s Eq. Jur. § 181, n. 2, where many authorities are cited; 1 Story, Eq. Jur. §65 et see.; Beecher v. Lewis, 84 Va. 630, 6 S. E. Rep. 367; Laurel, etc., Co. v. Browning, 99 Va. 528, 39 S. E. Rep. 156, 7 Va. Law Reg, 574; Love v. Braxton, Wythe 144; Chichester v. Vass, 1 Munf. 98, 4 Am. Dec. 53; Vaught v. Meador, 99 Va. 569, 39 S. E. Rep. 225.
Same — When It Had No Jurisdiction Originally. — In the progress of a cause (no objection to the jurisdiction of the court having been taken in the lower court), an order was entered by consent for the sale of a part of the property, and another part was taken by the appellee under an agreement to account for its value in the event of an adverse decision. In this state of things, to dismiss the bill *615 for want of jurisdiction, would be to deny to appellant redress in any form, it being- impossible for him to maintain an action for the property. If equity did not have jurisdiction originally, yet having taken jurisdiction and possession of the property and disposed of it, it must proceed to decide the case. Eacho v, Cosby, 26 Gratt. 112.
When Bill Brought to Establish Claim at Law. — Although a bill is brought for the purpose of compelling a creditor to establish his claim at law, yet if the facts disclosed entitle the debtor to relief upon equitable terms, the court of equity will give the relief to which he is entitled. Bank of Washington v. Arthnr, 3 Gratt. 173.
To DetermineValidity of Gift Causa Hortis. — Equity has jurisdiction to compel a disclosure by a person having possession of choses in action, which he claims as a gift causa mortis from an intestate, so as to enable the administrator to recover the same, and it will retain jurisdiction to determine the validity of the gift. Smith v. Smith, 92 Va. 696, 24 S. E. Rep. 280.
To Prevent Litigation. — where a plaintiff in a suit to redeem a mortgage fails by reason of the court holding the transaction sued on to be a conditional sale, equity to prevent further litigation will order a decree in favor of the plaintiff for the balance of the purchase price with interest, but without cost. Moss v. Green, 10 Leigh 251, 34 Am. Dec. 731.
To Decide Whole Controversy in Suit to Set Aside Award. — Where in a suit to set aside an award every party in interest is before the court upon grounds which unquestionably give a court of equity jurisdiction, this jurisdiction having once attached, the court may decide the whole controversy and render a final decree, though all the issues are legal in their nature, and the legal remedies therefor are adequate. Coons v. Coons, 95 Va. 434, 28 S. E. Rep. 885.
To Carry Its Decrees into Effect. — It is well established that a court of equity always has jurisdiction to carry into effect its own decrees. Trimble v. Patton, 5 W. Va. 432: Newman v. Chapman, 2 Rand. 93, 14 Am. Dec. 766.
Discovery- -Adequate Remedy at Law. — In cases where it is necessary and proper to go into a court of equity for a discovery, the court having possession of the subject will proceed to decide the cause, without turning the parties round to a court of law, notwithstanding if such discovery had not been necessary, relief might have originally been had at law. Chichester v. Vass, 1 Munf. 98.
Same -Por Use in Pending Action at Law. — The general rule is that when a party comes into equity for a discovery, the court will retain the cause, and give the proper relief founded on the discovery, unless the discovery is sought to be used in a pending action at law. Lyons v. Miller, 6 Gratt. 427, 52 Am. Dec. 129.
To Avoid Multiplicity of Suits. — Where a court of equity takes jurisdiction of the cause for one purpose, it will go on to do complete justice and dispose of the question involved to avoid a multiplicity of suits. Watson v. Watson, 45 W. Va. 290, 31 S. E. Rep. 939; Yates v. Stuart, 39 W. Va. 124, 19 S. E. Rep. 423; Hanly v. Watterson, 39 W. Va. 214, 19 S. E. Rep. 536; Chrislip v. Teter, 43 W. Va. 356, 27 S. E. Rep. 288. Though in doing so, it has to try title or settle boundaries, and administer remedies which rightly pertain to courts of law. Miller v. Wills, 95 Va. 337, 28 S. E. Rep. 337; Anderson v. Harvey, 10 Gratt. 386; McArthur v. Chase, 13 Gratt. 683; Bettman v. Harness, 42 W. Va. 483, 26 S. E. Rep. 271.
6. Ancillary Jurisdiction.
Preservation of Property Pending Litigation. — A court of equity, ancillary to its jurisdiction to set aside a fraudulent transfer of property, may take the necessary steps to preserve the property involved during the pendency of the litigation. Keneweg Co. v. Schilansky (W. Va.),34 S. E. Rep. 773.
Same — Injunction.—Equity will not entertain a suit to settle title and boundaries to land, but in an urgent case the property will be protected by injunction, until the question of right can be settled at law. Callaway v. Webster, 98 Va. 790, 37 S, E. Rep. 276; Manchester Cotton Mills v. Town of Manchester, 25 Gratt. 825.
Assisting Execution. — The aid of a court of equity is necessary and proper in assisting process of execution levied on tobacco in public warehouses. Ogg v. Randolph, 4 H. & M. 445.
Specific Performance — Damages.—In a suit to rescind or enforce specific execution of a contract for the sale of land, if a proper case is made out for specific execution, the court has jurisdiction, as ancillary thereto, to decree compensation to the defendant for damages which he has sustained by the improper acts of the plaintiff and his agents. Nagle v. Newton, 22 Gratt. 814; Campbell v. Rust, 85 Va. 653, 8 S. E. Rep. 664; Grubb v. Starkey, 90 Va. 834, 20 S. E. Rep. 784. See Witz v. Mullin, 90 Va. 806, 20 S. E. Rep. 788.
IV. ESSENTIAL ELEMENTS. — See supra, “General Jurisdiction,” sec. II.
1. Jurisdiction of Person and Subject-Matter. General Statements. — A court of chancery has no, power over a person not a party to the suit, nor as a general rule are its decrees binding on the subject-matter if it is not within the territorial limits of the court. But where a court of equity has jurisdiction of the parties and the subject-matter, and does not exceed its jurisdiction, its decrees are not void ; but if it commits an error, for which relief could have been had under sec. 3451 of the Code, equity has no jurisdiction of the case, and any attempt to exercise it is erroneous and will be dismissed. Preston v. Kindrick, 94 Va. 760, 27 S. E. Rep. 588.
Defendant Out of State. — A court of chancery has no jurisdiction of a bill to perpetuate testimony, or for any other purpose, against a defendant who is absent from, or residing out of, the state, and has no property, and claims title to none, in the commonwealth. Miller v. Sharp, 3 Rand. 41.
So a court of chancery has no jurisdiction against an officer as an absent defendant, who resides out of the state at the time the claim is asserted here, which arises out of his official neglect. Dunlop v. Keith, 1 Leigh 430, 19 Am. Dec. 755.
Nonresident. — A court of equity has no jurisdiction of a resident of another state, without his consent to compel him to acknowledge the trust character of his holding of real property in another state. Solenberger v. Herr, 2 Va. Dec. 550, 27 S. E. Rep. 833.
No Day in Court. — A person returned as appearance bail, who denies that he ever executed the bail bond, is not precluded from obtaining relief in equity, by his failing to appear and plead non est factum at law, after being informed that his name was subscribed to such bond ; for if he did not execute the bond, he had regularly no day in court, and was therefore not bound to take any step for *616 his relief in the action at common law. Spotswood v. Higginbotham, 6 Munf. 313.
Widow’s Dower in Foreign State. — A court of chancery has no authority to decree an allotment of a widow’s dower as to lands lying in another state, outside the jurisdiction of the court, hut it is otherwise as to lands lying within this state. Blunt v. Gee, 5 Call 481.
Cannot Be Given by Consent — Arbitration. — Although the consent of parties cannot give jurisdiction to a court of equity, yet where after an injunction improperly granted, parties agree to refer all matters in difference between them in the suit to arbitrators and that their award shall be made the decree of the court, such consent will be binding and the whole case, including the question of law, is thereby transferred from the court to the arbitrators. Brickhouse v. Hunter, 4 H. & M. 363, 4 Am. Dec. 528. See monographic note on “Arbitration and Award” appended to Bassett v. Cunningham, 9 Gratt. 684.
Party Absent When Claim Arose Not an Absent Defendant. — An officer, residing out of the state at the time a claim arising out of his official neglect is here asserted, is not amenable to the jurisdiction of a court of chancery as an absent defendant. Dunlop v. Keith, 1 Leigh 430, 19 Am. Dec. 755.
Land in Another State Subjected if Parties before the Court. — A court of equity in Virginia may subject heirs living here, upon the covenants of the ancestor binding the heirs, to the extent of the value of land descended to them in another state. Dickinson v. Hoomes, 8 Gratt. 353.
Patents — To Set Aside Patentee Must Be before the Court. — A court of equity has jurisdiction to set aside a patent obtained with knowledge of a prior entry, but it cannot decree in such case on the merits, until the patentee or his representative is before the court. Hagan v. Wardens, 3 Gratt. 315.
Jurisdiction of Subject-Matter Not. Dependent on Good Cause of Action. — The principle is almost universal that jurisdiction of the subject-matter does not depend upon the ultimate existence of a good cause of action in the particular case. Being once properly and lawfully acquired, no subsequent fact can defeatthat jurisdiction. Butthisrule can have no application where it is manifest that the object is by false pretence to transfer the controversy from a legal to an equitable forum. Walters v. Farmers’ Bk. of Va., 76 Va. 12.
Conveyance of Land in Foreign State. — A court of equity can act upon the person, if he be within its jurisdiction, and compel him to convey land situated in another state or otherwise comply with its decree. Vaught v. Meador, 99 Va. 569, 39 S. E. Rep. 225; Poindexter v. Burwell, 82 Va. 507; Hotchkiss v. Middlekauf, 96 Va. 649, 32 S. E. Rep. 36.
Same — Fraud br Trust — Partition.—The courts of Virginia have no jurisdiction to partition lands lying in another state. And while it is true that the jurisdiction of equity has been sustained in cases of fraud, of trust, or of contract, wherever the parties interested may be found, although lands not within the jurisdiction of a court may be affected by the decree, yet where the evidence in the principal case failed to establish any such case, equity refused in one state to compel the parties within their jurisdiction to make a conveyance of land within a foreign jurisdiction. Pillow v. Southwest, etc., Co., 92 Va. 144, 23 S. E. Rep. 32.
Same — Same—Parties under Disabilities. — It is settled law that real estate is exclusively subject to the laws and jurisdiction of the state in which it is located. But in cases of fraud, trust or contract, courts of equity, having jurisdiction over the person, will compel the party within its jurisdiction to obey its decree, even by compelling the conveyance of land in another state. Yet it cannot decree the sale of lands of a person under disability lying in another state. Hotchkiss v. Middlekauf, 96 Va. 649, 32 S. E. Rep. 36.
Clearing Title to Land in Foreign State. — A court of equity having jurisdiction of the parties has the power to compel the defendant to release and discharge an apparent cloud upon the title to land situated in another state. Vaught v. Meador, 99 Va. 569, 39 S. E. Rep. 225.
Fraudulent Title Affecting Foreign Land — Vacation of. — If a title or power affecting lands in another state was obtained by duress or fraud, and a court of equity has jurisdiction of the parties, upon proper averments it may enter a personal decree vacating such title or power. Vaught v. Meador, 99 Va. 569, 39 S. E. Rep. 225.
Same — Accounting by Party Converting Such Land.— Where one acting under a fraudulent title or power converts lands in a foreign state into money, he can be compelled to account either at law or in equity if the court has jurisdiction of the person. Vaught v. Meador, 99 Va. 569, 39 S. E. Rep. 225.
Foreign Executor Sued by Legatees for Account. — An executor having probated his testator’s will and letters testamentary in England, and collected the assets of the estate there, and brought them with him to Virginia, but never having qualified in this state, is liable to be sued by the legatees in a court of chancery here, for an account of his administration, and for the legacies that remain unpaid. Tunstall v. Pollard, 11 Leigh 1.
2. Inadequate Remedy at Law. — No principle in equity jurisprudence is more firmly established than that equity has no jurisdiction where there is a 'full, complete, and adequate remedy at law. Coombs v. Shisler (W. Va.), 34 S. E. Rep. 763; Cleaver v. Matthews, 83 Va. 801, 3 S. E. Rep. 439; Hoke v. Davis, 33 W. Va. 485, 10 S. E. Rep. 820; Graveley v. Graveley, 84 Va. 145, 4 S. E. Rep. 218; Neff v. Baker, 82 Va. 401, 4 S. E. Rep. 620; Kanawha, etc., R. Co. v. Ryan, 31 W. Va. 364, 6 S. E. Rep. 924; Pearson v. Board of Supervisors, 91 Va. 322, 21 S. E. Rep. 483; Van Dorn v. Lewis Co. Ct., 38 W. Va. 267, 18 S. E. Rep. 579; Maupinv. Whiting, 1 Call 224; Poage v. Bell, 3 Rand. 586; Green v. Spaulding, 76 Va. 411; Hall v. Taylor, 18 W. Va. 547; Alleman v. Kight, 19 W. Va. 201; Goolsby v. St. John, 25 Gratt. 146; Barnett v. Barnett, 83 Va. 511, 2 S. E. Rep. 733; Hudson v. Kline, 9 Gratt. 379, and note; Thompson v. Whitaker Iron Co., 41 W. Va. 574, 23 S. E. Rep. 795; Shepherd v. Groff, 34 W. Va. 123, 11 S. E. Rep. 997; Beckley v. Palmer, 11 Gratt. 625, and note; Va. Min. Co. v. Wilkinson, 92 Va. 98, 22 S. E. Rep. 839; Hall V. Scites, 38 W. Va. 691, 18 S. E. Rep. 895; Shickell v. Berryville, etc., Co., 99 Va. 88. 37 S. E. Rep. 813; Sulphur Min. Co. v. Boswell, 94 Va. 485, 27 S. E. Rep. 24; Marye v. Diggs, 98 Va. 749, 37 S. E. Rep. 315; Boston Blower Co. v. Car-man Lumber Co., 94 Va. 94, 26 S. E. Rep. 390; Collins v. Sutton, 94 Va. 127, 26 S. E. Rep. 415; Commercial Bk. v. Cabell, 98 Va. 552, 32 S. E. Rep. 53; Southern R. Co. v. Franklin, etc., R. Co., 96 Va. 693, 32 S. E. Rep. 485; Snyder v. Grandstaff, 96 Va. 473, 31 S. E. Rep. 647; Otey v. Stuart, 91 Va. 714, 22 S. E. Rep. 513; Stearns v. Harman, 80 Va. 48; Louisville, etc., R. Co. v. Taylor, 93 Va. 226, 24 S. E. Rep. 1013; Va. Coal and Iron Co. v. Kelly, 93 Va. 332, 24 S. E. Rep. 1020; *617 Witz, Beidler & Co. v. Mullin. 90 Va. 805, 20 S. 13. Rep. 783; Brown v. Chapman, 90 Va. 174, 17 S. E. Rep. 855; Goddin v. Bland, 87 Va. 706, 13 S. E. Rep. 145; Nelson v. Hamner, 84 Va. 909, 6 S. E. Rep. 462; S. V. R. Co. v. Robinson. 82 Va. 542; Buck v. Ward, 97 Va. 209, 33 S. E. Rep. 513; Kane v. Va., etc., Co., 97 Va. 329, 33 S. E. Rep. 627, and many other cases too numerous to mention.
On the other hand it is equally well settled that where there is no certain, complete and adequate remedy at law, equity will always take jurisdiction and grant the desired relief. Feckheimer v. Nat. Exch. Bk.. 79 Va. 80; Grubb v. Starkey, 90 Va. 831, 20 S. E. Rep. 784; Ralphsnyder v. Ralphsnyders. 17 W. Va. 28; Pumphry v. Brown, 5 W. Va. 107; Walker v. Hunt, 2 W. Va. 491; Kuhn v. Mack, 4 W. Va. 186; Lowman v. Crawford, 99 Va. 688, 7 Va. Law Reg. 551; Sulphur Mines Co. v. Boswell, 94 Va. 480, 27 S. E. Rep. 24: Virginia, etc., Co. v. Kelly. 93 Va. 332, 24 S. E. Rep. 1020; Nat. Life Assoc, v. Hopkins, 97 Va. 167, 33 S. E. Rep. 539; Stuart v. Pennis, 91 Va. 688, 22 S. E. Rep. 509; Masonic Temple Assoc. v. Banks, 94 Va. 695, 27 S. E. Rep. 490; Jones v. Murphy, 93 Va. 214, 24 S. E. Rep. 825; Campbell v. Rust, 85 Va. 653, 8 S. E. Rep. 664; Moore v. Steelman, 80 Va. 331: Stearns v. Harman, 80 Va. 48; Vilwig v. Balt., etc., R. Co., 79 Va. 449; Tillar v. Cook, 77 Va. 477; Knifong v. Hendricks, 2 Gratt. 212, 44 Am. Dec. 385; Nease v. Ætna Ins. Co., 32 W. Va. 283. 9 S. E. Rep. 233; Cleavenger v. Franklin Fire Ins. Co. (W. Va.), 35 S. E. Rep. 998; Honaker v. Board of Education, 42 W. Va. 170, 24 S. E. Rep. 544. These are only a few of the leading cases, which are authority for this well-known proposition. It is unnecessary to mention more.
So in cases where the remedy at law was considered doubtful or partial, when the party applied to a court of equity, it was held to be too strict to deny him admittance into that court for relief. Spotswood v. Higgenbotham, 6 Mnnf. 313; Nease v. Ætna Ins. Co., 32 W. Va. 283, 9 S. E. Rep. 233; Cleavenger v. Franklin Fire Ins. Co. (W. Va.), 35 S. E. Rep 998; so where the action at law was not free from difficulty. Mulliday v. Machir, 4 Gratt. 1.
Restriction of Rule. — -The rule that a court of equity has no jurisdiction to relieve a party who has a remedy at law, applie.s only to cases in which the legal remedy lies against the same person of whom the relief in equity is sought. Jackson v. Turner, 5 Leigh 119.
Concurrent Jurisdiction. — It is plain that where a remedy at law is far less adequate and complete than in equity, and where the rights of all concerned can be ascertained and determined in a single suit, courts of equity have concurrent jurisdiction with courts of law. Nat. Life Assoc. v. Hopkins. 97 Va. 167, 33 S. E. Rep. 539. See Stuart v. Pennis, 91 Va. 688, 22 S. E. Rep. 509.
But the general rule is that where the subject-matter can be better disposed of in a chancery proceeding, by making all persons concerned, parties to the suit, and havin g the rights of all ad j usted and determined, a court of equity has jurisdiction of the case, although the question might have been decided in an action at law. Charron v. Boswell, 18 Gratt. 216; Erskine v. Staley, 12 Leigh 406; Moore v Holt, 10 Gratt. 284.
Rationale of Doctrine. — The remedy must be plain, for if it be doubtful and obscure at law, equity will assert a j urisdiction. It must be adequate; for if at law it falls short of what a party is entitled to, that founds a jurisdiction in equity. And it must be complete; that is, it must attain the full end and justice of the case. It must reach the whole mischief and secure the whole right of the party in a perfect manner, at the present time and in the future, otherwise equity will interfere and give such relief and aid as the particular case may require. The jurisdiction of a court of equity is therefore sometimes concurrent with the jurisdiction of a court of law; it is sometimes exclusive of it, and it is sometimes auxiliary to it. Feckheimer v. Nat. Exch. Bk., 79 Va. 80.
Equity Will Not Take Jurisdiction to Evade the Law. —It is not sound reasoning that the fact that a party will lose his debt at law, if the statute of limitations be pleaded, is sufficient ground for equitable jurisdiction. Courts are not called upon to evade the law, or to assist others in doing so. The? rights of parties should be adjusted according to the case in hand, and consequences left to take care of themselves. Pendleton v. Taylor, 77 Va. 580.
No Jurisdiction in Equity — Compensation in Damages. —As a general proposition courts of equity do not entertain jurisdiction to give redress by way of compensation or damages for breaches of contracts and other wrongs cognizable at law. This relief is only given in equity as incidental to other relief. Laidley v. Laidley, 25 W. Va. 525; Meze v. Mayse, 6 Rand. 658; Anthony v. Leftwich, 3 Rand. 238; Ewing v. Litchfield, 91 Va. 575, 22 S. E. Rep. 362.
Same — Same—Set°Off of Unliquidated Damages. — A bill in any form claiming damages for breach of a contract cannot be entertained in equity, neither can unliquidated damages be set off in equity. Robertson v. Hogsheads, 3 Leigh 667.
Same-Unliquidated Damages — Allegation of insoI= vency. — A suit for unliquidated damages cannot be entertained by a court of equity unless there is an allegation of insolvency which is established. Bunting v. Cochran, 99 Va. 558, 39 S. E. Rep. 229, 7 Va. Law Reg. 327.
Same — Ejectment Proper Remedy. — Where a widow claims to be the sole heir of her husband, she has no right to file a bill in chancery against parties claiming to be the heirs of her husband, who arc in possession of the lands, and the fact that dower had been assigned her in these lands on motion of the defendant would not give equity jurisdiction. Jones v. Fox, 20 W. Va. 370.
Same-Replevin Adequate Remedy. — A tenant complaining of distress made for more rent than was in arrear and due, not having resorted to an action of replevin for redress, nor showing any reason for failing to resort to his remedy at law, is not entitled to relief in equity. Mayo v. Winfree, 2 Leigh 370.
Same — Detinue Proper Action. — An heir claiming slaves which have been assigned to the widow for dower, title having commenced while the slaves were real estate, has the legal title and a remedy at law, and the court of chancery has no jurisdiction to entertain a bill to recover such slaves. A prayer in the bill for a ne exeat cannot give jurisdiction, since the benefit of that process could be obtained by bail in an action of detinue. Parks v. Rucker. 5 Leigh 149. Distribution of slaves if recovered, gives no jurisdiction. Hale v. Clarkson, 23 Gratt. 12.
Neither will a court of equity entertain a suit by a trustee or cestui que trust against purchasers at a sale under an execution, at the instance of parties not claiming under the deed, to recover the property, where there is no obstacle to their proceeding at law. Sheppards v. Turpin, 3 Gratt. 373.
*618 Same — Action of Debt the Statutory Remedy. — A mandamus does not lie for the undertaker of a public bridge, to compel the county court to levy the stipulated reward In the county levy, because a specific remedy is given him by statute to recover the same by an action of debt against the justices refusing to levy it. King William Justices v. Munday, 2 Leigh 165.
Same — Restoration of Diverted Stream. — If a party, who is injured by a diversion of a watercourse, restores the stream to its original channel, equity has no jurisdiction to grantredress, as it is a proper case for damages at common law. The only ground of equitable jurisdiction is to prevent a threatened injury. Coalter v. Hunter, 4 Rand. 58.
Same — Remedy by Statute — Collection of Taxes.— Courts of equity will not entertain suits by the commonwealth to enforce the collection of taxes, where there are statutes prescribing an adequate remedy. But if there be already pending a suit for the sale of the land, the state or county may come in such suit and collect its taxes there. The county takes jurisdiction in order to clear the title. Marye v. Diggs, 98 Va. 749, 37 S. E. Rep. 315.
Same — Same—Subscription to Stock. — Under the act of December 22,1897, vesting courts of common law with exclusive jurisdiction of all suits to recover unpaid stock subscriptions, and providing that a suit at law should be maintained, at which the defendant shall be entitled to atrial by jury, it could 'not be contended that equity still had jurisdiction in that such act did not provide an adequate remedy. Shickel v. Berryville, 99 Va. 88, 37 S. E. Rep. 813.
Same — Same—Debts of a County. — A county court cannot be compelled by a bill in chancery to issue an order against the county funds for any debt against the county, since the statutory law furnishes the remedy in all such cases and must be strictly pursued. Hall, etc., Co. v. Scites, 38 W. Va. 691, 18 S. E. Rep. 895.
Same — Same—Legal Claim. — Under § 1 of ch. 106 of Acts of 1882, a court of equity has no jurisdiction of a purely legal claim, and no attachment can issue. Peyton v. Cabell, 25 W. Va. 540.
Same — When Complete Remedy on Bonds. — A partnership executes bonds with a surety to a creditor. After the death of one partner, and the insolvency of the other, although the surety is perfectly solvent, the creditor brings a suit in chancery against the representative of the dead partner, and the other obligors, seeking to charge the estate of the deceased, or to have payment from the parties according to their liabilities. The creditor had a complete remedy at law on the bonds against the surety, and chancery had no jurisdiction to entertain the bill. Linney v. Dare, 2 Leigh 588.
Same — Extinguishment of Equity by Acceptance of Bond. — Where an annuitant accepts in exchange for the amount then due her, a bond and two bills of exchange, and afterwards attempts to recover that amount and the residue by a bill in equity, the acceptance of the bond and bills extinguished the annuity in equity, and that court hath no jurisdiction of the case. Thornton v. Spotswood, 1 Wash. 142.
Equity Takes Jurisdiction — Legal Remedy Inadequate. —Where a court of law cannot carry into effect the provisions of an ,act of assembly, this will be a sufficient ground to give jurisdiction in equity. Pleasants v. Pleasants, 2 Call 319.
Same — Action at Law Barred by Estoppel. — A deed acknowledges on its face that the purchase money has been paid, though this was not true. In an action .of assumpsit for the purchase money the defendant relies on the acknowledgment as an estoppel. The plaintiffs are entitled to the aid of equity, and may dismiss their action at law, believing that the estoppel will prevent a recovery. Radcliff v. High, 2 Rob. 271; Wilson v. Shelton, 9 Leigh 342.
Same — Disposition of Assets. — Where it is a question whether insurance money for buildings destroyed by fire should be treated as real or personal assets and disposed of as one or the other, a court of equity has jurisdiction of the question. Portsmouth Ins. Co. v. Reynolds, 32 Gratt. 613.
Same — To Award New Trial. — Where the justices composing a court leave the bench after the verdict, so that a motion for a new trial could not be made to them, a court of equity has jurisdiction to award it. Knifong v. Hendricks, 2 Gratt. 212, 44 Am. Dec. 385.
Same — When Obligor Could Not Sue at Law. — After the death of the obligee, one of four joint obligors in a bond to her qualifies as her administrator, and then files his bill against the obligors to recover the amount of the bond. A court of equity has jurisdiction to enforce the claim because the administrator being one of the obligors could not sue the others at law. Rodes v. Rodes, 24 Gratt. 256.
Same — Same—Award.—Where the remedy at law is inadequate, equity has jurisdiction to decree the specific execution of an award. Smith v. Smith. 4 Rand. 95.
Same — Specific Performance — Pretium Affectionis— Personal Services. — while it is well settled that a chancery court will not ascertain and award damages in any case where specific performance or other equitable relief would be improper, or where there is an adequate remedy at law, yet it is a general rule that courts of chancery will entertain suits for specific performance whenever there is no adequate remedy at law, whether the agreement relates to land or to chattels, possessing xn-etium affectionis. But they will not entertain a bill to specifically enforce contracts for personal services, or acts involving skill, labor and judgment. Campbell v. Rust, 85 Va. 653, 8 S. E. Rep. 664; Wampler v. Wampler, 30 Gratt. 454.
It is a general rule that a court of equity has jurisdiction to enforce specific performance of a contract by a defendant to do defined work upon his own property, in the performance of which the plaintiff has a material interest, and which is not capable of adequate compensation in damages. Grubb v. Starkey, 90 Va. 831, 20 S. E. Rep. 784.
Same — Transfer of Shares of Stock — Specific Performance. — Where the owner of shares of stock in a bank fails, and being indebted to the bank, assigns the shares to a trustee, the transfer of which could only be made upon the books of the bank, which refuses to allow the transfer to be made, and the trustee comes into equity and asks that it be required to allow such transfer to be made, and to issue new certificates therefor, there is no adequate remedy at law, and relief can only be given by enforcing specific performance in a court of chancery. Feckheimer v. Nat. Exch. Bk., 79 Va. 80.
Same — Injunction to Waste. — An injunction to stay waste will be denied, where there appears to be no impediment to the action of waste at law. Cutting v. Carter, 4 H. & M. 424.
Same — Injunction to Nuisance. — The jurisdiction of a court of equity to restrain by injunction the crea *619 tion or continuance of a nuisance, which is likely to produce irremediable injury, is well established and constantly exercised. Actions at law in such cases afford no adequate redress. Masonic Temple Assoc. v. Banks, 94 Va. 695, 27 S. E. Rep. 490; Miller v. Trueheart, 4 Leigh 569; Pruner v. Pendleton. 75 Va. 516; Sanderlin v. Baxter, 76 Va. 299; Wingfield v. Crenshaw, 4 H. & M. 474; Switzer v. M’Culloch, 76 Va. 777.
Same — Injunction to Trespass. — To warrant the interference of equity to restrain a trespass to land, in the absence of any other ground, the injury complained of must be irreparable. Cresap v. Kemble, 26 W. Va. 603; Becker v. McGraw (W. Va.), 37 S. E. Rep. 532; Bearns v. Mearns, 44 W. Va. 744, 30 S. E. Rep. 312; Hanly v. Watterson, 39 W. Va. 214, 19 S. E. Rep. 536; Collins v. Sutton, 94 Va. 127, 26 S. E. Rep. 415; Western, etc., Co. v. Va., etc., Co., 10 W. Va. 250; Callaway v. Webster, 98 Va. 790, 37 S. E. Rep. 276; Anderson v. Harvey, 10 Gratt. 386; Moore v. Steelman, 80 Va. 331; Switzer v. M’Culloch, 76 Va. 777; Miller v. Wills, 95 Va. 337, 28 S. E. Rep. 337.
Same-Same — Changing Substance of Inheritance.— Although the owner of lands has a legal title, and might maintain trespass for an injury done to it by raising iron ore upon it, yet equity has jurisdiction to enjoin another party, who claims the land, for taking ore from it, where the trespass is one which goes to change the very substance of the inheritance, by destroying the only thing that gives value to it. Anderson v. Harvey, 10 Gratt. 386; Miller v. Wills, 95 Va. 337. 28 S. E. Rep. 337.
Same — Municipal Corporations Enjoined. — Courts of equity have jurisdiction to enjoin municipal corporations from proceedings which encroach upon private rights, and are productive of irreparable injury. Bristol, etc., Co. v. Bristol, 97 Va. 304, 33 S. E. Rep. 588.
Same — Injunctions. — One of the most prolific sources of equity jurisdiction which calls for the exercise of its remedy by injunction is when there is no adequate remedy at law, and the act or acts being done or threatened unless inhibited will produce irreparable injury. Miller v. Crews, 2 Leigh 576; James River, etc., Co. v. Anderson, 12 Leigh 278; Tuckahoe Canal Co. v. Tuckahoe, etc., R. Co., 11 Leigh 42; Pixley v. Roanoke Navigation Co., 75 Va. 320; McFarland v. Dilly, 5 W. Va. 135; Walker v. Hunt, 2 W. Va. 492; Evans v. Taylor, 28 W. Va. 184; Dunn v. Baxter, 30 W. Va. 672, 5 S. E. Rep. 214. See generally, monographic note on “Injunctions” appended to Claytor v. Anthony, 15 Gratt. 518.
V. CONCURRENT JURISDICTION.
Fraud. — Courts of equity and law have concurrent jurisdiction in cases of fraud. White v. Jones, 4 Call 253, 2 Am. Dec. 564; Poore v. Price. 5 Leigh 52, 27 Am. Dec. 582; Meek v. Spracher, 87 Va. 162, 12 S. E. Rep. 397.
Same — Estoppel — Negligence. — Though courts of law and equity have a concurrent jurisdiction in cases of fraud, yet if a suit be first brought in a court of law, in which the question of fraud may be tried and determined, the party injured by fraud must make his defence there ; and if he neglect to do so, a court of equity has no jurisdiction to relieve him. Haden v. Garden, 7 Leigh 157.
Same — Sale of Land. — Courts of common law and of equity have concurrent jurisdiction to grant relief to a vendee of land where by reason of fraud of the vendor in misrepresenting the quantity, the former is entitled to compensation or abatement from the purchase money. Kelly v. Riley. 22 W. Va. 247. And the fact that there is an adequate remedy at law does not oust equity of its jurisdiction, since fraud is an original ground of equitable jurisdiction. Meck v. Spracher, 87 Va. 162, 12 S. E. Rep. 397.
Mistake in Quantity of Land. — Equity has jurisdiction to give relief in cases of deficiency or excess in the estimated quantity of land sold on the ground of a mistake. And the fact that a complete and adequate remedy at law exists, will not deprive equity of its jurisdiction, as the matter comes within the scope of its elementary jurisdiction. Hull v. Watts, 95 Va. 10, 27 S. E. Rep. 829.
In Matters of Account. — in matters of account, courts of law cannot give so complete a remedy as equity, and hence such are per $e within the scope of equitable jurisdiction, and among the most comprehensive of those questions of which it has assumed jurisdiction. Courts of law and equity have concurrent jurisdiction in matters of account but the difficulties in proceeding in the former court, and the convenience of the latter to attain substantial justice, where a discovery may be had, where multiplicity of suits will be awarded, and where fraud, accident or mistake is concerned, canses courts of equity to be most commonly resorted to. Tillar v. Cook, 77 Va. 477.
To Revise Awards. — The power of courts of equity to revise awards is concurrent with that of the courts of common law; but if the court of law first gets possession of the subject, its decision is binding on the court of equity; unless new circumstances be adduced to authorize the interposition of the latter. Flournoy v. Halcomb, 2 Munf. 34.
Under West Virginia Code. — Under sec. 6, ch. 126 of the Code of W. Va., giving defendants the right to defend at law or obtain relief in equity, it was held that if a verdict was rendered against him on an equitable plea at law, and the verdict be set aside and the plea withdrawn, he might still resort to equity. Knott v. Seamands, 25 W. Va. 99.
Appointment of Guardian. — The power of chancery courts to appoint guardians is not taken from them by sec. 11, ch. 129, Code of 1849, conferring that power on circuit, county and corporation courts. Durrett v. Davis, 34 Gratt. 302.
Statute Giving Law Courts Jurisdiction Does Not Deprive Equity in Absence of Restrictive or Prohibitory Words. — where courts of equity have once acquired jurisdiction, a subsequent statute which gives to or enlarges the jurisdiction of the common-law courts over the same subject does not deprive the equity courts of their jurisdiction, although the statute may furnish a complete and adequate remedy at law, unless the statute conferring such jurisdiction uses restrictive or prohibitory words. Steinman v. Vicars, 99 Va. 595, 39 S. E. Rep. 227; Kelly v. Lehigh, etc., Co., 98 Va. 405, 36 S. E. Rep. 511; Filler v. Tyler, 91 Va. 458, 22 S. E. Rep. 235.
Where equity has jurisdiction of a subject, and the legislature by statute gives a remedy at law for the injury complained of, which does not in terms take away equitable jurisdiction, the latter is not thereby ousted, and the act will be considered as giving an additional remedy. Corrothers v. Board of Education, 16 W. Va. 527.
In Cases of Lost Instruments. — in cases of lost instruments courts of law and equity exercise concurrent jurisdiction. Equity assumed jurisdiction originally because there was no remedy at law, and where the law courts subsequently took jurisdiction of these cases the equity jurisdiction was not ousted. *620 Lyttle v. Cozad, 21W. Va. 183; Hickman v. Painter, 11 W. Va. 386; Mitchell v. Chancellor, 14 W. Va. 23; Shields v. Com., 4 Rand. 541; Harrison v. Field, 2 Wash. 136; Hall v. Wilkinson, 35 W. Va. 167, 12 S. E. Rep. 1118.
Suits by Paupers for Freedom. — Courts of equity, as •well as courts of law, haye jurisdiction of suits by paupers for freedom, and in a case proper for a court of equity, it will appoint counsel for the pauper. Dempsey v. Lawrence, Gilmer 333.
Prohibition of Contracts against Public Good. — Both courts of equity and law will prohibit the effect of contracts made in violation of laws enacted for the public good. Wilson v. Spencer, 1 Rand. 76.
By Statute — Estoppel by Going in One Court. — When a statute gives a right to a defendant to either defend at law or obtain relief in equity, if he avails himself of the right to make his defence at law, and judgment is given' against him, he cannot afterwards obtain relief upon the same grounds in equity. Penn v. Reynolds, 23 Gratt. 518, and footnote.
Effect of Constitutional Guaranty of Jury Trial.— Where at the time of adoption of the constitution equity exercised jurisdiction in certain matters, the clause of the constitution guaranteeing jury trial, does not relate to such matters or deprive equity of the jurisdiction therein to act without a jury. Cecil v. Clark, 44 W. Va. 659, 30 S. E. Rep. 216. See monographic note on “Constitutional Law.”
Full Hearing in One Court Bars Suit in Other. — After a party has been fully heard in a court of law in a case in which the rule is the same in equity as at law, he shall not be permitted to go into a court of equity on the same point in controversy. Morris v. Ross, 2 H. M. 408.
VI. SOURCES AND GROUNDS OF JURISDICTION.
1. In Gbnebag.
Familiar Grounds. — The familiar grounds of equitable jurisdiction may be stated as follows: accidents, mistakes, relief against penalties, accounts, fraud, discovery, trust, specific performance, injunctions, avoiding illegal transactions, contribution, substitution, want of adequate remedy at law, and jurisdiction conferred by statute. Neff v. Baker, 82 Va. 401, 4 S. E. Rep. 620.
Marshaling Assets. — The equitable principle of marshaling assets will be sufficient to give a court of equity jurisdiction of a case. Henley v. Perkins, 6 Gratt. 615. See monographic note on “Marshaling Assets” appended to Carrington v. Didier, 8 Gratt. 260.
Alimony. — A court of chancery has jurisdiction in cases of alimony. Purcell v. Purcell, 4 H. & M. 507.
Removal of Professor. — A court has no jurisdiction to review the action of the board of regents of the West Virginia University removing a professor. Hartigan v. Bd. of Regents (W. Va.), 38 S. E. Rep. 698.
Glebe Lands. — A court of chancery has jurisdiction of cases involving glebe lands, and can award an injunction to prevent its sale, if a good title is shown in a third party. Turpin v. Locket, 6 Call 113.
2. Mtotiplioitt OS’ Stjits. — See subhead, “Retention of Jurisdiction,” supra.
General Jurisdiction. — A court of equity will assume jurisdiction to prevent a multiplicity of suits. Rader v. Neal, 13 W. Va. 373; Baird v. Bland, 3 Munf. 570; Nease v. Ætna Insurance Co., 32 W. Va. 283, 9 S. E. Rep. 233; Chalmers v. McMurdo, 5 Munf. 252, 7 Am. Dec. 684; Beecher v. Lewis, 84 Va. 633, 6 S. E. Rep. 367; Chrislip v. Teter, 43 W. Va. 356, 27 S. E. Rep. 288: Hanna v. Clarke, 31 Gratt. 36; Sims v. Lewis, 5 Munf. 29; Williamson v. Jones, 43 W. Va. 562, 27 S. E. Rep. 411; Pleasants v. Pleasants, 2 Call 319; Cross v. Cross, 4 Gratt. 257; Stearns v. Beckham, 31 Gratt. 379. See Perkins v. Seigfried, 97 Va. 444, 34 S. E. Rep. 64; Switzer v. M’Culloch, 76 Va. 777; Miller v. Wills, 95 Va. 337, 28 S. E. Rep. 337.
Limitations — Suit Must Be against Same Person.— As a ground of equity jurisdiction the prevention of a multiplicity of suits can only be invoked where such suits are against the same person, and it will not lie when a bank seeks to enjoin separate suits against its stockholders for the collection of taxes levied on their shares. People’s Nat. Bank v. Marye (U. S. Cir. Ct.), 7 Va. Law Reg. 47.
Ancillary Jurisdiction — Injunction. — A court of equity will take jurisdiction of a case when in so doing it will avoid a multiplicity of suits, and as ancillary will enjoin the prosecution of the several claims at law. St. Lawrence, etc., Co. v. Price (W. Va.), 38 S. E. Rep. 526.
Collection of Illegal Tax Restrained. — A suit in equity will not lie to restrain the collection of a tax on the sole ground that the tax is illegal. There must exist in addition special circumstances, bringing the case under some recognized head of equity jurisdiction, such as, that the enforcement of the tax would lead to a multiplicity of suits, or irreparable damages will be prevented. Corrothers v. Board of Education, 16 W. Va. 527; Bull v. Read, 13 Gratt. 78; Kuhn v. Board of Education, 4 W. Va. 499; McClung v. Livesay, 7 W. Va. 329; Douglass v. Town of Harrisville, 9 W. Va. 162; Chesapeake, etc., R. Co. v. Miller, 19 W. Va. 408; Christie v. Malden, 23 W. Va. 667; Williams v. County Court, 26 W.Va. 488, 53 Am. Rep. 94.
Same — Necessary Allegations. — Where a bill of injunction is brought in equity to restrain the collection of a tax, on the ground that it is illegal, such bill must aver that it is filed by the plaintiff on behalf of himself and all other taxpayers subject to the illegal tax, as this is absolutely essential to give a court of equity jurisdiction on the ground of avoiding a multiplicity of suits. Williams v. County Court, 26 W. Va. 488, 53 Am. Rep. 94.
Code 1873 — Jurisdiction of Questions Affecting Legal Title of Land. — By Statute, Code of 1873, ch. 120, § 1, it is provided that in order to prevent a multiplicity of suits, jurisdiction be expressly conferred on courts of equity of all questions affecting the legal title of the lands, partition of which is sought by a suit in equity. Davis v. Tebbs, 81 Va. 600.
Circuity of Action. — A purchaser of land, suing for breach of a contract, to make a good title, may with propriety come into a court of equity for pecuniary compensation, instead of proceeding at law in the first instance, if the vendor has conveyed away his property in trust, whereby there might be difficulty in obtaining satisfaction of a judgment when recovered. In such case the proceeding in equity is proper because it avoids circuity of action. Sims v. Lewis, 5 Munf. 29.
Life Tenant Enjoined by Remainderman. — A remain-derman or reversioner has jurisdiction in equity against a tenant for life to enjoin waste, and to have compensation for the damages, the same as if he sued at law, to avoid a multiplicity of suits. Williamson v. Jones, 43 W. Va. 562, 27 S. E. Rep. 411.
Diversion of Natural Stream. — The diversion of a natural stream is a private nuisance and from an early period courts of equity have granted relief *621 "by injunction at tlie suit of tlie injured party. The jurisdiction is founded upon the notion of restraining- irreparable mischief, or of preventing- vexatious litigation, or a multiplicity of suits. Carpenter v. Gold, 88 Va. 561, 14 S. E. Rep. 329.
Property Sold to Unknown Parties. — In order to avoid a multiplicity of suits, and to seek a discovery in relation to property sold to unknown parties, a court of equity has jurisdiction of the case. Cross v. Cross, 4 Gratt. 257.
Suit on Note — Liability Placed on Party First Responsible. — On a hill by the holder of a note against the indorsers and the maker thereof, a court of equity, in order to avoid circuity of action, may fix the liability on the party first responsible. Chalmers v. McMurdo, 5 Munf. 252, 7 Am. Dec. 684.
Recovery of Slaves — Account of Profits. — A person entitled to a legal estate in slaves may sue in equity to recover them, if thereby a multiplicity of suits may be prevented, calling- on the defendant to discover how long he has had them in possession, and to discover and state an account of their profits. Baird v. Bland, 3 Munf. 570.
Specific Performance Refused — Compensation for Damages. — A court of equity, even where specific performance of a contract for the sale of land is refused, will decree compensation Cor damages, where there is no adequate remedy at law, where some peculiar equity intervenes; itwilldoso to prevent a multiplicity of suits, and where it has obtained jurisdiction of the case on other grounds. Where a bill asks alternative relief, if it cannot execute the contract, a court of equity will decree repayment of purchase money. Stearns v. Beckham, 31 Gratt. 379.
Unincorporated Religious Societies — Suit by One ilember in Behalf of All. — There is no doubt about the right of unincorporated religious societies to sue on a contract made with them in their associate capacity and for the legitimate purposes of their association. Hence it was held in Perkins v. Seigfried, 97 Va. 444, 34 S. E. Rep. 64, that a court of equity has a jurisdiction in accordance with the above principle to entertain a suit by a plaintiff who sues on behalf of himself and the other members of a church, who were too numerous to admit of their all suing at law, to enforce collection of a legacy left the said church.
3. Accounts.

a. In General.

Statement of Jurisdiction. — Courts of equity have jurisdiction of matters of account (1) where there are mutual demands, (2) where the accounts are on one side and a discovery is sought that is material to the relief, and (3) eqnity having taken j urisdiction for discovery will, to avoid a multiplicity of suits, administer suitable relief. The reason for the doctrine is that there is no adequate remedy at law. Ou the other hand courts decline jurisdiction in matters on account, (1) where the demands are all on one side and no discovery is claimed or is necessary, and (2) where there are demands on one side, and on the other mere set-offs, and no discovery is required. Lafever v. Billmyer, 5 W. Va. 33. These propositions are in the main correct, but they do not include all cases of equity jurisdiction in matters of account, and no general rule can be stated, which will embrace all the cases. Petty v. Fogle, 16 W. Va. 497. See Carey v. Coffee Stemming Mach. Co.. 20 S. E. Rep. 778, 1 Va. Dec. 863.
As was said in Grafton v. Reed, 26 W. Va. 437, it is impossible to lay down with precision fixed rules applicable to all cases in which it may be proper for equity courts to exercise jurisdiction in matters of account. The courts have therefore reserved to themselves a large discretion, in the exercise of which due regard maybe had not only to the nature of the case, but to the situation and conduct of the parties.
Accounts Hust Be Mutual. — The jurisdiction of equity in matters of account is among the most comprehensive of those which it has assumed, but it is not in every case of account that it takes jurisdiction. Where the accounts are all on one side, even though it be a very long one, equity will not take cognizance of the case, as there is an adequate remedy at law. But where there are mutual demands, items of debit and credit on both sides, and a balance is needed, then equity will take jurisdiction. Goddin v. Bland, 87 Va. 706, 13 S. E. Rep. 145; Smith v. Marks, 2 Rand. 449; Bassett v. Cunningham, 7 Leigh 402; Hickman v. Stout, 2 Leigh 6.
Must Be Able to Pronounce Final Decree, —The claim of an account of assets will not give equity jurisdiction, unless it can pronounce a final decree in the suit in which the account is sought. Randolph v. Kinney, 3 Rand. 394.
Remedy at Law Must Be Inadequate. — A court of chancery has no jurisdiction to ask for an account, and a decree for the balance, which should be found due upon a claim, on which an action at law would have lain, without showing some obstacle which would defeat or embarrass the legal remedy. Poage v. Willson, 2 Leigh 490.
Same — Defendants Insolvent — Fraud.—Where a bill alleges that the defendants are insolvent and ask that they be restrained from fraudulently converting to their own use the property of the plaintiff, and also ask an account, upon these facts there is no remedy at law, and the only complete remedy is in chancery, which will take jurisdiction of the case. Brakeley v. Tuttle, 3 W. Va. 86.
Same — Complicated Accounts — Equitable Trusts.— Wherever an account is so complicated that it would be incompetent to examine it at law, and wherever it stands upon equitable claims, or has equitable trusts attached to it, there is no doubt that the jurisdiction of equity in such case is universal and without exception. Penn v. Ingles, 82 Va. 65; Tyler v. Nelson, 14 Gratt. 214; Coffman v. Sangston, 21 Gratt. 263; Tillar v. Cook, 77 Va. 477.
Same — No Injunction to Legal Proceedings When Unliquidation Set=Off Claimed. — As a general rule, where a court of law has taken jurisdiction of a legal claim, and the defendant claims a balance due him by account, which can only be settled in a court of equity, the latter will not suspend the legal proceedings to enable the defendant to have the accounts settled, though this is an equitable de-fence, as the set-off is not a liquidated demand. Miller v. Miller, 25 W. Va. 495.
5. General Accountings.
By Tenant in Common. — One tenant in common may maintain a suit in equity against his cotenant, who has occupied the whole of the common property, for an account of rents and profits. Early v. Friend, 16 Gratt. 21.
By Shareholders in Building Association. — A court of equity has jurisdiction at the suit of shareholders of unredeemed shares in a building fund association to call the redeemed shareholders to account, enforce payment of what they owe, distribute the funds among those entitled thereto, and *622 wind up the institution. Edelin v. Pascoe, 32 Gratt. 826.
By Auctioneer. — Equity has jurisdiction of a hill hy the principal against auctioneers for an account, if it he yet open, or to surcharge and falsify the account, if it has been stated. Townes v. Birchett, 12 Leigh 173.
By Cashier — Unchartered Bank. — A private unchar-tered company, associated for the purpose of carrying on business as a hank, though such associations are contrary to law, will he entertained in a court of chancery, in a suit against its cashier, for an account of his agency. Berkshire v. Evans, 4 Leigh 223.
On Building Contract. — Where a carpenter brings an action at law against the owner of a house on the agreements which were left in the hands of the latter, and the owner refuses to furnish the copies, which were necessary in order to frame the declaration, the case is a proper one for relief in equity, by filing a bill praying account and a decree for the balance due for the work done. Sturtevant v. Goode. 5 Leigh 83.
Debt Secured by Trust Deed Uncertain. — Where a debt secured by deed of trust appears to be unas-certained in amount, either party may resort to a court of chancery to have the amount ascertained by accounts taken under its direction, which ought to be directed. The trustee cannot sell the trust subject until the debts secured are settled and ascertained. Wilkins v. Gordon, 11 Leigh 549.
Same — Payments on Bond. — Where a bond secured by deed of trust on land is assigned and passes through numerous hands, payments having been made on it, and the land being advertised under the deed for the payment of the balance due, the obli-gor may come into equity to ascertain the amount due, and the owner of the bond. Crenshaw v. Seigfried, 24 Gratt. 372.
c. Between Partners — A well-recognized ground for equitable jurisdiction is where an account is sought between partners, for the law court regards them as one person, and will not interfere between them. Neff v. Baker, 82 Va. 401, 4 S. E. Rep. 620.
In a partnership the relation of parties in being engaged in a joint venture plainly gives jurisdiction to a court of equity as it involves not merely a community of interest, but the employment of a common stock, in a common undertaking with a view to a common profit. An account mustbe taken to ascertain the interest of an individual partner, which a common-law court cannot render; if a dissolution is sought the common-law jurisdiction is altogether excluded; specific execution of contract and to restrain one partner from jeopardizing the rights of another likewise can only be taken jurisdiction of in a court of equity. Tillar v. Cook, 77 Va. 477; Kelly v. Largney, 1 Va. Dec. 72.
Where a bill in equity shows upon its face that the agreement under which the parties acted made them partners, that there were partnership accounts between the parties which were proper to be stated and settled by a court of equity, and that the remedy of the complainant was not complete at law, a demurrer to the jurisdiction is properly overruled. Jones v. Murphy, 93 Va. 214, 24 S. E. Rep. 825.
Debt Due Partnership. — If a debt sought to be enforced was one due a partnership, it gives equity jurisdiction over the claim, as any recovery would have to be distributed among the partners, or go to the payment of the partnership debts. The rights and equities arising between the partners, and between them and their creditors, could only be adjusted and enforced in equity. Martin v. Lewis, 30 Gratt. 672.

cl. By Fiduciaries.

Accounts Blended. — Where the accounts of a party in his individual and fiduciary capacities are blended in a statement, it is an appropriate ground for the jurisdiction of chancery to take control of the case, and to state the accounts separately. Staples v. Turner, 29 Gratt. 330.
Fiduciary Relations in Agency. — In an agency where there is a fiduciary relation between the parties, a. court of equity has jurisdiction to settle and adjust the accounts between them. Thornton v. Thornton, 31 Gratt. 212; Simmons v. Simmons, 33 Gratt. 451; Bank v. Jeffries, 21 W. Va. 508; Berkshire v. Evans, 4 Leigh 223; Coffman v. Sangston, 21 Gratt. 263; Zetelle v. Myers, 19 Gratt. 62, and note; Huff v. Thrash, 75 Va. 546; Vilwig v. Balt., etc., R. Co., 79 Va. 449.
So it cannot be doubted that the jurisdiction of , courts of equity in matters of account, involving the transactions and dealings of trustees and agents, is well settled where it appears that a discovery is necessary, or there are mutual accounts, between the parties, or the remedy at law is not plain and free from difficulty. Vilwig v. B. & O. R. Co., 79 Va. 449; Coffman v. Sangston, 21 Gratt. 263; Zetelle v. Myers, 19 Gratt. 62; Segar v. Parrish, 20 Gratt. 680; Simmons v. Simmons, 33 Gratt. 451; Filler v. Cook, 77 Va. 477.
Guardians. — A court of equity has jurisdiction to hold a guardian to account and his sureties with him to the payment of any balance found due to the: ward, although the guardian lives out of the state and has no property within it. Pratt v. Wright, 13 Gratt. 175.
Trustees. — It is said by Chief Justice Marshall, in Fowle v. Lawrason, 5 Peters (U. S.) 495, that; “In all cases in which an action of account would be the proper remedy at law, and in all cases where a trustee is a party, the jurisdiction of a court of equity is undoubted.” Huff v. Thrash, 75 Va. 546.
Personal Representative — At Suit of Legatee.— Equity has jurisdiction to entertain a bill by legatees against the executor and trustee, to ascertain the balance due from a sale of the testator’s land, secured by deed of trust, on the ground that they, though entitled to the balance due from the purchaser, are mere beneficiaries, having no legal right which they could assert at law; and because the case was one in which it would have been improper for the trustee to sue until by some proceeding the proper balance due was ascertained. Miller v. Trevilian, 2 Rob. 1.
Same — At Suit by Creditor at Large. — That a single creditor at large of a deceased debtor may sue the personal representative in equity, for an account of assets and the payment of his debt, and general relief, is well settled both upon principle and authority. The jurisdiction is not only well established, but is practically exclusive. Beverly v. Rhodes, 86 Va. 415, 10 S. E. Rep. 572; Duerson v. Alsop, 27 Gratt. 229; Carter v. Hampton, 77 Va. 631; Hurn v. Keller, 79 Va. 415.
Same — Administration by Deputy Sheriff — Sheriff Sues. — A court of equity has jurisdiction in a suit by a sheriff against his deputy and his sureties to have a settlement of accounts of several administrations upon estates which went into the hands of the deputy. The suit may be maintained although the deputy had settled the accounts before the probate *623 court, and though the bill does not allege and it is not proved that the sheriff had paid the balances reported due on the accounts or any part of them. Tyler v. Nelson, 14 Gratt. 214. See also, Lafever v. Billmyer, 5 W. Va. 39; Petty v. Fogle, 16 W. Va. 514; Penn v. Ingles, 82 Va. 71; Yates v. Stuart, 39 W. Va. 124, 19 S. E. Rep. 423; Coffman v. Sangston, 21 Gratt. 263. and foot-note, collecting the cases on this point.
Settlement of Estates. — Where a claim involves matters which require an account to be taken, and the settlement of estates, it is proper to combine them in one suit in equity. Hoge v. Vintroux, 21 W. Va. 1.
Same — Suit by Creditors. — From a time antedating our system of government, equity has taken jurisdiction over controversies which involved the settling of decedents’ estates, and in ascertaining and adjusting the liabilities of sureties and their equities among themselves. And when a suit was brought by one creditor against a decedent’s estate, although filed on behalf of himself only, it may by decree convene all the creditors, direct the proper accounts to be taken, and convert it into a general creditors’ suit. Williams v. Newman, 93 Va. 719, 26 S. E. Rep. 19. See Duerson v. Alsop, 27 Gratt. 229; Piedmont, etc., Ins. Co. v. Maury, 75 Va. 508.
Same-Debt Secured by Deed Ascertained. — Equity has jurisdiction of a suit in the name of either the administrator or trustee, or both, to settle the amount due on a debt secured by a deed of trust on land in favor of a decedent’s estate, where various payments are claimed by the debtor, and disputed by the administrator. Pendleton v. Bower (W. Va.), 38 S. E. Rep. 487.
4. Discovery. — Courts of chancery have jurisdiction of all cases where discovery is wanting. Pryor v. Adams, 1 Call 382, 1 Am. Dec. 533; Yates v. Stuart, 39 W. Va. 124. 19 S. E. Rep. 423; Thompson v. Whitaker. 41 W. Va. 574, 23 S. E. Rep. 795; Simmons v. Simmons, 33 Gratt. 451; Rankin v. Bradford, 1 Leigh 163; Gregory v. Marks, 1 Band. 355; Scott v. Osborne, 2 Munf. 413; Coffman v. Sangston, 21 Gratt. 263, and note.
Allegations — Discovery Must Be Asked. — A court of chancery has jurisdiction where a bill plainly asks for a discovery, although the plaintiff might have had redress at common law, as courts of chancery have jurisdiction in all cases where a discovery is wanted. Pryor v. Adams, 1 Call 382, 1 Am. Dec. 533.
Same — Materiality or Necessity of Discovery Must Be Alleged — Where the enforcement of a legal demand is attempted in a court of equity, and the need of a discovery is the alleged ground of jurisdiction, and there is no allegation that the discovery is material or necessary, the bill is demurrable. Collins v. Sutton, 94 Va. 127, 26 S. E. Rep. 415 ; Childress v. Morris. 23 Gratt. 802 ; Kane v. Va., etc., Co., 97 Va. 329, 33 S. E. Rep. 627 ; Armstrong v. Huntons, 1 Rob. 323 ; Hall v. Smith, 25 Gratt. 76; Jones v. Bradshaw, 16 Gratt. 360 ; Hale v. Clarkson, 23 Gratt. 42; Hardin v. Hardin, 2 Leigh 572.
Thus in a suit involving the right to slaves, a court of chancery has jurisdiction of the case, if the bill charges the necessity of a discovery, and of the design to remove the slaves out of reach; and chiefly because they were a trust subject, represented by no trustee who could sue at law. Rankin v. Bradford, 1 Leigh 163.
Same — Inability to Prove Desired Pacts by Testimony of Defendants. — To give a court of equity jurisdiction on the ground of discovery, it is not sufficient to charge that certain facts are known to the defendants and ought to be disclosed by them; but it should be averred that the plaintiff is unable to prove such facts by their testimony. Duvals v. Boss, 2 Munf. 290 ; Bass v. Bass, 4 H. & M. 478.
Same — In Pure Bill of Discovery — In Other Cases. — A pure bill of discovery need not state that the discovery is indispensable to sustain the proceeding in another court, nor that there is no other evidence: bnt a bill for discovery and relief on a legal demand, must state that discovery is indispensable for want of other evidence. If it appears that the plaintiff has other adequate evidence, the bill will be dismissed. Thompson v. Whitaker, 41 W. Va. 574, 23 S. E. Rep. 795.
Bill Dismissed if Discovery Not Necessary. —jf a call for a discovery be the only ground of equity jurisdiction, and the evidence shows that the plaintiff knew these facts at the time or had the means of knowing, the bill should be dismissed with costs. Hale v. Clarkson. 23 Gratt. 42 ; Hardin v. Hardin, 2 Leigh 572 ; Harr v. Shaffer, 45 W. Va. 709, 31 S. E. Rep. 905.
And where a bill was filed in chancery by the plaintiff against the executors of his deceased father and a purchaser under them, claiming slaves under a parol gift of the father in his lifetime accompanied by delivery of possession, and praying discovery of the increase of the slaves, of which the bill shows that the plaintiff was not ignorant, and which asked a decree for the slaves, and their increase before suit was brought, as well ascendente lite, and an account of profits, it was held that the court had no jurisdiction to entertain such a bill. Hardin v. Hardin, 2 Leigh 572.
So where the ground of equitable jurisdiction as alleged in the bill was want of a discovery, and it appears that some material facts are true, but that others were mere pretences, the bill will be dismissed for want of jurisdiction at the hearing. Jones v. Bradshaw, 16 Gratt. 355.
In Connection with Accounts. — Courts of equity have jurisdiction of matters of account, where the accounts are all on one side, if a discovery is. sought that is necessary to the relief. Yates v. Stuart, 39 W. Va. 124, 19 S. E. Rep. 423.
Same — Principal and Agent. — So a bill in equity will lie, by an administrator of a principal against the general agent of his intestate for a discovery and an account of the transactions of the latter with his principal. Simmons v. Simmons, 33 Gratt. 451.
Same — Increase of Slaves — And a court of equity has jurisdiction for the recovery of slaves, wherever a discovery is sought of the increase of the female slaves, after a considerable lapse of time, and an account of hires and profits of a stock of slaves, where some of them may have been young and chargeable. Gregory v. Marks, 1 Rand. 355.
Same — Whether Bond Was Paid and Where. — A father-in-law having promised to assist his son-in-law in paying for a tract of land by letting him have the amount of a certain bond when collected, it was proper for the latter to sue in chancery Ur discover whether and at what time the money due on the bond was collected. Scott v. Osborne, 2 Munf. 413.
In Relation to Lost Instrument. — Courts of equity have jurisdiction where a lost instrument is set up, and the discovery sought in relation thereto is material to the relief. Yates v. Stuart, 39 W. Va. 124, 19 S. E. Rep. 423.
Adverse Parties Witnesses — Jurisdiction Not Ousted. —The fact that a statute has made adversary parties. *624 witnesses for each other at law, does not oust equity of jurisdiction for a discovery. Thompson v. Whitaker Iron Co., 41 W. Va. 574, 23 S. E. Rep. 795.
Voluntary Association — Suit by One Member for All. —A member of a voluntary association may sue in equity for the benefit of himself and all others. The court has jurisdiction on the ground either of discovery, or from the difficulty of proceeding at law. Coffman v. Sangston, 21 Gratt. 263; Perkins v. Seigfried, 97 Va. 449, 34 S. E. Rep. 64; Sangston v. Gordon, 23 Gratt. 764; Berkshire v. Evans, 4 Leigh 223.
5. Penalties and Fobeeittjbes.
General Principles. — A court of equity will neither enforce a penalty or forfeiture, nor permit them to be enforced in a court of law. Ewing v. Litchfield, 91 Va. 575, 22 S. E. Rep. 362. But it will always relieve against a penalty where compensation can be made. Hackett v. Alcock, 1 Call 533.
So where the effect of a bill is to enforce payment of liquidated damages, or a penalty, it is demur-rable. Ewing v. Litchfield, 91 Va. 575, 22 S. E. Rep. 362.
Thus where a contract is founded on an act forbidden by statute under penalty, a court of equity will interfere to prohibit the effect of it. Wilson v. Spencer, 1 Rand. 76, 10 Am. Dec. 491.
Execution of Bond in Larger Sum Than Is Owed.— Where a person owing a debt is induced to execute a bond for a larger sum, the excess being required as a penalty to secure punctual payment, equity will relieve against the penalty. Dawson v. Winslow, Wythe 106.
Time Essence of Contract — Breach of Condition a Forfeiture. — But where time is of the essence of a contract with conditions, a breach of which would work an absolute forfeiture, equity will not relieve against it. Hukill v. Guffey, 37 W. Va. 425, 16 S. E. Rep. 544.
Performance of Condition in Bond Prevented by Other Party — Penalty Relieved against. — Where the obligee of a bond has been prevented from performing an alternative by the interposition of the other party, he is entitled to relief against the penalty of the bond, not only by the general principles of equi ty to relieve against penalties on making compensation, but because of the circumstances of this particular case. Dawson v. Winslow, Wythe 106.
Accrual of Forfeiture — Sequestration of Rents and Profits of flortgaged Property. — A court of equity may sequestrate the rents and profits of mortgaged or encumbered property where a forfeiture has accrued, and such rents and profits are necessary to discharge the encumbrances. Clarke v. Curtis, 1 Gratt. 289.
Joint Purchase of Land — Forfeiture of Rights on Failure of Either to Pay Share of Purchase Price. — Two parties purchased a tract of land on credit, and it is agreed that if one fails to pay all or any portion of his share of the purchase price, so that the, other has to pay it, then he shall have the whole land and repay the first one any part that he has paid. This is a forfeiture against which a court of equity will relieve. Asher v. Pendleton, 6 Gratt. 628.
Forfeiture in Lease — Indulgence by Lessor. — Where there is a clause of forfeiture in a lease, but the lessor waives his rights and indulges the lessee, there is no forfeiture which equity would recognize; but if there was technically a forfeiture at law, equity would relieve against it. Hukill v. Myers, 36 W. Va. 639, 15 S. E. Rep. 151.
6. Fbato. — See monographic note on “Fraudulent and Voluntary Conveyances” appended to Cochran v. Paris, 11 Gratt. 348; also, subhead 9, “Illegal Contracts and Transactions,” infra.
General Principles. — The first province of a court of equity is to enforce truth and fairness in the dealings of men, and it is universally conceded to be a ground of equitable jurisdiction to prevent and correct fraud. Wampler v. Wampler, 30 Gratt. 454; Watkins v. Wortman, 19 W. Va. 78; Crislip v. Cain, 19 W. Va. 438; White v. Jones, 4 Call 253, 2 Am. Dec. 564; Carey v. Coffee-Stemming Mach. Co., 20 S. E. Rep. 778, 1 Va. Dec. 863. But the plaintiff must not be guilty of fraud in the transaction. Maurice v. Devol, 23 W. Va. 247. And if there is no fraud proved on the part of the defendant, the bill will be dismissed. Jones v. White, Wythe 111.
No Relief to Plaintiff If Party to Fraud, — it is a rule in equity never to give relief to parties, when in so doing it will relieve them from the consequences of their own iniquity. Smith v. Chilton, 84 Va. 840, 6 S. E. Rep. 142; Helsley v. Fultz, 76 Va. 671; Barnett v. Barnett, 83 Va. 504, 2 S. E. Rep. 733.
Fraud More Properly Investigated In Equity. — In an action for the recovery of mortgaged slaves, where fraud was charged, it was proper under the circumstances to bring the parties before a court of equity, where the whole subject of the fraud could be investigated, rather than proceed at law, and attempt to establish it before a jury. Henley v. Perkins, 6 Gratt. 615.
Limitation of Jurisdiction — Adequate Remedy at Law. —While it is true that one of the elementary grounds of jurisdiction of equity courts is to give relief in cases of fraud, yet this jurisdiction does not extend to all possible cases in which the commission of fraud may be involved. Thus where the party can have as effectual and complete a remedy at law as in equity, and that remedy is direct, certain and adequate, there can be no ground to resort to equity. Green v. Spaulding, 76 Va. 411; Buck v. Ward, 97 Va. 209, 33 S. E. Rep. 513; Kane v. Virginia, etc., Co., 97 Va. 329, 33 S. E. Rep. 627.
Same — Defendant Must Be Guilty of Deception,— Where the debtor induced his surety to go upon a forthcoming bond by representing in the presence of the sheriff that the amount of the debt is one-seventh of the real amount, which the sheriff does not contradict, the surety is not entitled to relief in equity on the ground of deception, as the creditor was no party to the fraud, and the sheriff who was, .was not the agent of the creditor in taking the bond. Gordon v. Jeffrey, 2 Leigh 410.
A court of equity cannot grant relief from a decree by default obtained upon a false return on the process by the sheriff, unless such false return was procured or induced by the plaintiff, or he can in some way be connected with the deception. Preston v. Kindrick, 94 Va. 760, 27 S. E. Rep. 588.
Jurisdiction Sustained Wherever Person Found. — In cases of fraud, trusts, or of contract, the jurisdiction of a court of equity is sustainable wherever the person can be found, although lands not within the jurisdiction of the court may be affected by its decree. Davis v. Morriss, 76 Va. 21.
Defence at Law Prevented by Fraud. — Where the plaintiff in an action at law prevents the defendant from producing an adequate defence by his fraudulent representations, he ought to be relieved in equity. Poindexter v. Waddy, 6 Munf. 418, 8 Am. Dec. 749.
Receipt for Money and Release of Deed Obtained by Fraud — Where a receipt was obtained for money
*625 secured by a deed of trust, and a release of the deed was also gotten, both of which were without consideration and a fraud on the beneficiaries, a court of equity has jurisdiction to annul and set aside the receipt and release, and having taken jurisdiction, it will grant full relief in the case. Fleshman v. Hoylman, 27 W. Va. 728.
Fraudulent Satisfaction of Judgment, — An indorsement of satisfaction on a judgment by attorneys who obtained it, may be cancelled in a suit by them on the ground that such satisfaction was procured by the fraud of the debtor, or by mistake. Higginbotham v. May, 90 Va. 233, 17 S. E. Rep. 941.
Fraudulent Changing Order of Indorsers. — A third ■endorser endorses a note on the faith of the solvency of a prior endorser; on a renewal of the note, the order of endorsements was changed without the consent of the former, who had left his blank endorsement with the makers for convenience in renewing. Equity will relieve him against the endorser who should have proceeded him. Slagle v. Rust, 4 Gratt. 274.
Fraudulent Possession and Destruction of Bonds and Notes. — And a bill which alleges that the defendants had obtained possession of certain bonds or promissory notes from the hands of the agent of the plaintiff by means of false and fraudulent representations with the design to cheat and defraud the plaintiff, and had destroyed them, shows sufficient grounds on its face for the jurisdiction of chancery for fraud. Campbell v. Lynch, 6 W. Va. 17.
Bill Filed to Determine Whether Bond Fraudulent or Not. — Under circumstances inducing suspicion that a bond was counterfeited or fraudulent, upon a bill filed by an executor, relief was given in equity by directing an issue to try whether the bond in ■question was the deed of the testator or not, and if so. what was the consideration; and this notwithstanding the trial at law was upon the plea of payment put in by counsel, and a new trial moved by the complainant was refused, it being alleged in the bill that the complainant’s suspicions of fraud were for the first time excited on the trial at law, and then he was convinced that the signature of his testator was not genuine, which conviction was strengthened by other circumstances, some known before the trial and some afterwards. West v. Logwood, 6 Munf. 491.
Sale of Land — Vendor Entitled to Relief. — A vendor of land under some circumstances is entitled to relief on account of a fraudulent concealment of facts by the vendee. Armstead v. Hundley, 7 Gratt. 52.
Same — Defective Title — When Vendee Relieved.— Where a vendee is in possession of land under a conveyance with general warranty, and the title has not been questioned by suit prosecuted or threatened, equity will not relieve the vendee from payment of purchase money, unless he can show defect in title which the vendor fraudulently misrepresented or concealed. Beale v. Seiveley, 8 Leigh 658.
Same — Deficiency in Amount — Abatement of Price.— Equity has jurisdiction of an action by the purchaser of land, based on fraud, to recover back part of the purchase money by reason of the tract containing less land than it was sold for. Boschen v. Jurgens, 92 Va. 756, 24 S. E. Rep. 390; Crislip v. Cain, 19 W. Va. 438.
Grant of Lands — Claimant of Prior Equity — When Relieved. — After a grant is issued, any one claiming a prior equity against the grantee can in no case have relief in equity unless upon the ground of actual fraud in the acquisition of the legal title; or unless the party was prevented from prosecuting a caveat by fraud, accident or mistake. M’Clung v. Hughes, 5 Rand. 453.
Same — Junior Grant Procured by Fraud — Repeal.—It was held in Randolph v. Adams, 2 W. Va. 519 (1868), that under § 64, ch. 112 of the Va. Code, that where a bill charges that a junior grant was procured by fraud and stratagem, it is sufficient to give the court jurisdiction to repeal, although the plaintiff has the elder legal title and the possession has always been with it.
Equity Takes Jurisdiction When Party Prevented by Fraud from Prosecuting Caveat. Although a party may be let into a court of equity, on grounds which he could not have used on the trial of a caveat, and which in fact make another case, or upon a case suggesting and proving that he was prevented by fraud or accident from prosecuting his caveat, he is not to be sustained in a court of equity on such grounds as were or might have been brought forward on the trial of the caveat. Noland v. Cromwell, 4 Munf. 155.
No Reformation in Absence of Fraud or Misrepresentation. — if it has not been claimed that there was any fraud or misrepresentation in a transaction, it is not a case in which a court of equity will correct the paper, so as to conform it to an alleged agreement between the parties. Martin v. Lewis, 30 Gratt. 672.
For False Representation of Material Fact. — A false representation of a material fact, constituting an inducement to a coxitract, on which a purchaser has a right to rely, is a ground for a rescission in equity, although the party making the representation was ignorant whether it was true or false; the real inquiry is whether the purchaser believed it true, and was misled by it. Lowe v. Trundle, 78 Va. 65; Grim v. Byrd, 32 Gratt. 300; Crump v. U. S. Min. Co., 7 Gratt. 352; Linhart v. Foreman, 77 Va. 540.
7. Accident, Mistake and Surprise. — See mono-graphic note on “Deeds” appended to Fiott v. Com., 12 Gratt. 564; also, subhead 6, “Fraud,” supra.
Clear Proof of Mistake Necessary. — A court of equity will relieve against a mutual mistake of law as well as of fact when such mistake is established by clear and convincing proof, and the rights of innocent third parties do not interfere. Biggs v. Bailey (W. Va.), 38 S. E. Rep. 499; Board of Trustees v. Blair, 45 W. Va. 812, 32 S. E. Rep. 208; Shirley v. Rice, 79 Va. 442; Mauzy v. Sellars, 26 Gratt. 641; Watson v. Hoy, 28 Gratt. 698; Yost v. Mallicote, 77 Va. 610; Chapman v. Persinger, 87 Va. 581, 13 S. E. Rep. 549; Major v. Ficklin, 85 Va. 732, 8 S. E. Rep. 715; Shen., etc., R. Co. v. Dunlop, 86 Va. 346, 10 S. E. Rep. 239; Allen v. Yeater, 17 W. Va. 128; Weidebusch v. Hartenstein, 12 W. Va. 760.
Mistakes in Legal Proceedings or Elsewhere. — It is within the jurisdiction of chancery courts to correct mistakes, whether they occur in the course of legal proceedings or elsewhere. Fore v. Foster, 86 Va. 104, 9 S. E. Rep. 497.
No Relief to flistake of Law. — A court of equity will afford no relief to a mistake which was a mistake of law. Zollman v. Moore, 21 Gratt. 313, and foot-note.
Reformation and Cancellation of Deeds, etc., for nistake. — Equity takes jurisdiction to reform deeds, set aside compromises, and rescind contracts, on account of mutual mistake. Snyder v. Grandstaff, 96 Va. 473, 31 S. E. Rep. 647; Crislip v. Cain, 19 W. Va. *626 438; Epes v. Williams, 89 Va. 794, 17 S. E. Rep. 235; Fudge v. Payne, 86 Va. 303, 10 S. E. Rep. 7.
Mistake Hust Be Distinct from Sense of Instrument —Equity will not relieve against a mistake in a written instrument unless the mistake be perfectly distinct from the sense of the instrument. Jarrell v. Jarrell, 27 W. Va. 743.
Mutual Histake by Grantor and Grantee. — A mutual mistake of fact of a grantor and of a grantee, -whether it was a mistake as to the factors entering into the calculation, or as to the mode, process or result thereof, is one of the original grounds of equity jurisdiction to so amend as to do justice to all concerned, and to place them as nearly as practicable in statu quo. Massie v. Heiskell, 80 Va. 789.
Failure to Defend at Law Result of Accident, etc.— Relief will always be granted in equity when the failure to defend at law was because of the acts of the opposite party, or was the result of fraud, accident, surprise, or some other adventitious circumstance beyond the control of the party complaining. Dey v. Martin, 78 Va. 1; Holland v. Trotter, 22 Gratt. 141.
Error of Law by Arbitrators. — A court of equity alone has jurisdiction to correct an error of law made by arbitrators with respect to the time when the statute of limitations will cease to run; and if the executor declines to oppose the confirmation of their report, the next of kin may maintain the suit. Moore v. Luckess, 23 Gratt. 160.
Decree for Sale of Land Due to Mistake. — Equity will set aside and annul or correct a decree for the sale of land, which is the result of a mistake in the description of the land. Baxter v. Tanner, 35 W. Va. 60, 12 S. E. Rep. 1094.
Mistake in Estimated Quantity of Land Sold. — The principles upon which equity gives relief in cases of excess and deficiency in the estimated quantity upon a sale of lands, is that there is a mistake. Nichols v. Cooper, 2 W. Va. 347.
Where parties contract for the payment of a gross sum for a contract of land upon an estimate of a given quantity, which influences the price, if any mistake occurs, which if understood at the time would have prevented the contract, or have varied its terms, equity will give the required relief. Yost v. Mallicote, 77 Va. 610.
Accidental Mistake in Printing Record in Chancery Cause. — A will is construed by the court of appeals, but by some accidental mistake in printing the record a provision therein is changed. A court of equity has jurisdiction on the ground of accident, to correct the error of the court of appeals, and establish the true will. Byrne v. Edmonds, 23 Gratt. 200, and foot-note.
Judicial Sale Set Aside for Mistake, Surprise, etc. — it may be safely laid down as a general rule that after a judicial sale has been absolutely confirmed by the court which orders it, it will not be set aside except for fraud, mistake, surprise, or some other cause for which equity would give relief if the sale has been made by the parties in interest instead of by the court. Va., etc., Ins. Co. v. Cottrell, 85 Va. 857, 9 S. E. Rep. 132; Berlin v. Melhorn, 75 Va. 639.
Will Executed by Mistake. — Equity has jurisdiction of an issue of devisavit vet non to set aside a will on the ground that it was executed by mistake. Couch v. Eastham, 27 W. Va. 796. Por a full discussion of this issue, see Dower v. Seeds, 28 W. Va. 113.
Awards Set Aside for Accident, Mistake, etc. — Courts of equity have always had and exercised jurisdiction to interfere to set aside awards for fraud, accident, partiality, misconduct, or mistake of arbitrators. Wheeling Gas Co. v. City of Wheeling, 5 W. Va. 448.
Decree by Surprise. — A bill of injunction will lie to restrain proceedings on a decree obtained by surprise. Callaway v. Alexander, 8 Leigh 114, 31 Am. Dec. 640.
Penal Obligation Given by Mistake for Promissory Note. — A firm borrows a sum of money, and by mistake the partner executing the transaction makes a penal obligation instead of a promissory note. Although at law the remedy would only be against the partner who executed it, yet equity has jurisdiction to correct the mistake, and hold all the partners bound as if there was no seal. Galt v. Calland, 7 Leigh 594.
Mistake of Scrivener, — A mistake of the scrivener in drawing a deed, whether of law or fact, will be corrected by a court of equity, even against bona fide creditors of the'grantor. Alexander v. Newton, 2 Gratt. 266. See Pennybacker v. Laidley, 33 W. Va. 624, 11 S. E. Rep. 39 ; Weidebusch v. Hartenstein, 12 W. Va. 760.
Cause Fully Heard in Law Court — Where Interference by Equity. — Where a cause has been once fully heard and decided in a court of common law, having competent jurisdiction of the case, a court of equity ought not to interfere unless fraud or surprise be suggested and proved, or some material adventitious circumstance has arisen, which could not have been foreseen, or guarded against. Fenwick v. M’Murdo, 2 Munf. 244.
Payment of Money by Mistake. — A court of equity has jurisdiction to decree the repayment of money paid by mistake, notwithstanding the plaintiff’s remedy by assumpsit for money had and received. Wilkins v. Woodfin, 5 Munf. 183.
Evidence of Juror in Jury Room — Mistake or Surprise. — An executor being sued on a bond, was advised by his counsel to rely upon presumption of payment, and he neglected to use additional testimony believing such defence sufficient, but in consequence of evidence given by one of the jurors in the jury room, a verdict was found against him. He moved for a new trial but it was denied him. He afterwards obtained a new trial by applying to a court of equity, on the ground of mistake or accident. Price v. Fuqua, 4 Munf. 68.
Relief by Surety from Raised Bond — Surprise.—In giving notice on a forthcoming bond, the sheriff acts as agent of the creditor, who is not entitled to the benefit of any fraud committed by the sheriff in relation thereto ; and where a surety was induced by the fraud of the principal to sign a bond, the amount of which was afterwards raised to a greater sum than the sheriff stated would be the amount, the surety was entitled to relief in equity on the ground of surprise, but only on terms that he should pay the amount for which he really intended to bind himself as surety. Gordon v. Jeffery, 2 Leigh 410.
Mistake in Title — Where No Agreement for Warranty of Title. — A mistake in respect to the title to land, is no ground for equitable relief to a purchaser, where he purchases without any agreement for a conveyance with warranty of title. Sutton v. Sutton, 7 Gratt. 234, 56 Am. Dec. 109.
8. Reformation and Cancellation. — See mon-ographic note on “Deeds” appended to Fiott v. Com., 12 Gratt. 564; also, subhead 6, “Fraud,” supra.
General Jurisdiction. — Equity has jurisdiction to reform written instruments in two well-defined *627 classes or cases only: (1) Where there has been an innocent omission or insertion of a material stipulation, contrary to the intention of “both parties. and under a mutual mistake ; and (3) where there has "been a mistake of one party accompanied by fraud or inequitable conduct of the remaining parties. Shen., etc., R. Co. v. Dunlop, 86 Va. 346, 10 S. E. Rep. 339 ; Donaldson v. Levine, 93 Va. 472, 25 S. E. Rep. 541; Meade v. Norfolk, etc., R. Co., 89 Va. 296, 15 S. E. Rep. 497.
mistake of Draftsman. — -There is no question of the power of a court of equity to correct and reform a contract or a written instrument between living parties, and for a valuable consideration, for the proved or admitted mistake of the draftsman. White v. Campbell, 80 Va. 180.
Defective Antenuptial Agreement — Fraud or nistake. —An antenuptial agreement between a husband and his wife for the purpose of settling upon the wife’s sister a sum of money out of her personal estate, was drawn by the husband, and afterwards turns out not to amount to a gift nor intercept the marital rights. Whether this defect proceeded from fraud or mistake equity will correct the instrument. Brown v. Bonner, 8 Leigh 1.
Undue Influence by Father on Daughter. — On the ground of undue influence, a court of equity will grant relief to a daughter, by vacating and setting aside a deed to her father, which was without consideration, and was obtained in a situation of a sudden surprise, without the presence or advice of friend or counsel,* when she was rendered wholly unable to exercise a consenting mind, by the undue influence of her father and of his attorney and agent, who pressed her with importunity and strong persuasion, and assurances that she would be otherwise provided for and would not lose anything by it, and that it would be best for her to make the property back to her father as it was threatened to be burned; under the compulsion of which she hastily and inconsiderately executed the deed, to which she had been already most powerfully moved and induced by the distress and suffering of her aged father, occasioned by the reproaches and remonstrances and interference of his son-in-law and his other daughter. Davis v. Strange, 86 Va. 793, 11 S. E. Rep. 406.
9. ITiTjEgaij Contracts and Transactions. — See monographic note on ’‘Fraudulent and Voluntary Conveyances’* appended to Cochran v. Paris, 11 Gratt. 348; also, subhead 6, “Fraud,” supra.
No Relief to Parties in Pari Delicto. — Where the parties to a transaction are in pari delicto, a court of equity will leave them where it finds them, and will not grant relief at the suit of one against the other. George v. Curtis, 45 W. Va. 1, 30 S. E. Rep. 69; Jeffries v. Southwest Imp. Co., 88 Va. 862, 14 S. E. Rep. 661.
Same — Compounding a Felony — Equity will not entertain a bill to cancel a note and mortgage given under an agreement to compound a felony or stifle its prosecution, as the parties are in pari delicto. Rock v. Mathews, 35 W. Va. 531, 14 S. E. Rep. 137, 14 L. R. A. 508.
Same — Aiding Felon to Escape. — It is well settled that where a contract grows immediately out of, and is connected with an illegal or immoral act, a court of equity will not render any aid to enforce it. So when a contract is made for the sale of real estate at a very low price, to enable the seller to leave the state to avoid a prosecution for a felony, no aid will be given in equity to enforce this contract on behalf of the purchaser, Dodson v. Swan,. 2 W. Va. 511; Wilson v. Spencer, 1 Rand. 76.
Same — Contract Payable in Confederate Honey. — It was held in Brown v. Wylie, 3 W. Va. 502. 98 Am. Dec. 781, that a court of equity would not lend its aid to enforce the payment of the purchase money for land, which by the contract of sale was payable in Confederate money; that it would not decree a sale of the land for the purpose nor order the contract canceled, but would leave the parties in pari delicto.
Same — Bond a Blind to Induce Innocent Parties to Buy Patent. — if there was an understanding between the parties that the bond of one to the other was to have no validity, but was to be used as a blind by which to induce others to buy patent rights, then palpable fraud was attempted to be perpetrated upon innocent strangers, which cannot be upheld in a court of equity; and the parties being in pari delicto, the complainants are not entitled to relief, for in such case potior est conditio defendentic. Barnett v. Barnett, 83 Va. 504, 2 S. E. Rep. 733.
Same — Contract in Fraud of Creditors. — It is a well-established rule of courts of equity not to assist one wrongdoer against another. This rule is more frequently invoked in cases of contracts entered into in fraud of the rights of creditors and other persons. It will not compel its execution or decree its cancellation while the agreement is executory, and it will not set it aside and restore the property fraudulently conveyed after the agreement has been executed. Helsley v. Fultz, 76 Va. 671.
Same — Grantor in Fraudulent Conveyance Entitled to No Relief. — Where property is fraudulently conveyed for the purpose of hindering and delaying creditors, except under very peculiar circumstances, the grantor cannot maintain a bill in equity to rescind the contract. Both grantor and grantee being generally in pari delicto, neither is entitled to come into equity. James v. Bird, 8 Leigh 510, 31 Am. Dec. 668.
Same — Money Paid under Contract Cannot Be Recov» ered. — 'Where a plaintiff in equity sues to take admn-lave of a contract found to be fraudulent, he is not to be sustained even to recover back money paid on such contract, but ought to be left to his remedy at law. Sims v. Lewis, 5 Munf. 29.
Fraudulent Conveyance — Suit by Creditor — Former and Later Doctrines. — A creditor at large, not having obtained judgment or decree against his debtor, cannot resort to equity to set aside a fraudulent conveyance of his debtor, though interference of the court be also prayed to prevent a sale or removal of the subject, and though the subject be equitable estate not liable to execution. Tate v. Liggat, 2 Leigh 84; Kelso v. Blackburn, 3 Leigh 299.
In the later case of Tuft v. Pickering, 28 W. Va. 330 (1886), citing Watkins v. Wortman, 19 W. Va. 78. it was decided that by the provisions of sec. 2 of ch. 133 of the Code it was expressly provided that a creditor shall not be required to obtain a judgment at law before proceeding in equity to set aside a fraudulent conveyance, but that he might proceed in the first instance on a mere legal demand and obtain relief by setting it aside and subjecting the property conveyed to the satisfaction of his debt.
Same — Injunction—Lien Ascertained and Enforced.— A court of equity has jurisdiction by injunction to restrain a defendant from disposing of property in fraud of creditors, and to ascertain and enforce the *628 lien of the complainant upon the property. Morrison v. Wilkinson, 1 Va. Dec. 772, 17 S. E. Rep. 787.
Same — Grantor and Grantee Out of State. — A creditor at large may maintain a suit in equity to set aside as fraudulent a deed conveying real estate made hy the debtor, where both the debtor and his grantee live and are out of the commonwealth. Peay v. Morrison, 10 Gratt. 149.
Same — After Elegit Levied on Land. — An elegit is levied on the land of the debtor but the moiety is not set out by metes and bounds, and possession is not delivered to the creditor. The debtor makes a conveyance of the land to third persons and afterwards the elegit and return are quashed. The creditor files a bill impeaching the conveyance as fraudulent and it is held that equity has jurisdiction to entertain the suit. Claiborne v. Gross, 7 Leigh 331.
Same — No Attachment in Equity on Sole Ground of Nonresident — Must Be Proof of Intent to Make Fraudulent Conveyance. — Section 2964 of the Va. Code provides that a court of equity has no jurisdiction to enforce by attachment a claim to a debt notpayable, where the only ground is that the defendant is a foreign corporation and has estate or debts owing to it within the county or corporation where the suit is brought. It is essential to its jurisdiction that there be proof of an intent to convey its property in order to hinder, delay or defraud the plaintiff. Wingo v. Purdy, 87 Va. 472, 12 S. E. Rep. 970.
Same — Conversion of Property by Defendant in Possession. — A suit in chancery properly lies against a defendant, who claiming title under a deed alleged to be fraudulent, has taken possession of and converted to his own use sundry articles; the plaintiff praying the court to set aside such fraudulent deed, and compel the defendant to render just account of the property so wrongfully taken and to pay the value thereof to the plaintiff. Cocke v. Harrison, 6 Munf. 184.
Deed of Trust to Secure Creditors — Fraud by Two on Others. — A deed of trust to secure creditors requires them to signify their acceptance by signing it within thirty days, and to release the debtor. The creditors being dissatisfied with its provisions agree between themselves and the debtor that they will not sign it, but two of them nevertheless sign it within the thirty days with the avowed purpose that it is for the benefit of all. Afterwards one of them comes into equity to enforce the deed for the benefit of himself and the other signer. A court of equity will not entertain his suit. Phippen v. Durham, 8 Gratt. 457.
Gambling Transactions — Partnerships Will Not Be Settled. — A court of equity will not lend its aid for the settlement and adjustment of a gambling partnership. Nor will it give relief of any kind to one partner against the other founded upon transactions arising out of such partnerships. Watson v. Fletcher, 7 Gratt. 1.
Same — Bond for Money Lost. — where a bond was given to secure money for the purpose of gambling, and was therefore void under the statute against gaming, equity will not grant relief in a suit brought on such a bond. Pope v. Towles, 3 H. & M. 47.
Contract by Slave. — Although a contract has been fully performed on the part of a slave between him and his master, it is not competent for the court of chancery to enforce it. Stevenson v. Singleton, 1 Leigh 72.
Fraudulent Release of Mortgage — Restoration of Lien and Sale — A release in equity procured by fraud and misrepresentation will be vacated in equity, and the mortgage lien restored, and the property will be decreed and sold for the payment of the mortgagee. Poore v. Price, 5 Leigh 52, 27 Am. Dec. 582.
Fraudulent Acknowledgment of Gift —A bill for relief against a writing purporting an acknowledgment of a gift of property by the complainant to the defendant, on the ground of its having been obtained by fraud, presented a proper case for equitable jurisdiction, though a suit at law, founded upon such writing, might be defeated without coming into equity. Johnson v. Hendley, 5 Munf. 219.
Illegal Contract of Board of Education. — A court of equity has jurisdiction of a suit by taxpayers of a school district to set aside a contract made by the board of education when the same is illegal, and creates a debt to be paid out of the school money of any subsequent year; there being no other adequate remedy. Honaker v. Board of Education, 42 W. Va. 170, 24 S. E. Rep. 544.
Illegal Tax Deed Set Aside. — A court of equity has jurisdiction to set aside an illegal tax deed. Simpson v. Edmiston, 23 W. Va. 675; Forqueran v. Donnally, 7 W. Va. 114; Jones v. Dils, 18 W. Va. 759; Orr v. Wiley, 19 W. Va. 150.
Collusive Confession of Judgment. — Land is conveyed with general warranty of title, and a subsequent grantee is evicted. It is agreed between the latter and his grantor that the grantee shall bring an action at law for the benefit of both; but the grantee accepts a collusive confession of judgment for the amount of his loss. The grantor is entitled to relief in equity against the first grantor for the balance due from him on his covenant. Jackson v. Turner, 5 Leigh 119. See generally, monographic note on “Judgments by Confession” appended to Richardson v. Jones, 12 Gratt. 53.
Wrongful Conveyance at Tax Sale. — Where the land of the plaintiff has been wrongfully conveyed to a purchaser at a tax sale, a court of equity has jurisdiction at the suit of the owner in possession to set aside the deed which has been recorded. Carroll v. Brown, 28 Gratt. 791.
Illegal Act of Officer — Injunctions.—Equity has jurisdiction to enjoin illegal acts of an officer attempted to be done colore oMcii, and to enjoin actions under an invalid requirement. Blanton v. Southern, etc., Co., 77 Va. 335; Goddin v. Crump, 8 Leigh 120; Bull v. Read, 13 Gratt. 78; Eyre v. Jacob, 14 Gratt. 423; Redd v. Supervisors, 31 Gratt. 697.
Unauthorized Tax — Collection by Hunicipal Corporation Enjoined. — The jurisdiction of a court of equity to restrain a municipal corporation and its officers from levying and collecting an unauthorized tax, or from creating an unauthorized debt, upon the application of one or more taxpayers of the corporation, who sue for the benefit of themselves, and all others similarly situated, is too well settled to admit of dispute. Lynchburg, etc., R. Co. v. Dameron, 95 Va. 545, 28 S. E. Rep. 951; Bull v. Read, 13 Gratt. 78; Eyre v. Jacob, 14 Gratt. 422; Read v. Supervisors, 31 Gratt. 695; Roper v. McWhorter, 77 Va. 214.
In Violation of Law for Public Good — Prohibited.—A court of equity, as Well as a court of law, will interfere to prohibit the effect of contracts, made in violation of laws enacted for the public good. Wilson v. Spencer, 1 Rand. 76.
10. Trusts and Trust Property.
Case Involving Trust — Defence at Law. — In a case involving trust and confidence, in which it appears reasonable to allow the complainant the benefit of *629 the defendant’s oath, relief may he given in equity, although the party neglected to make the proper defence at law. Spencer v. Wilson, 4 Munf. 130.
Enforcing Trust. — A court of equity will take jurisdiction of a trust, which is created hy a wife joining her husband in the conveyance of her land on condition that the proceeds he applied to the payment of a debt binding her children’s land, and will enforce it against the husband, although the bonds for said proceeds were made payable to him. Barnes v. Trafton, 80 Va. 524,
Charitable Bequests — General Jurisdiction. — The general jurisdiction of chancery embraces all questions arising upon legal bequests for charitable uses or otherwise, and if any error is committed in such case, it is an error in the exercise of jurisdiction, not in the assumption of an unauthorized jurisdiction. Elcan v. Lancasterian School, 2 P. & H. 53.
The original doctrine in Virginia in regard to the jurisdiction of chancery courts over charitable bequests, as laid down in Gallego v. Attorney General, 3 Leigh 450. 24 Am. Dec. 650, which was apparently overruled by some dicta in the cases of P. Episcopal E. Soc. v. Churchman, 80 Va. 718, and Trustees v. Guthrie. 86 Va. 125, 10 S. E. Rep. 318, has been reaffirmed in the recent case of Fifield v. Van Wyck, 94 Va. 557, 27 S. E. Rep. 446. According to the present doctrine, charitable bequests which were too vague to be claimed by those for whom the beneficial interest was intended, could not independent of the statute 43 Elizabeth, be sustained by courts of equity in England; and that statute if it ever existed in Virginia was repealed in 1792, with the result that charitable bequests cannot be established by courts of equity in this state, except so far as they are made certain by statutory provisions, which are very limited. With the exception of the two cases mentioned above, the early doctrine first established in the case of Attorney General and Gallego, decided in 1832, has been followed by a long and unbroken line of decisions. See Seaburn v. Seaburn, 15 Gratt. 423; Brooke v. Shacklett, 13 Gratt. 301; Kelly v. Love, 20 Gratt. 324; Janey v. Latane, 4 Leigh 327; Literary Fund v. Dawson, 1 Rob. 402; Bible Soc. v. Pendleton, 7 W. Va. 79; Knox v. Knox, 9 W. Va. 124; Carskadon v. Torreyson, 17 W. Va. 43; Brown v. Caldwell, 23 W. Va. 187; Wilson v. Perry, 29 W. Va. 169, 1 S. E. Rep. 302.
The doctrine of P. Episcopal Soc. v. Churchman, 80 Va. 718, and Trustees v. Guthrie, 86 Va. 325, 10 S. E. Rep. 318, which cases followed the case of Vidal v. Girard. 2 How. (U. S.) 127, is that the jurisdiction of chancery to enforce charitable bequests did not depend upon the statute of 43 Xülizabeth, but that those courts had that jurisdiction at common law; that that statute was local to England, and was never in force in Virginia, and that if its operation was in some respects general, it was not repealed by the act of 1792, but was preserved by the saving clause of that act in those respects. And in any event that the act of 1839, validated and made enforceable gifts for such purposes, subject to certain restrictions. See monographic note on “Charities” appended to Kelly v. Love, 20 Gratt. 124.
Legal Claim against Property in Trustees’ Name.—
A court of equity will not under its general powers of administering trusts, enforce a mere legal demand for work and labor done on property standing in the name of the trustees. Clark v. Oliver, 91 Va. 421, 22 S. E. Rep. 175.
Claims to Personal Property — Trustees Claiming under Trust Deed. — Courts of law afford an adequate remedy for settling claims to personal property which possess no pretimn affectionis, and equity will not take jurisdiction of the case, although one of the parties be a trustee claiming the property under a trust deed. Moore v. Steelman, 80 Va. 331; Sheppards v. Turpin, 3 Gratt. 373.
Trustees — No Interference with Exercise of Discretionary Trust — Where a trust is discretionary, or one of personal confidence, a court of equity has no jurisdiction to interfere with its exercise by the trustee so long as he acts in good faith, and cannot execute it, nor can any trustee appointed by it in his place do so. Dillard v. Dillard, 97 Va. 434, 34 S. E. Rep. 60: Cowles v. Brown, 4 Call 477: Cochran v. Parish, 11 Gratt. 348. See note appended to Read v. Patterson (N. J.), 6 Am. St. Rep. 877, as to controlling discretion of trustee.
Same — Supervisory Power over. — Whenever necessary, equity will compel a trustee to perform his duty, or will disregard the omission of that duty, under the rule that “equity will consider done which in good conscience ought to be done.” Atwood v. Shen., etc., R. Co., 85 Va. 966, 9 S. E. Rep. 748.
A court of equity has jurisdiction when its aid is invoked to instruct a trustee howto execute a trust, and to determine whether the purpose and prayer of the bill could be effectuated by the trustee. Trust estates, and especially those in which infants and married women are interested, are peculiarly within the cognizance and control of chancery, Christian v. Worsham, 78 Va. 100; Faulkner v. Davis, 18 Gratt. 677.
Same — Removal and Substitution. — A court of equity, independent of sec. 8 of ch. 274, Code 1873, as amended by Acts of 3874-75, p. 423, and § 6 of ch. 155 of the Code 1873, as amended by the Acts 1874, pp. 224-5, had ample authority to remove trustees in deeds of trust to secure creditors, and to substitute others in their places. In doing so the court but exercises the ordinary powers of a court of equity touching the administration of trusts. Lewis v. Glenn, 84 Va. 947. 6 S. E. Rep. 866.
Where the trustee in a deed of trust had gone beyond the jurisdiction of the court, it was proper for the plaintiff to come into equity, and under the prayer for general relief, it was competent for the court to aid in the execution of trust by the appointment of another trustee. Woods v. Fisher, 3 W. Va. 536.
Same — Sale of Trust Property — Retention of Jurisdiction. — Where there has been a sale of trust subject by the trustee, who receives the money and promises to pay the beneficiary, equity will nevertheless retain jurisdiction to enforce payment. Nease v. Capehart. 8 W. Va. 95.
Same — Same—Application of Proceeds to Trustee’s Debts. — Where complainants seek to prove that land was purchased with trust funds belonging to them; that it was sold by the court, with knowledge of this fact, to pay the trustee’s individual debts; and that purchasers at said sale had constructive information of said trust, — the claim is one of which a court of equity alone has jurisdiction. Moorman v. Arthur, 90 Va. 455, 18 S. E. Rep. 869.
Same — Auctioneers—Relief to One of Two Claimants. —Where auctioneers are stakeholders and trustees of proceeds of a sale made by them, and are bound to pay them to one or the other of two parties, upon conditions agreed upon, equity has jurisdiction to relieve one of the claimants against the auctioneers *630 and the other claimant. Townes v. Birchett, 12 Leigh 173.
Claims against Trust Subject. — where a claim against a trust subject could not be enforced in a court of law but could only be enforced in equity, that court has jurisdiction. Pumphry v. Brown, 5 W. Va. 107.
Same — By Judgment Creditor. — It is a settled practice in Virginia to entertain the suit of a judgment creditor for relief in equity, when the debtor has conveyed his land in trust to the payment of debts after the judgment, or on other trusts authorizing the sale of the land. Taylor v. Spindle, 2 Gratt. 44.
where the owner of a foreign judgment brought a suit in equity and issued an attachment, and had it levied on lands on which there existed a deed of trust, the trustee was justified in coming in a court of equity to have the trust enforced under its supervision, although the court at that time had no jurisdiction of attachments in equity for purely legal demands. Livey v. winton, 30 W. Va. 554, 4 S. E. Rep. 451.
Same — Invasion of Legal Right of Adjacent Owner.— where a trustee in conjunction with the cestui aue trust a married woman, undertakes to improve the trust property, her separate estate, and in so doing they take away a recognized legal right of an adjoining land owner to the support of. the adjacent and subjacent soil of the trust property, by failure to use proper care and skill, so that the adjoining land owner is damaged, equity has jurisdiction to ascertain the damages and to subject the trust property to its satisfaction because of the trust, or because of the separate estate involved. Salamone v. Keiley, 80 Va. 86.
Claims under Trusts. — The courts of chancery have jurisdiction in all cases where property taken in execution on behalf of the commonwealth is claimed by any person under a mortgage or deed of trust, and if they be found not to have been duly recorded, may decree the same to be void as 'against the claim of the commonwealth. Moore v. Auditor, 3 H. & M. 232.
Same — By Assignee of Bond Secured. — A man indebted by bond, executed a conveyance of all his property in trust for the payment of his just debts, for his own support, and for the benefit of his wife. He died without a will and without acquiring any property after the date of the conveyance. It was held that an assignee of the bond might obtain relief in equity without bringing any action at law, by a decree of a sale of the property in the hands of the trustee. Taylor v. Ficklin. 5 Munf. 25.
Bailment. — Bailment is not such a trust as gives a court of equity jurisdiction. Thompson v. Whitaker, 41 W. Va. 574, 23 S. E. Rep. 795.
11. LOST INSTRUMENTS.
Concurrent Jurisdiction — Affidavit. — Equity has jurisdiction whenever a lost instrument is to be set up, notwithstanding courts of law now exercise jurisdiction .in the same cases. This jurisdiction was originally assumed because there was no redress at law in such cases. When the law courts afterwards assumed jurisdiction of these cases, the jurisdiction of equity was not ousted. Where equity takes jurisdiction it will adjudicate the whole merits of the case. In cases of this kind an affidavit of the loss is required in equity. Lyttle v. Cozad, 21 W. Va. 183; Hickman v. Painter, 11 W. Va. 386; Mitchell v. Chancellor, 14 W. Va. 22; Kerney v. Kerney, 6 Leigh 478, 29 Am. Dec. 213; Hall v. Wilkinson, 35 W. Va. 167, 12 S. E. Rep. 1 118; Shields v. Co., 4 Rand. 541; Harrison v. Field, 2 Wash. 136.
But in a case in equity involving relief from the loss of a bond, if it has jurisdiction upon other grounds, no affidavit is required of the loss of the bond. Lyttle v. Cozad, 21 W. Va. 183.
Lost Deed — Averments Essential. — where a plaintiff asks relief in equity on the ground that a deed on which his claim depends has been lost or destroyed, the claim being one such that if he had the deed he would have complete remedy at law, the bill must distinctly aver the loss or destruction of the deed, and it must be shown that it could not be found upon, due search; otherwise a court of equity has no j urisdiction of the case. Taliaferro v. Foote, 3 Leigh 58.
Vendor’s Lien Represented by Bond. — A court of equity has jurisdiction to enforce a vendor's lien on land for the purchase money, though the bond which represents it has been lost, and though a copy of the deed cannot be produced by the vendor who is the plaintiff. Moore v. Smith, 36 W. Va. 379; Robinson v. Dix, 18 W. Va. 528.
Collateral Agreement to Note Sued on. — The written agreement between the maker and payee of a note, in relation to a contract in pursuance of which the note was made, having been lost at the time a judgment was recovered on the note, and without which agreement the maker could not make his defence at law, this will give a court of equity grounds to take jurisdiction of the case Vathir v. Zane, 6 Gratt. 246.
12. Corporate aotairs.
Management of Internal Affairs of Foreign Corpora» tion. — It is well settled that courts of equity will not interfere with the management of the internal affairs of a foreign corporation. Such questions are to be settled by the tribunals of the state which created the corporation. Courts other than those of the state creating it, and in which it has its habitat, have no visitorial powers over such corporation, have no authority to remove its officers or to punish them for misconduct, nor to enforce a forfeiture of its charter. Taylor v. Mut., etc., Life Assoc., 97 Va. 60, 33 S. E. Rep. 385.
Administration of Insolvent and Abandoned Corpora» tion. — A court of equity has jurisdiction to entertain the suit of simple contract creditors who have no lien, brought for the purpose of administering the assets of an insolvent and abandoned corporation. Nunnally v. Strauss, 94 Va. 255, 26 S. E. Rep. 580; Finney v. Bennett, 27 Gratt. 365.
Cancellation of Subscription. — Equity has jurisdiction where the relief asked for involves the cancellation of stock subscription in a corporation. Carey v. Coffee-Stemming Mach. Co., 20 S. E. Rep. 778, 1 Va. Dec. 863.
Stockholder Cannot Sue until Refusal by Corporation after Reasonable Demand. — A stockholder in a corpo-' ration cannot maintain an action in equity in relation to the corporate property without alleging the refusal of the corporation to sue after reasonable demand, or facts which excuse such demand. In such case the corporation is an indispensable party. Mount v. Radford Trust Co., 93 Va. 427, 25 S. E. Rep. 244.
Preservation of Mortgaged Property of Railroad. — A court of equity having charge of the mortgaged property of a railroad company is authorized to do all acts that may be necessary to preserve the property for the benefit of its creditors and of the company, whose possession the court has ousted by *631 a receiver, and toy taking into its hands the property and franchises of the company. Any act necessary for such preservation will he upheld and enforced hy the courts if it is not in excess of the corporate powers. Gibert v. Washington, etc., R. Co., 33 Gratt. 586.
Abuse of Power by Municipal Corporation. — Courts of equity have jurisdiction to prevent municipal corporations from abusing or exceeding their powers. Christie v. Malden. 23 W. Va. 667. See generally. monographic note on “Municipal Corporations” appended to Danville v. Pace, 25 Gratt. 1.
Ultra Vires Order of Board of Directors. — Equity has jurisdiction to declare null and void an order of the board of directors of a corporation thatis ultra vires, and obstructs its rights to its property, though that order be void. Ravenswood, etc., R. Co. v. Woodyard, 46 W. Va. 558, 33 S. E. Rep. 285
Ultra Vires Acts — Irremediable Injury. — It is not •competent for a court of chancery to award an injunction to stay proceedings of a navigation company in the prosecution of its works, unless it be manifest that it is both transcending its authority given by its charter, and that the interposition of equity is necessary to preventinjury that cannot be adequately compensated in damages. James River, etc.. Co. v. Anderson, 12 Leigh 278.
No Restraint on Legislative Franchise until Forfeiture of Charter at Law. — A court of equity has no jurisdiction to restrain a navigation company from collecting tolls, on the ground that it has forfeited its charter, as there is a plain remedy at law by a writ of quo warranto. A court of chancery can have no jurisdiction to stop a corporation from the exercise of its franchises conferred by the legislature, until the forfeiture of its charter has been declared by proper proceedings in a court of law. Pixley v. Roanoke Navigation Co., 75 Va. 320.
Effect of General Railroad Law of 1836 7 on Jurisdiction. — By the thirteenth section of the general railroad law of 18^6 — 7, ch. 118, the court of chancery is deprived of jurisdiction to enjoin a railroad company from proceeding to prosecute its work at its peril, upon the application of an elder canal company, which the road is projected to cross; the railroad company not thereby transcending its authority, and the injury, if any, to the canal being such as may be adequately compensated in damages. Tuckahoe Canal Co. v. Tuckahoe, etc., R. Co., 11 Leigh 42.
13. CONSTRUCTION op Wills. — When the title of all the parties’ land in controversy depends on the construction to be given to a will, equity will entertain a bill to construe it and settle the rights of all the parties. Withers v. Sims, 80 Va. 651. See mono-graphic note on “Wills.”
Slaves — At Suit of Administrator. — An administrator c. t. a. having in his possession slaves of the testator, and being in doubt as to whether the will emancipated them, may come into equity and have the will construed, where he makes the necessary persons parties thereto. Osborne v. Taylor, 13 Gratt. 117.
Same — Recovery against Adverse Claimant. — In a suit to recover slaves against an adverse claimant the fact that the title to the slaves depends upon the construction of a provision in a will, is no ground of equitable jurisdiction. Hale v. Clarkson, 23 Gratt. 42.
14. Administration.
In Creditors’ Suit. — in a creditors’ suit a court of equity has the power to call in the assets from the hands of a personal representative and put them in the hands of a receiver. In such .suit the court becomes a personal representative and applies them in due course of administration. Davis v. Chapman, 83 Va. 67, 1 S. E. Rep. 472. See generally, mono-graphic notes on “Creditors’ Bills” appended to Suckley v. Rotchford, 12 Gratt. 60, and “Executors and Administrators.”
Same — Double Security. — A bill brought to administer the estate of a decedent, and to have the assets first ascertained and then applied to the payment of a debt due to a creditor, was a creditors’ bill in intention and fact and is maintainable in equity. The fact that the creditor had double security, the other of which might have been enforced at law, will not deprive him of his remedy in equity. Carter v. Hampton, 77 Va. 631.
Realty Liable for Damages from Breach of Ancestor’s Covenants. — Where the complainants suffer damages from a breach of the covenant of an ancestor, they are entitled to come into equity for satisfaction out of the real assets in the hands of the heirs. Haffey v. Birchetts, 11 Leigh 83.
At Suit of Creditor of Absent Debtor. — A creditor of an absent debtor, who is one of the heirs and dis-tributees of a deceased intestate, may go into a court of equity for the purpose of having a division and distribution of the estate of the decedent and of procuring payment of his debt out of the shares of the absent debtor. Moores v. White, 3 Gratt. 139.
Enforcement of Decree against Executor. — A court of equity has jurisdiction to enforce a decree obtained against an executor in a former suit, against his sureties. Hobson v. Yancey, 2 Gratt. 73.
15. Judgments. — 'See monographic note on “Judgments” appended to Smith v. Charlton, 7 Gratt. 425.

a. Enforcement.

Enforcementof Judgment Lien against Land. — Equity has jurisdiction to enforce a judgment lien against the land of the debtor, notwithstanding the judgment creditor has not exhausted his remedy at law. Thus, jurisdiction does not depend in any way upon the adequacy of the legal remedy to satisfy the judgment out of the personal estate, but it may always be resorted to regardless of the amount of personal estate of the debtor. Price v. Thrash, 30 Gratt. 515. See Va. Code of 1873, ch. 122. §§ 6 and 9, and Va. Code of 1887, § 3571. See also, Hutcheson v. Grubbs, 80 Va. 257; Gordon v. Rixey, 76 Va. 694; Stovall v. Bank. 78 Va. 191; Moore v. Bruce, 85 Va. 139, 7 S. E. Rep. 195. See Morrison v. Wilkinson, 1 Va. Dec. 772, 17 S. E. Rep. 787.
Same — Statutory Provisions in West Virginia. — Section 8, ch. 139 of the Code of 1868 of W. Va.. provides that courts of equity shall have jurisdiction to enforce a judgment against the lands of the debtor at any time, without reference to whether he has personal property or estate out of which the judgment might be otherwise made. Pecks v. Chambers, 8 W. Va. 210; Marling v. Robrecht, 13 W. Va. 440.
Same — Need Not Revive Judgment at Law. — The right of a judgment creditor to bring his suit in equity against the personal representative and heirs or devisees of his deceased debtor before reviving his judgment at law has been generally recognized in the courts of this state. James v. Life, 92 Va. 702, 24 S. E. Rep. 275.
Same — Coextensive with Right to Execution. — The right of the plaintiff to file his bill in equity to enforce his judgment lien is coextensive as to time with the right to issue execution thereon. James v. Life, 92 Va. 702, 24 S. E. Rep. 275. See Hutcheson v. Grubbs, 80 Va. 251, and authorities there cited.
*632 Personal Property — No Lien unless Levy before Return Day. — where no levy was made upon personal property on or before the return day of the execution, the creditors had no lien by virtue thereof on personal property which had been conveyed in a deed of trust, and hence a court of equity had no jurisdiction to enforce payment of the creditor’s j udgmenl by administering' the trust created by the deed in question. Spence v. Repass, 94 Va. 716, 27 S. E. Rep. 583.
Decree Need Not Be Revived against Administrator.— A decree against a debtor is a lien on his land and although it has not been revived against the administrator, and no execution has been issued on it, the creditor may come into equity to subject the land. Burbridge v. Higgins, 6 Gratt. 119.
Lien of Deed of Trust Valid although Debts Secured Barred by Limitation. — where the property of a corporation, including its dues, has been conveyed to secure its debts, which are barred by the statute of limitations from being enforced at law, the debts are not thereby extinguished, and the lien of the trust deed may be enforced in equity until a sufficient length of time has elapsed to raise the presumption of payment. Hamilton v. Glenn, 85 Va. 901, 9 S. E. Rep. 129. See Bowie v. Poor School Society, 75 Va. 304.
Vendor’s Lien — Judgment on Debt Barred at Law.— Equity will take jurisdiction and enforce a vendor’s-lien, although a judgment on the debt is barred at law, unless a sufficient time has elapsed to raise a presumption of payment. Paxton v. Rich, 85 Va. 378, 7 S. E. Rep. 531.
flechanic’s Lien. — When the object of a suit is to enforce an alleged mechanic’s lien, the case is one of equitable jurisdiction. See § 2484; Bailey Construction Co. v. Purcell, 88 Va. 300, 13 S. E. Rep. 456.
Land Charged with Payment of Legacies — Conveyed to Third Person, — Where a devisee of land, which is charged with the payment of legacies, conveys it to a third person, who promises to pay the legacies out of the purchase price, the grantor may sue in equity to compel such payment and enforce the charge on the land. Bird v. Stout, 40 W. Va. 43, 20 S. E. Rep. 852.
Judgment against Surviving Partner. — A creditor of a firm obtains judgment against the surviving partner who subsequently dies. The creditor then files a bill against the administrators and the heirs of the surviving partner, and the representative of the deceased partner. The bill seeks a decree for the sale of land of which the surviving partner died possessed, some of which belonged to himself and some to the firm, and when this source shall be exhausted, then to charge the representative of the deceased partner. Equity has jurisdiction of the case. Jackson v. King, 8 Leigh 689.

b. Belief from.

(i) In General,
Chancery Acts on Parties Not on Judgment. — A court of chancery, under our system of jurisprudence, is invested with no power to set aside the verdict of a jury and order a new trial in an action at law, annulling the judgment on the hearing. It may act on the parties, but not directly on the j udgment, or on the court which renders it. Such judgment by a court having jurisdiction cannot be vacated by some direct proceeding at law, either in the same court, or in some other court having jurisdiction. Wynne v. Newman, 75 Va. 811.
One County Court Hay Relieve against Judgment of Another County Court. — The court of one county may on its equity side relieve against a judgment at law, rendered in another county court, by way of original jurisdiction. Although it cannot award a new trial in that court, yet it may direct the issue to be tried at its own bar. Ambler v. Wyld, 2 Wash. 36.
(2) Grounds of Relief.
Statement of Principles and Grounds. — The grounds upon which a court of equity will grant relief against a judgment at law are well defined and firmly established. It will not relieve a party against a judgment rendered in consequence of his default upon grounds which might have been successfully taken at law, unless some reason founded in fraud, accident, mistake, surprise or some adventitious circumstances beyond his control, be shown why the defence was not made. This proposition has been so repeatedly affirmed, that it has become a principle and maxim of equity, as well settled as any other. It has been acted upon and recognized in numerous cases in the Virginia courts. The principle is founded in wisdom and sound policy, and springs from the positive necessity of prescribing some period at which litigation must cease. Injustice alone does not entitle a party to relief, but he must show himself free from laches, and that he has done every thing that could reasonably be required of him. If a court of equity should relieve persons from the consequences of their own neglect, it would directly encourage such conduct. Diligence and vigilance would cease to be the rule, and all certainty in judicial proceedings would be destroyed. But they have always granted relief when it is shown that some good reason prevented a defence from being made at law. Holland v. Trotter, 22 Gratt. 136, and note: Bierne v. Mann, 5 Leigh 364; Knapp v. Snyder, 15 W. Va. 434; Mosby v. Haskins, 4 H. & M. 427; Morgan v. Carson, 7 Leigh 238; Degraffenreid v. Donald & Co., 2 H. & M. 10; Maupin v. Whiting, 1 Call 224; Hord v. Dishman, 5 Call 279; Ashby v. Kiger, Gilmer 153; Faulkner v. Harwood, 6 Rand. 125; Hendricks v. Compton, 2 Rob. 192; Mason v. Nelson, 11 Leigh 227; Poindexter v. Waddy, 6 Munf. 418; Ches., etc., R. Co. v. Pack, 6 W. Va. 397; Smith v. McLain, 11 W. Va. 655; Shields v. McClung, 6 W. Va. 79; Allen v. Hamilton, 9 Gratt. 255, and note; Moore v. Lipscombe, 82 Va. 549; Slack v. Wood, 9 Gratt. 40, and note with exhaustive collection of authority. See also, Wallace v. Richmond, 26 Gratt. 67, and note.
Excuses for Failure to Defend at Law, — Relief will always be granted in equity when it is shown that the failure to successfully defend at law was because of the acts or representations of thé-opposite party, or agents, or the result of fraud, accident, surprise or some other adventitious circumstance beyond the control of the complainant. Moore v. Lipscombe, 82 Va. 546; Dey v. Martin, 78 Va. 1; Knapp v. Snyder, 15 W. Va. 434; Mosby v. Haskins, 4 H. & M. 427; Degraffenreid v. Donald, 2 H. & M. 10; Hord v. Dishman, 5 Call 279; Faulkner v. Harwood, 6 Rand. 125; Mason v. Nelson, 11 Leigh 227; Poindexter v. Waddy, 6 Munf. 418; Smith v. McLain, 11 W. Va. 655; Shields v. McClung, 6 W. Va. 79; Rosenberger v. Bowen, 84 Va. 660, 5 S. E. Rep. 697; Slack v. Wood, 9 Gratt. 40; Louisville, etc., R. Co. v. Taylor, 93 Va. 226, 24 S. E. Rep. 1013; Brown v. Street, 6 Rand. 1; Kincaid v. Cuningham, 2 Munf. 1.
But when the grounds given for relief in equity were available as defences at law, then no jurisdiction will be taken in equity. Harnsbarger v. Kinney, 13 Gratt. 511; Harvey v. Fox, 5 Leigh 444; Mackey v. Mackey, 29 Gratt. 158; Allen v. Hamilton, 9 Gratt. *633 255; Hendricks v. Compton, 2 Rob. 192; Haden v. Garden. 7 Leigh 157. And it is immaterial that the act preventing the defence was done in good faith and without fraudulent intent Thomas v. Jones, 98 Va. 323, 36 S. E. Rep. 382.
Same — Erroneous Judgment. — But a court of equity cannot relieve against a judgment at law merely on the ground that it was erroneous, even though the plaintiff at law was not entitled to recover, or not entitled to recover in that form of action, and the judgment was obtained by default. To give jurisdiction in equity in such a case, there must be some suggestionof fraud or surprise, or some good reason assigned as an excuse for the failure to make a defence at law. Turpin v. Thomas, 2 H. & M. 139: Auditor v. Nicholas, 2 Munf. 81; Chapman v. Harrison, 4 Rand. 386; Branch v. Burnley, 1 Call 147; Kincaid v. Cuningham, 2 Munf. 1; Turner v. Davis, 7 Leigh 227,30 Am. Dec. 502; Allen v. Hamilton. 9 Gratt. 255, and note.
Same — Course of Proceedings at Law. — When a defendant at law is precluded by a certain course of proceedings at law from defending the action, which by just set-oifs would have extinguished the debt, he maybe relieved in equity from the judgment, as that court has jurisdiction of the case. Mann v. Drewry, 5 Leigh 296.
Negligence of Party or Agent. — And it is generally held that where a party, through his own or his agent’s or attorney’s negligence, fails to avail himself of a defence which he might have made at law, he will not be relieved in equity. Wallace v. Richmond, 26 Gratt. 67; Haseltine v. Walton, 16 Gratt. 120; Callaway v. Alexander, 8 Leigh 114, 31 Am. Dec. 640; Slack v. Wood, 9 Gratt. 40; Dey v. Martin. 78 Va. 1; Wray v. Davenport, 79 Va. 26; Holland v. Trotter, 22 Gratt. 141; Canada v. Barksdale, 84 Va. 746. 6 S. E. Rep. 10; Shields v. McClung, 6 W. Va. 79; Meem v. Rucker, 10 Gratt. 506; Donally v. Ginatt, 5 Leigh 359; Rich., etc., Co. v. Robinson, 24 Gratt. 548; Gentry v. Allen, 32 Gratt. 257; Ayres v. Morehead, 77 Va. 589; Black v. Smith, 13 W. Va. 800; Braden v. Reitzenberger, 18 W. Va. 290; Crumlish v. Shen. Valley R. Co., 40 W. Va. 627, 22 S. E. Rep. 90; Green v. Massie, 21 Gratt. 356; Stanard v. Rogers, 4 H. & M. 438; Ross v. Reid, 8 Gratt. 229.
Relief in equity against a judgment will not be granted where the complainant is not shown to have exercised proper diligence in making his defence at law, but the judgment is due to his inattention and laches. Collins v. Jones, 6 Leigh 530, 29 Am. Dec. 216; Slack v. Wood, 9 Gratt. 40, and note containing a full collection of cases.
Notwithstanding a judgment against administrators in an action of debt, and a subsequent judgment against them personally, relief in equity was granted them where the peculiar state of the assets made it difficult to plead at law in relation thereto, and because at the trial of the second action their counsel was absent, in consequence thereof they were wholly undefended, and a verdict was obtained against them contrary to justice without any negligence or default on their part. Pendleton v. Stuart, 6 Munf. 377.
Negligence of Officer. — -Where the officer neglects to return the facts, so that they do not appear on the trial at law, a court of equity may grant relief. Mosby v. Leeds, 3 Call 439.
Where judgment is entered against an administrator at rules, and he instructs his attorney to set it aside at the next term and plead payment, and he instructs the clerk to set aside the judgment and enter the plea, but he omits to do so, equity will direct that the pleas be received and the verdict certified to that court, and will th en proceed to final decree. Mayo v. Bentley, 4 Call 528.
NewIy«Discovered Evidence. — Thus, chancery will not relieve against a judgment at law on the ground of newly-discovered evidence, where there is no suggestion of fraud, accident, mistake or any other circumstance preventing the party from having made the defence at law. Norris v. Hume, 2 Leigh 334, 21 Am. Dec. 631.
Paupers, who have brought a suit at law for freedom and failed, may afterwards go in equity and obtain relief, when some were infants held in slavery, and the evidence now exhibited was not then in their power; some of the witnesses having determined to tell the truth since the trial at law. Talbert v. Jenny, 6 Rand. 159.
Judgments for Gaming Debt — A court of equity has jurisdiction to relieve against a judgment founded on a gaming debt, although the party failed to defend himself at law, and gives no good reason for such failure. Skipwith v. Strother, 3 Rand. 214.
Same — Surprise—New Trial. —In an action at law on a promise founded on a gaming consideration, the defendant may come into equity for relief if he was surprised at the trial and the judgment was given against him, although he made no effort to obtain a new trial in the law court. White v. Washington, 5 Gratt. 645.
Estoppel. — The plaintiff went to trial at law in a case where he might have sued in equity, and a verdict by surprise was given against him. He cannot afterwards come into a court of chancery. Tarpley v. Dobyns, 1 Wash. 185.
(3) By Injunction. — See monographic note on ‘'Injunctions” appended to Claytor v. Anthony, 15 Gratt. 518.
Defence Cognizable Only In Equity. — It is well settled that courts of equity will interfere by injunction, either pending an action or after judgment, where there is a distinct defence to the claim asserted by law, which is solely cognizable in equity. And it is equally well settled that where a court of equity has awarded jurisdiction for one purpose, it will ordinarily proceed to a final disposition of the cause. Penn v. Ingles, 82 Va. 65; Walters v. Farmers Bk. of Virginia, 76 Va. 12; Rust v. Ware, 6 Gratt. 50.
Sale under Execution on Fraudulent Judgment.- A court of equity has jurisdiction to enjoin the sale of property under an execution upon a judgment; which the plaintiffs charge was obtained by fraud, and they are without adequate remedy at law. McFarland v. Dilly, 5 W. Va. 135; Walker v. Hunt, 2 W. Va. 492; Morrison v. Wilkinson, 1 Va. Dec. 772, 17 S. E. Rep. 787.
After-Discovered Evidence — Mistake of Jury. — A judgment at law will be enjoined on ground of mistake by the jury, ascertained by after-discovered evidence; and the subject of the action being an account, it will not direct a new trial but will itself give proper relief. Rust v. Ware, 6 Gratt. 50.
Same — Fraud.—The defendant in an action on an indemnifying bond for the benefit of a trustee in a deed of trust, after judgment against him, comes into equity on the ground of after-discovered evidence establishing fraud to some of the debts secured. The ground of equity jurisdiction being made out, the court will not direct a new trial, because it would not probably afford relief, but will retain the cause and allow the plaintiff to impeach the deed, notwithstanding his unsuccessful effort *634 to do so at law. Billups v. Sears, 5 Gratt. 31, 50 Am. Dec. 105.
Pending Action by Surety against Insolvent Principal. — A judgment on a forthcoming bond will he enjoined at the suit of the surety, where he has an action pending against the plaintiff in the judgment for a larger amount, and the plaintiff is insolvent. M’Clellan v. Kinnaird, 6 Gratt. 352.
Defect in Title of Property Sold Judicially — No Injunction. — A purchaser at a judicial sale can only obtain relief for defects in the title, or encumbrances on the property, by resisting the confirmation of the sale; and it is not competent for equity to enjoin a judgment for the purchase money on the ground of defect of title at the time of purchase. Threlkelds v. Campbell, 2 Gratt. 198, 44 Am. Dec. 384.
Proper Proceedings on Application for Injunction.— where an application is made to a court of equity to enjoin a judgment at law and give a new trial, it is error to set aside the judgment, perpetuate the injunction and grant a new trial in the cause which had been terminated; and to finally dispose of the suit in equity. The injunction in such case should have been continued, and the proper issues directed, and upon the coming in of the verdict the injunction should have been perpetuated or dissolved according to the finding of the jury. The judgment was a security for anything the appellant should thereafter appear to be entitled to. Knifong v. Hendricks, 2 Gratt. 212, 44 Am. Dec. 385.
Writ of Right — Division of Land — Estoppel.—Where two adjoining proprietors agree to the line between them, by which a 12-acre tract of land is conveyed by one to the other, and it subsequently comes into the hands of a third party, who makes improvements ; and the purchaser of the other tract recovers this 12-acre tract by writ of right, the first purchaser is entitled to an injunction in equity against the judgment. Stafford v. Carter, 4 Gratt. 63.
16. Property and Rights Therein.
a. Determination of Title, Boundaries and Possession.
Plaintiff Must Have Equity .against Adverse Claimant. — A court of equity has no jurisdiction to settle the title or boundaries of land between adverse claimants, unless the plaintiff has an equity against the adverse claimants; an equity against other persons will not give the jurisdiction. A court of equity has no jurisdiction to try an adverse claim to land where the claimant is in possession under his deed. The question of their validity is proper to be tried in a court of law. Steed v. Baker, 13 Gratt. 380; Stuart v. Coalter, 4 Rand. 74; Lange v. Jones, 5 Leigh 192; Johnston v. Jarrett, 14 W. Va. 235; Sulphur Mines Co. v. Boswell, 94 Va. 485, 27 S. E. Rep. 24; Collins v. Sutton, 94 Va. 127, 26 S. E. Rep. 415; Carrington v. Otis, 4 Gratt. 235; Cresap v. Kemble, 26 W. Va. 603; Hill v. Proctor, 10 W. Va. 59; Becker v. McGraw (W. Va.), 37 S. E. Rep. 532; Burns v. Mearns, 44 W. Va. 744, 30 S. E. Rep. 112; Bright v. Knight, 35 W. Va. 40,13 S. E. Rep. 63.
No Jurisdiction When Plaintiff in Possession with Legal Title. — it is well settled that a plaintiff in possession of land with a clear title, or a prima facie title, is entitled to an injunction against a trespasser, threatening irreparable injury, or often repeated trespass. But if the evidence shows that the right of the plaintiff is in doubt, and the title and boundaries of the land are really in issue, such a controversy cannot be settled in equity. Callaway v. Webster, 98 Va. 700, 37 S. E. Rep. 276; Manchester Cotton Mills v. Town of Manchester, 25 Gratt. 825. Where plaintiff is in possession with legal title, equity will not settle rights as against adverse claimants. Randolph v. Randolph, 2 Leigh 540; Overseers v. Hart. 3 Leigh 1.
Dismissal at Hearing for Want of Jurisdiction.— When it appears at the hearing of a cause that the real object of a bill in chancery is to settle a controverted boundary of lands, it should be dismissed for want of jurisdiction. Callaway v. Webster, 98 Va. 790, 37 S. E. Rep. 276; Jones v. Bradshaw, 16 Gratt. 361; Boston Blower Co. v. Carman Lumber Co., 94 Va. 94, 26 S. E. Rep. 390; Collins v. Sutton, 94 Va. 128, 26 S. E. Rep. 415; Robinson v. Moses, 2 Va. Dec. 686, 34 S. E. Rep. 48.
Apportionment of Water Line — Boundary Lines. — A court of equity has jurisdiction, and is the proper tribunal in which to apportion the water line between adjoining owners, and to determine and establish the boundary lines of coterminous owners. Groner v. Roster, 94 Va. 650, 27 S. E. Rep. 493; Waverly, etc., Co. v. White, 97 Va. 176, 33 S. E. Rep. 534.
Boundaries — Addition of Equity Necessary. — Courts of equity will notinterpose to ascertain boundaries, unless in addition to' the naked confusion of the controverted boundaries, there is some peculiar equity, which has arisen from the conduct, situation, or relation of the parties. Collins v. Sutton, 94 Va. 127, 26 S. E. Rep. 415; Stuart v. Coalter, 4 Rand. 74; Lange v. Jones, 5 Leigh 192.
Between Town and Corporation — Rights in Doubt.— In a controversy between a town and a corporation involving the title and boundaries of land, where the evidence left, the rights of the parties in doubt, they could not be settled in a court of equity. Manchester Cotton Mills v. Town of Manchester, 25 Gratt. 825.
One Title ITay Be Legal, Other Equitable. — It is not necessary to entitle a party to go into equity that the titles of the claimant should be both purely legal. It is ordinarily sufficient, to found the jurisdiction, that one is legal and the other is equitable. Oil, etc., Co. v. Gale, 6 W. Va. 525.
Calling in Outstanding Title. — Where one invokes the aid of a court of equity to call in an outstanding title to property, in such case it will not, upon the plainest and best settled principles of equity, extend the required aid without compelling the applicant to do what is equitable under the circumstances of the particular case — “he who asks equity must do equity.” Kerr v. Kerr, 84 Va. 154, 5 S. E. Rep. 89.
Establishing Title under Lost Deeds and Wills.— There can be no doubt that courts of equity have jurisdiction to set up lost deeds, and wills, and establish titles under them. Building, etc., Co. v. Fray, 96 Va. 559, 32 S. E. Rep. 58. See also, Thomas v. Ribble, 2 Va. Dec. 321, 24 S. E. Rep. 241.
Partition. — Where a division of land is sought, a court of equity has jurisdiction. Castleman v. Veitch, 3 Rand. 598.
Same — At Suit of Tenant by Curtesy. — A court of equity will decree a partition of land, at a suit by the tenant by the curtesy, who has purchased the reversionary interest of one of three heirs, and another interest is held by infants. Otley v. M’Alpine, 2 Gratt. 340.
Same — riutual Rights under Same Instrument — One Holding Adverse — No Jurisdiction. — The construction of the muniments of title, whether the same be deed or will, furnishes no ground of equitable j urisdiction. Where there are mutual rights under the same instrument in the same property, equity often takes jurisdiction to define and partition, but where *635 one holds adversely to the instrument, under which another claims, there is no jurisdiction in equity as a general rule. There is an adequate remedy at law. Snyder v. Grandstaff. 96 Va. 473, 81 S. E. Rep. 647.
Same — Questions of Law Affecting Legal Title — Statutory Provisions. — it was expressly provided "by § 1, ch 120, Code of 1873, which authorized the partition of land, that in the exercise of such jurisdiction the courts of equity may take cognizance of all questions of law affecting the legal title that may arise in any proceeding. Bradley v. Zehmer, 82 Va. 685.
Same — Tenants in Common — Ouster—Limitations.— The fact that one tenant in common has been ousted toy another, in sole possession, claiming the whole under conveyance of another cotenant will not debar a court of equity from jurisdiction in partition, so long as the right of entry is not barred by the statute of limitations. Cecil v. Clark, 44 W. Va. 659, 30 S. E. Rep. 216.
Superior Equity Necessary to Disturb Legal Title.— A legal title to land ought not to be disturbed in favor of a party not having a superior right in equity to the identical land in question. Depew v. Howard, 1 Munf. 293.
Equitable Title Supports Jurisdiction. — Equity has jurisdiction to entertain a bill for the recovery of land, when the plaintiffs do not hold the legal title, but only an equitable one. Ruffners v, Lewis, 7 Leigh 720, 30 Am. Dec. 513.
Validity of Tax Deeds — Adverse Claimant in Possession. — In a controversy over land, where the adverse claimant is in possession under tax deeds, the question of their validity must be tried in a court of law, and equity has no jurisdiction. Steed v. Baker, 13 Gratt. 380.
Cloud on Title — General Jurisdiction. — The jurisdiction of courts of equity to remove clouds from titles where the party complaining has no adequate remedy at law is well settled. Sulphur Mines Co. v. Boswell, 94 Va. 480, 27 S. E. Rep. 34; Va., etc., Co. v. Kelly, 93 Va. 382, 24 S. E. Rep. 1020, and cases there cited.
Same — Owner—flust Be in Possession. — But a court of equity, as a general rule, in the absence of statutory authority, will not entertain a bill for the purpose of removing a cloud upon the title to land, unless the owner bringing the bill is in possession. The jurisdiction in such cases is founded upon the theory that there is no adequate remedy at law. If he is not in possession and has the legal title, he has ordinarily a complete remedy at law by ejectment. Otey v. Stuart, 91 Va 714, 22 S. E. Rep. 513. See Carroll v. Brown, 28 Gratt. 791; Stearns v. Harman, 80 Va. 48; Louisville, etc., R. Co. v. Taylor, 93 Va. 226, 24 S. E. Rep. 1013; Virginia Coal & Iron Co. v. Kelly, 93 Va. 332, 24 S. E. Rep. 1020; Steinman v. Vicars, 99 Va. 595, 39 S. E. Rep. 227; Kane v. Virginia, etc., Co., 97 Va. 339, 33 S. E. Rep. 627.
5ame —By Conveyance of Underlying Minerals — What Possession Sufficient. — The actual possession of the surface of land under which are undeveloped minerals is sufficient possession to enable the owner of the surface to invoke the jurisdiction of a court of equity to remove a cloud created by the conveyance of the underlying minerals. Steinman v. Vicars, 99 Va. 595, 89 S. E. Rep. 227, 7 Va. Law Reg. 259.
Same — Bill to Remove — Necessary Allegations.— Where a bill filed to remove a cloud ou the title of land, alleged that the plaintiff was the “owner” of the land, it was demurrable, because it failed to allege that he had title to the land and was in possession. Baker v. Briggs, 99 Va. 360, 38 S. E. Rep. 277.
Same — Trust Property — Duty of Trustee — Impede ments. — That it is the duty of a trustee to apply to a court of equity -where there is a cloud upon the title of the property conveyed by a deed of trust, or where there is a doubt or uncertainty of the amount to be raised, or as to prior encumbrances of the trust subject, or where there is a conflict between the creditors, or in any case in which the aid of a court of equity is necessary to remove impediments in the way of a fair execution of the trust, are propositions which cannot be denied, and which have been repeatedly affirmed by the Virginia courts. Muller v. Stone, 84 Va. 834, 6 S. E. Rep. 223; Lane v. Tidball. Gilmer 130; Gay v. Hancock, 1 Rand. 72; Miller v. Argyle, 5 Leigh 460; Wilkins v. Gordon, 11 Leigh 547; Miller v. Trevilian, 2 Rob. 1; Bryan v. Stump, 8 Gratt. 241; Rossett v. Fisher, 11 Gratt. 493; White v. Mech., etc., Ass’n, 22 Gratt. 283; Shurtz v. Johnson 28 Gratt. 657.
Deficiency in Amount. — A court of equity has jurisdiction to decree compensation for a deficiencyin the quantity of land sold, although the land has been conveyed by deed with general warranty and all the purchase money has been paid. Kelly v. Riley, 22 W. Va. 247. For the general jurisdiction of equity when there is a dedciency in quantity of land sold, reference is made to Norfolk, etc., Co. v. Roster, 78 Va. 413; Castleman v. Veitch, 3 Rand. 598; Bedford v. Hickman, 5 Call 236, 2 Am. Dec. 590.
Contracts of Hazard — There is no ground for equitable relief from a “contract of hazard,” which is a sale in gross without regard to quantity. Yost v. Mallicote, 77 Va. 610; Sergeant v. Linkous, 83 Va. 664, 3 S. E. Rep. 295.

b. Of Life Tenants and Remaindermen.

Slaves Recovered by Remaindermen after Death of Life Tenant. — If upon the death of the life tenant of slaves, the executor declines or neglects to recover the slaves, and sell them for a division, as the will authorized him to do, the remaindermen may sue in equity to recover and divide them among the parties entitled. Tabb v. Cabell, 17 Gratt. 160.
Same — Discovery.—Where the life tenant of slaves, with limitations over to another party, sold them to different purchasers one of whom was unknown, it was held that after the death of the life tenant, the remaindermen could maintain a suit in equity against the curatrix of the life tenant, and the known purchasers to recover the slaves or their value, and seek a discovery of the unknown purchaser. Cross v. Cross. 4 Gratt. 257.
o. Of Infants. — See monographic note on “Infants” appended to Caperton v. Gregory, 11 Gratt. 505.
General Jurisdiction. — it seems to be the rule in Virginia, that a court of equity has no authority, under its general jurisdiction a.s guardian of infants, to sell their real estate whenever it is for the advantage of the infants to do so. Faulkner v. Davis, 18 Gratt. 651; Hoback v. Miller, 44 W. Va. 638, 29 S. E. Rep. 1015.
Statutory Authority Necessary. — Courts of equity have no inherent power to sell the lands of infants, and can do so only as that power is given them by statutes. Hoback v. Miller, 44 W. Va. 635, 29 S. E. Rep. 1014.
Under Recent Statute. — By the provisions of § 2609 of the Va. Code, a court of equity will order a sale of a ward’s realty, whenever it is made to appear that the proper maintenance and education or *636 other interests of the infant require that the proceeds of the real estate, beyond the annual income thereof, should he applied to these purposes. Harkrader v. Bonham, 88 Va. 247, 16 S. E. Rep. 159.
Under Acts 1853. — By the Session Acts of 1853, ch. 34, p. 39, and the previous acts on the subject, courts of equity had jurisdiction to sell lands in which infants had an interest, whether in possession or remainder, vested or contingent, if the proper parties could be brought before the courts. Faulkner v. Davis, 18 Gratt. 651 ; Christian v. worsham, 78 Va. 105.
Liable for Support and Education.— A guardian placing his ward with a third person to be supported and educated, though he may undertake to pay the ward’s expenses, does not thereby relieve the ward's estate, but the person with whom the ward is placed may proceed in equity to subject the profits of the ward’s estate to the payment of the expenses. Barnum v. Frost, 17 Gratt. 398.
Same — Personal Property. — A court of chancery may authorize a sale of the personal property of infant cestuis que trust, in cases where such sale is absolutely necessary for their support. Markham v. Guerrant, 4 Leigh 279.

d. Prior Establishment of Bights at Law.

Claim Sounding in Damages. — A firm made a deed of trust to secure all its liabilities, many of which were recited, but nothing was said about debts merely sounding in damages. The plaintiff possessing a claim of the latter kind sought to enforce the deed, and to secure damages. It was held that the plaintiffs should have first established their damages at law, and that equity had no jurisdiction until they had done so. Witz v. Mullin, 90 Va. 805, 20 S. E. Rep. 783.
Invasion of Property Title to Which Unquestionable. —where the rights of parties in property have been invaded, if their title thereto is unquestionable, they may go at once in equity to compel the removal of obstructions, without proceeding at law to establish their right. Berkeley v. Smith, 27 Gratt. 892.
Sureties of Personal Representative Cannot Be Sued until Devastavit Fixed on Principal. — The sureties of a personal representative cannot be sued in equity until a devastavit is fixed upon the principal, except in cases where from some inevitable necessity a creditor is obliged to come into equity against the principal in the first place; and then the sureties should be made parties to prevent a circuity of action. Bacheldor v. Elliott, 1 H. & M. 10.
Usurious Bond and Deed of Trust — Part of Consideration Valid. — where a bond and a deed of trust given to secure it are usurious and void, yet if part of the consideration of the bond was a pre-existing valid debt, which so continues, a court of equity will not compel the obligee to establish his claim at law before proceeding to enforce his security. Bank of Washington v. Arthur, 3 Gratt. 173.
Decision by Court of Law. — If a cause has been once fully decided by a court of common law, equity will not grant relief. Terrell v. Dick, 1 Call 546; Turpin v. Thomas, 2 H. & M. 139; Morris v. Ross, 2 H. & M. 408; Syme v. Montague, 4 H. & M. 180; De Lima v. Glassell, 4 H. & M. 369; Kincaid v. Cuningham, 2 Munf. 1; Fenwick v. McMurdo, 2 Munf. 244. See Johnson v. Barham, 99 Va. 305, 38 S. E. Rep. 136, where the question was as to title to an office, attempt to exercise the jurisdiction was restrained by a writ of prohibition.
Appeal — When Chancery Can interfere. — Where a case is fully and fairly tried in a court of law, the decision is so far binding, that it can only be examined by an appellate court and chancery cannot interfere. But chancery may interfere if the court of law refuses to decide points of law or to reserve them, but submits them to the jury and they decide them inequitably. Picket v. Morris, 2 Wash. 255.

e. Bills of Peace and Quia Timet.

Bill of Peace — Rights of Defendants Must Be Connected. — A bill of peace will not lie where the rights and responsibilities of the defendants do not depend upon, nor arise from, nor are in any way connected with each other. Randolph v. Kinney, 3 Rand. 394.
Bill Quia Timet — Plaintiff Must Be in Danger of Loss. —A bill quia timet will not lie unless there is danger that the plaintiff will be subjected to loss by the neglect, inadvertence, or culpability of another. Randolph v. Kinney, 3 Rand. 394.
Same — By Surety against Representative of Debtor.— A surety upon the death of his principal is entitled to come into equity by a quia timet against the debtor’s executor and the creditor to compel the executor to pay the debt, where the debt is due. Stephenson v. Taverners, 9 Gratt. 398.
It was held in Call v. Scott, 4 Call 402, that where a mortgage was given by a debtor to indemnify his surety, a bill quia timet by the surety against a representative of the debtor would lie for a decree that he pay the debt and indemnify the surety.
Same — By Vendee against Vendor to Compel Payment of Liens. — On principles of quia timet chancery will entertain a bill by a vendee of land against his vendor to compel the latter to pay out his own land liens binding the lands of both, where the vendor is insolvent except to his land, and that may prove inadequate security. Weekly v. Hardesty (W. Va.), 35 S. E. Rep. 880.
Same — Conveyance by Adverse Claimant. — A court of equity has jurisdiction on the principle of quia timet to relieve an owner in the possession of land from an adverse claim of another party, who by mistake or fraud conveys the land to another. Jurisdiction lies in this case, because the owner being in possession could not bring ejectment against the adverse claimant not in possession. Stearns v. Harman, 80 Va. 48.
VII. WAIVER OF OBJECTIONS — See supra, “General Jurisdiction,” sec. X, 6, “Waiver of Objection.”
1. Subject-Matter Cognizable in Equity.
Bill Answered and Merits Contested. — If the defendant answers the bill without objection to the jurisdiction, and contests the merits of the case, the court will entertain the bill if it be a proper one for equitable cognizance. But if the subject-matter is not cognizable in equity it will dismiss the bill. Hickman v. Stout, 2 Leigh 6; Cresap v. Kemble, 26 W. Va. 603.
A bill by a sole surviving trustee of a town, for the purpose of asserting the rights of the inhabitants in common to certain lands annexed thereto, was sustained, where the parties went to a hearing upon the merits, without objection to the jurisdiction. Mayo v. Murchie, 3 Munf. 358.
2. Subject-Matter Not Cognizable in Equity.
Rule Stated. — Where a bill does not state a case proper for relief in equity, or if it is brought in the wrong jurisdiction, the court will dismiss it at the hearing, though no objection has been taken by the defendant in his pleadings. Beckley v. Palmer, 11 Gratt. 625; Graveley v. Graveley, 84 Va. 151, 4 S. E. Rep. 218; Trout v. Trout, 86 Va. 299, 9 S. E. Rep..1122; Green v. Massie, 21 Gratt. 362, and note; Jones v. *637 Bradshaw, 16 Gratt. 361, and note Hudson v. Kline, 9 Gratt. 379; Pollard v. Patterson, 3 H. & M. 67; Salamone v. Keiley, 80 Va. 86; Boston, etc., Co. v. Carman, etc., Co.. 94 Va. 94. 26 S. 13. Rep. 390.
Objections Hade at Any Time. — A 13111 will be dismissed which does not state a proper case for equitable relief, although no objection is taken to the jurisdiction in the pleadings. Objection on that ground may be taken at any stage of the proceedings. Buffalo v. Town of Pocahontas, 85 Va. 222, 7 S. E. Rep. 238.
Same — In Appellate Court — Sua Sponte. — If a bill is without equity, although it was not demurred to in the lower court, the objection may be taken for the first time in the appellate court, and may be enforced by the court sua sponte, though not raised by the pleading nor suggested by counsel. Boston Blower Co. v. Carman Lumber Co., 94 Va, 94, 26 S. E. Rep. 390; Collins v. Sutton, 94 Va. 127, 26 S. E. Rep. 415.
Effect of Answer. — Where a want of equity appears on the face of the bill of the complainant, no relief will be granted though the defendant answers instead of demurring. Collins v. Jones, 6 Leigh 530, 29 Am. Dec. 316.
Same — When It Establishes Jurisdiction — Proof.—A bill which does not show on its face a proper case for equitable relief should be dismissed at the hearing, even though the defendant has not appeared or objected to the jurisdiction of the court, unless the case is shown to be within the jurisdiction by the answer and proofs. Graveley v. Graveley, 84 Va. 145, 4 S. E. Rep. 218.
C. CRIMINAL JURISDICTION.
See monographic note on “Courts.”
I. OUSTER.
By Conviction of Misdemeanor on Indictment for Felony. — A court having jurisdiction of an indictment for felony is not ousted thereof by a conviction of a misdemeanor included in the felony, although it has no original jurisdiction of such misdemeanor. Reynolds v. Com., 94 Va. 816, 27 S. E. Rep. 437.
II. DIVESTITURE OP JURISDICTION.
Effect of Repeal of Statute. — Whenever a court is deprived of jurisdiction over any class of cases, by the repeal of a statute which gives the jurisdiction, and there is no provision made for the transfer of such cases to some other court which has or is given jurisdiction, and no reservation is made for the trial of pending cases in such courts, all such cases fall with the repealed statute. Dulin v. Lillard, 91 Va. 718, 20 S. E. Rep. 821.
Corporation Courts Not Affected by Act April 2,1873. —Act of April 2, 1873, regulating the jurisdiction of county and circuit courts, does not divest corporation courts in cities and towns of any part of their jurisdiction. Tremaine v. Com., 25 Gratt. 987.
III. OFFENCES BY ACTS OF CONGRESS.
State Courts without Jurisdiction. — The courts of a state do not have jurisdiction to try offences created by acts of congress. Thus a state court has no jurisdiction to try a defendant charged with feloniously stealing from the mails of the United States, as that is an offence created by an act of congress. Com. v. Feely, 1 Va. Cas. 321.
IV. CONCURRENT JURISDICTION.
With Federal Courts — Counterfeiter.—A state court has jurisdiction to punish an act made an offence by the laws of the state, although the same act was made an offence against the United States by an act of congress. Jett v. Com., 18 Gratt. 933.
Thus, although a counterfeiter be indictable in the courts of the United States for an offence against the laws of the United States, he is also indictable in the courts of Virginia for the offence against the laws of that state. Hendrick v. Com., 5 Leigh 707.
Same — Forger.—And a state court has jurisdiction to punish the offence of attempting to pass a forged note purporting to be a note of one of the national banks of the United States. Jett v. Com., 18 Gratt. 933.
V.JURISDICTION OF PERSON AND OFFENCE.
Alleging Act within Jurisdiction Sufficient. — Where the indictment made by the grand jury of the hustings court of a city charges the assault to have been made at the city, and within the jurisdiction of the said court of the said city, this is sufficient, and it is mot necessary to state the exact place of the assault. Baccigalupo v. Com., 33 Gratt. 807.
Evidence Should Show Offence in Jurisdiction.— Where there is no evidence in the record to show that an offence is committed within the j urisdiclion of the court hearing the case, it is an error if th&t court overrules a motion for a new trial. Hoover v. State, 1 W. Va. 335.
Court of Richmond Has No Jurisdiction of Offence in Essex. — The circuit court of Richmond issues a capias against a person then indicted for felony, which is directed to the sheriff of Essex, and by him served, and in Essex he wilfully permits the prisoner to escape. In such case a criminal prosecution against the sheriff cannot be maintained in the circuit superior court of Richmond, for this official malfeasance committed in Essex. Com. v. Lewis, 4 Leigh 664.
Convicts — Hay Be Tried Where Penitentiary Is L0“ cated. — When a convict kills a guard while hired out in a county other than the one in which the penitentiary is situated, in contemplation of law he is still in the penitentiary, and he may be indicted and tried in the county in which the penitentiary is located. Ruffin v. Com., 21 Gratt. 790.
Larceny — Out of State — Possession in State. — Where one steals property at a place beyond the jurisdiction of this state, and brings the same into this state, he cannot be lawfully convicted of larceny in our courts. Strouther v. Com., 92 Va. 789, 22 S. E. Rep. 852.
Same — In State — Possession In Another County. — if goods be stolen in one county, and carried into another the thief may be indicted in either, the offence being complete in both counties. Com. v. Cousins, 2 Leigh 708
Wagers on Races in Another State. — The state of Virginia has a right to suppress and punish under its police power wagers made here on races to be run in West Virginia. The act takes place here, and over it and the actors this state has complete jurisdiction, it does not matter where the race is run. Lacey v. Palmer, 93 Va. 159, 24 S. E. Rep. 930.
Death in Another State from Stabbing in Virginia.— If a person be stabbed in Virginia, and die of his wounds in another state, the assailant cannot be tried for murder in any county in this commonwealth, but he may be examined, indicted, and tried for the felonious stabbing in the county where the blow was inflicted. Com. v. Linton. 2 Va. Gas. 205.
Selling Liquor without License — Offence Complete When Delivery Is Made. — No indictment will lie against a person for taking orders for liquor in a *638 county in which he has no license, to he delivered to the common carrier in a county in which he has a license. The contract being- executory is only completed when delivery is made for transportation to the buyer. State v. Hughes, 22 W. Va. 743.
So when an order by mail for liquor was filled by delivering the package marked C. O. D., to an express company in a county where the dealer had a license, to be delivered to the consignee in a county where he had no license, it was held to be no violation of the law. State v. Flanagan, 38 W. Va. 53, 17 S. E. Rep. 792.
VI. CONSTITUTIONAL AND STATUTORY PROVISIONS.
Providing Examination for Felony before County Court. — Act of April 3,1873, providing for the examination of persons charged with a felony before the county court, is not in violation of § 12, art. 8 of the Constitution, providing that the circuit courts shall have jurisdiction of all felonies and misdemeanors, as the jurisdisdiction conferred on the circuit courts is not exclusive. State v. Strauder, 8 W. Va. 686.
Giving County Court Jurisdiction of Felonies — Section 27 of art. 8 of the Constitution, which provides that the county courts shall have jurisdiction of all criminal cases beneath the grade of a felony, is not an implied prohibition against the legislature giving the county court jurisdiction in cases of felony; hence, an act giving county courts jurisdiction to examine persons charged with felonies, is not in violation of this provision. State v. Strauder, 8 W. Va. 686.
Creating City and Corporation Court — Offences Prior to Act. — An act incorporating a city, and creating a court therein, will not be presumed to give, by implication, that court jurisdiction of an offence committed before the passage of the act. Ryan v. Com., 80 Va. 385.
VII. TRANSFER OF CAUSES.
By Consent — To Court Having Jurisdiction.— By mutual consent the parties may transfer an action for assault and battery from a county court to a district court, when the latter court has jurisdiction over the subject. Parish v. Gray, 6 Call 18. See Va. Code 1849, p. 657; Va. Code 1887, sec. 3315, as amended by Acts 1893-94, p. 751. See monographic note on “Removal of Causes.”
Same — To Superior Court. — The removal of an indictment from a county to a superior court, by consent of the attorney for the commonwealth and the defendant, gives no jurisdiction to the superior court to try it. Com. v. Brownwell, 2 Va. Cas. 223.
Power of Superior Court — Treason and Felony. — The superior court has no power to change the venue, in any case of treason or felony, on application of defendant. Com. v. Wildy, 2 Va. Cas. 69.
Same — Misdemeanor.—A superior court of law has no power to change the venue in any case • of misdemeanor. Com. v. Rolls, 2 Va. Cas. 68.
Power of District Court — Hisdemeanor.—The district court has power to grant defendant’s application for a change of venue, for good cause shown, in case of misdemeanors. Com. v. Bedinger, 1 Va. Cas. 124.
To Federal Court — Objection to Jury by Colored Han. —A colored citizen of west Virginia on trial for homicide is not entitled to have the case removed to the circuit court of the United States for trial on the ground, that by the law of the state only white men can sit on the jury. State v. Strauder, 11 W. Va. 745, 27 Am. Rep. 606.
Same — On Ground of Race Prejudice. — A citizen of West Virginia on trial for homicide is not entitled, to have the case removed into the circuit court of the United States for trial, on the ground that he is a colored man, and that such prejudices exist in the state against his race that he cannot get justice in the state courts. State v. Strauder, 11 W. Va. 745, 27 Am. Rep. 606.
To Circuit Court at Election of Prisoner — Should Elect on Arraignment. — Under Act of 1866-7, ch. 28, sec. 1, providing that a party on trial for a crime which is punishable with death may upon his arraignment demand to be tried in the circuit court, the accused should elect which court he will be tried in at the time of his arraignment. Whitehead v. Com., 19 Gratt. 640.
Same — Motion to Remand. — The circuit court after acquiring jurisdiction to try a defendant by his election to be tried by it, cannot remand the case to the county court even on the prisoner’s motion. Nicholas v. Com., 91 Va. 741, 21 S. E. Rep. 364.
Same — Advice from Court or Clerk. — Section 4016 of the Code providing that a person may upon arraignment for a capital felony in a county court, demand trial in the circuit court, does not require that he be advised of his right by the court or clerk, if he has counsel. Drier v. Com., 89 Va. 529, 16 S. E. Rep. 672.
Same — Duty of Clerk of County Court — Record.—Section 4016 of the Code which provides that where one indicted in the county court for a felony elects to be triéd in the circuit court, the clerk of the former court shall transmit to the clerk of the latter court a transcript of the record in relation to the prosecution and copies of the indictment and recognizance and other papers connected with the case, does not require the record to show affirmatively that a venire facias was issued in summoning the grand jury. Watson v. Com., 87 Va. 608, 13 S. E. Rep. 22.
No Transfer from Corporation to Circuit Court. — It was held in Boswell v. Com., 20 Gratt. 860, that a prisoner indicted in a corporation court for murder was not entitled to elect to be tried in the circuit court. In this respect Acts 1866-67, p. 931, have been altered by Acts 1869-70, p. 35. See foot-note to this case.
Arrest after Transfer. — Where, after the commission of a felony, the jurisdiction of the offence is transferred from one court to another, and the prisoner is afterwards arrested, he should be sent to the latter court to be tried. In re Ewing, 5 Gratt. 701.
VIII. TERRITORIAL JURISDICTION.
Over Offences in Ohio River. — The jurisdiction of West Virginia is coextensive with the water of the Ohio river while confined within its banks, and in the proper county the state has jurisdiction of offences committed on a boat, which is afloat on the river, whether fastened to the bank or not. State v. Plants, 25 W. Va. 119.
In a prosecution for aiding in the escape of slaves from the state of Virginia, it appeared that defendants, citizens of the state of Ohio, after the canoe in which the slaves crossed the Ohio river to the Ohio shore was run upon the shore, stepped into the water above low-water mark, and aided the slaves in the removal of their effects from the canoe. It was held that the offence was not committed'in the jurisdiction of Virginia. Com. v. Garner, 3 Gratt. 655.
Over Potomac River — Offence by Citizen of Haryland. —Under the compact between Virginia and Maryland (see pp. 110 and 111 of the Va. Code of 1873), pro *639 viding- that all laws necessary for the preservation of fish in the Potomac river shall he made with mntnal consent of hoth states, a citizen of Maryland is liable to prosecution and conviction for the violation of §§ 18, 20, ch. 100, Code 1873 of Va., which were enacted with the consent of Maryland, relative to fishing in the Potomac river. Hendricks v. Com., 75 Va. 934.
Offences in Bays, Rivers, High Seas, etc. — Judges of Admiralty. — By a statute passed in 1699, treasons, felonies, or piracies, committed not only on the high seas, hut in any hay, river, etc., where the admiral had jurisdiction, were to he tried hy judges of admiralty, under commissions of oyer and terminer. Com. v. Gaines, 2 Va. Cas. 172.
Of Hustings Court of Richmond. — The criminal jurisdiction of the hustings court of Richmond extends one mile heyond the city limits on the north side of the James river. Jordan v. Com., 25 Gratt. 943.
IX. OBJECTION TO JURISDICTION.
On Motion of Prisoner — Felony Cases. — In prosecutions for felonies and other serious offences, the court will not on motion of the prisoner quash the indictment, unless where the court has no jurisdiction, where no indictahle offence is charged, or where there is some other material and substantial defect. Bell v. Com., 8 Gratt. 600.
Same — Being Question of Law Should Be Decided by Court. — Although a plea to the jurisdiction of the court tendered hy a prisoner was informal and properly rejected, yet, the objection being a mere question of law, however made, whether hy suggestion or motion ore terms, should he considered and decided hy the court. Philips v. Com., 19 Gratt. 485, and foot-note.
Change of Venue — Plea That Offence Was Committed In Former County. — When the venue is changed from one county to another, a plea that the murder was committed in the former county, and that, therefore, the court of the latter has no jurisdiction, is had on demurrer. Vance v. Com., 2 Va. Cas. 162.
X. WAIVER OP OBJECTION.
Not Waived by Pleading. — The objection that the county court, at which the indictment was found, did not consist of at least four justices, as required hy Const, art. 6, sec. 5, goes to the jurisdiction of the court, and hence is not waived hy pleading to the indictment and going to trial thereon. Jackson v. Com.. 13 Gratt. 795.
No Objection to Want of Arraignment and Plea after Removal. — it is no ground for an arrest of judgment that the defendant, after pleading not guilty in the county court elected to he tried in the circuit court under Acts 1877-78, ch. 17, sec. 1, and was not again arraigned and did not plead again, although that section provides that he shall he there arraigned and tried at the next term; the defendant not objecting to he tried without further plea. Sutton v. Com., 85 Va. 128, 7 S. E. Rep. 323.